1  Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
   Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
2  Mount & Stoelker, P.C.
   RiverPark Tower, Suite 1650
3  333 West San Carlos Street
   San Jose CA  95110-2740
4  Phone: (408) 279-7000
   Fax:    (408) 998-1473
5  Email: kspelman@mount.com
6         dfingerman@mount.com

7  Attorneys for San Francisco Technology Inc.

8

United States District Court
9                                              Northern District of California

10  San Francisco Technology Inc.              )   Case No. C09  06083
                                               )
11              Plaintiff                       )   **Complaint**
                                               )
12  vs.                                         )
                                               )   **Demand For Jury Trial**     RS
13                                              )
    Adobe Systems Incorporated, The Brita      )
14  Products Company, Delta Faucet             )
    Company, Evans Manufacturing Inc., The     )
15  Evercare Company, Graphic Packaging        )
    International Inc., Magnum Research Inc.,   )
16  Pavestone Company LP, The Proctor &        )
    Gamble Company, S.C. Johnson & Son         )
17  Inc., Spectrum Brands Inc., Super Swim     )
    Corp., Unilock Inc., West Coast Chain      )
18  Mfg. Co.                                    )
                                               )
19                                              )
                                               )
20              Defendants                      )

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

FILED

2009 DEC 30  P 4:54

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

ADR

1    Plaintiff San Francisco Technology Inc. ("SF Tech") files this Complaint against defendants

2    Adobe Systems Incorporated ("Adobe"), The Brita Products Company ("Brita"), Delta Faucet

3    Company ("Delta"), Evans Manufacturing Inc. ("Evans"), The Evercare Company ("Evercare"),

4    Graphic Packaging International Inc. ("Graphic Packaging"), Magnum Research Inc. ("Magnum"),

5    Pavestone Company LP ("Pavestone"), The Procter & Gamble Company ("Procter & Gamble"), S.C.

6    Johnson & Son Inc. ("SC Johnson"), Spectrum Brands Inc. ("Spectrum"), Super Swim Corp. ("Super

7    Swim"), Unilock Inc. ("Unilock"), and West Coast Chain Mfg. Co. ("West Coast Chain") and alleges

8    as follows:

9                                **Nature of Action**

10    1.    This is a *qui tam* action to impose civil fines for false marking.  As alleged further

11    below, each defendant has falsely marked articles in violation of 35 U.S.C. § 292 and must be civilly

12    fined for each offense: "Whoever marks upon, or affixes to, or uses in advertising in connection with

13    any unpatented article, the word 'patent' or any word or number importing that the same is patented,

14    for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense."

15    Each defendant has falsely marked products with patents to induce the public to believe that each

16    such product is protected by each patent listed and with knowledge that nothing is protected by an

17    expired patent.  Accordingly, each defendant falsely marked articles with intent to deceive the public.

18                                    **Parties**

19    2.    Plaintiff San Francisco Technology is a Delaware corporation with its principal place

20    of business in San Jose, California.

21    3.    Adobe: Upon information and belief, defendant Adobe is a Delaware business entity

22    with its principal place of business at 345 Park Avenue, San Jose CA 95110-2704.

23    4.    Brita: Upon information and belief, Brita is a Delaware business entity with its

24    principal place of business at 1221 Broadway, Oakland CA  94612.

25    5.    Delta: Upon information and belief, defendant Delta is a Delaware business entity

26    with its principal place of business at 55 East 111th Street, Indianapolis IN  46280-1071.

27    6.    Evans: Upon information and belief, Evans is a California business entity with its

28    principal place of business at 7422 Chapman Ave, Garden Grove CA 92841-2106.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

7. <u>Evercare</u>: Upon information and belief, Evercare is a business entity with its principal place of business at 3440 Preston Ridge Rd, Suite 650, Alpharetta GA 30005.

8. <u>Graphic Packaging</u>: Upon information and belief, defendant Graphic Packaging is a Delaware business entity with its principal place of business at 814 Livingston Court, Marietta GA 30067.

9. <u>Magnum</u>: Upon information and belief, defendant Magnum is a Minnesota business entity with its principal place of business at 7110 University Avenue N.E., Minneapolis MN 55432.

10. <u>Pavestone</u>: Upon information and belief, defendant Pavestone is an Arizona business entity with its principal place of business at 4835 LBJ Suite 700, Dallas TX 75244.

11. <u>Procter & Gamble</u>: Upon information and belief, defendant Procter & Gamble is a business entity with its principal place of business at 1 Procter & Gamble Plaza, Cincinnati OH 45202.

12. <u>SC Johnson</u>: Upon information and belief, defendant SC Johnson is a Wisconsin business entity with its principal place of business at 1525 Howe Street, Racine WI 53403-2236.

13. <u>Spectrum</u>: Upon information and belief, defendant Spectrum is a Wisconsin business entity with its principal place of business at Six Concourse Pkwy Suite 3300, Atlanta GA 30328.

14. <u>Super Swim</u>: Upon information and belief, defendant Super Swim is a Florida business entity with its principal place of business at 10711 Deer Run Farm Rd Fort Myers FL 33966.

15. <u>Unilock</u>: Upon information and belief, defendant Unilock is a Delaware business entity with its principal place of business at 287 Armstrong Ave., Georgetown, Ontario, L7G 4X6, Canada.

16. <u>West Coast Chain</u>: Upon information and belief, defendant West Coast Chain is a California business entity with its principal place of business at 4245 Pacific Privado, Ontario California 91761.

## <u>Jurisdiction & Venue</u>

17. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1355(a).

18. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

19.    This court has personal jurisdiction over each defendant, as alleged further below.

20.    <u>Adobe</u>: Upon information and belief, Adobe's principal place of business is in San Jose, California, where it maintains a substantial, systematic, and continuous business presence.

21.    <u>Brita</u>: Upon information and belief, Brita's principal place of business is in Oakland, California, where it maintains a substantial, systematic and continuous business presence.

22.    <u>Delta</u>: Upon information and belief, Delta has sold its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District.  Upon information and belief, such sales in California and in this District of Delta's products are substantial, continuous, and systematic.  Delta advertises its falsely marked products in this District; for example, Delta advertises on its web site[1] that it is the "the exclusive plumbing sponsor of the 2009 HGTV Dream Home" in Sonoma, California, which is in this District.

23.    <u>Evans</u>: Upon information and belief, Evans' principal place of business is in California.  Evans advertises its falsely marked products in this District, including on its web site at www.evans-mfg.com.  Upon information and belief, Evans has sold its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District.  For example, upon information and belief, Evans sold falsely marked products to the San Francisco radio station KNBR, branded with KNBR's name and logo, which were distributed by KNBR at a San Francisco Giants baseball game at AT&T Park in San Francisco on July 3, 2009.

24.    <u>Evercare</u>: Upon information and belief, Evercare has sold its products, including its falsely marked products, in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District.  Upon information and belief, such sales by Evercare are substantial, continuous, and systematic.  On its web site,[2] Evercare advertises that its products are available for purchase at numerous retail store chains with many locations in California and in this District, such as A&P Supermarket, Albertson's, Bed Bath &

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[1] http://www.deltafaucet.com/company/pressroom/mediareleases/2009/05/Delta+Teams+Up+With+2009+HGTV+ Dream+Home.html
[2] http://www.evercare.com/store.html

Complaint

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1    Beyond, CVS Pharmacy, The Container Store, K-Mart, PetCo, PetsMart, Pottery Barn, Restoration

2    Hardware, Rite Aid, Safeway, Target, Wal-Mart, and Walgreen's.

3        25.   Graphic Packaging: Upon information and belief, Graphic Packaging has sold its

4    falsely marked products in California and in this District and/or in the stream of commerce with

5    knowledge that they would be sold in California and in this District.  Upon information and belief,

6    Graphic Packaging has designated an agent for service of process in California: The Prentice-Hall

7    Corporation System Inc., 2730 Gateway Oaks Dr Ste 100, Sacramento CA  95833.

8        26.   Magnum: Upon information and belief, Magnum has sold its falsely marked products

9    in California and in this District and/or in the stream of commerce with knowledge that they would be

10   sold in California and in this District.  Magnum advertises its falsely marked products in this District.

11   For example, on its web site at www.magnumresearch.com, Magnum offers[3] to mail catalogs to

12   Internet users and collects information from each Internet user to determine where to mail the

13   catalog.  In this manner, Mangum offers to mail its catalogs to Internet users in California and in this

14   District and does, in fact mail catalogs to Internet users in California and in this District.  Also for

15   example, on its web site at www.magnumresearch.com, Magnum promotes[4] another web site, called

16   Magnum Films, www.magnumfilms.com, which promotes[5] "Magnum In Hollywood" and extols

17   Magnum's involvement in the Hollywood film industry, which is based in California.

18       27.   Pavestone: Upon information and belief, Pavestone has substantial, systematic, and

19   continuous business operations in Sacramento, California and in Winters, California.  Upon

20   information and belief, Pavestone has sold its falsely marked products in California and in this

21   District and/or in the stream of commerce with knowledge that they would be sold in California and

22   in this District.  Upon information and belief, such sales in California and in this District of

23   Pavestone's products are substantial, continuous, and systematic.  Pavestone's web site at

24   www.pavestone.com identifies many retailers and dealers in California and in this District that sell

25   Pavestone products.  Pavestone specifically targets advertising at California; for example, an

26

27

28
---

[3] http://magnumresearch.com/catalogs.asp?Category=Catalogs
[4] http://www.magnumresearch.com/news_detail.asp?story=pr2.asp
[5] http://www.magnumfilms.com/magsInHolly.html

1   "interactive catalog" on Pavestone's web site is identified as "The Home Depot - California".[6]

2       28.   <u>Procter & Gamble</u>: Upon information and belief, Procter & Gamble has sold its falsely

3   marked products in California and in this District and/or in the stream of commerce with knowledge

4   that they would be sold in California and in this District.  Upon information and belief, such sales in

5   California and in this District of Procter & Gamble's products are substantial, continuous, and

6   systematic.  Upon information and belief, Procter & Gamble has designated an agent for service of

7   process in California: CT Corporation System, 818 West Seventh St, Los Angeles CA 90017.

8       29.   <u>SC Johnson</u>: Upon information and belief, SC Johnson has sold its falsely marked

9   products in California and in this District and/or in the stream of commerce with knowledge that they

10  would be sold in California and in this District.  Upon information and belief, such sales in California

11  and in this District of SC Johnson's products are substantial, continuous, and systematic.

12      30.   <u>Spectrum</u>: Upon information and belief, Spectrum has designated an agent for service

13  of process in California: CT Corporation System, 818 West Seventh St, Los Angeles CA  90017.

14  Upon information and belief, Spectrum has sold its falsely marked products in California and in this

15  District and/or in the stream of commerce with knowledge that they would be sold in California and

16  in this District.  Upon information and belief, Spectrum does business in this District under the names

17  Marineland and United Pet Group.  The falsely marked products are distributed with labeling that

18  directs purchasers to the Marineland web site at www.marineland.com, which identifies many

19  authorized dealers of Spectrum/Marineland products in this District.  Therefore, upon information

20  and belief, Spectrum's sales in this District are substantial, continuous, and systematic.

21      31.   <u>Super Swim</u>: Upon information and belief, Super Swim has sold its falsely marked

22  products in California and in this District and/or in the stream of commerce with knowledge that they

23  would be sold in California and in this District.  Super Swim advertises its falsely marked products in

24  this District, including on its web sites.  Super Swim has specifically targeted California in its

25  advertising by posting testimonials on its web sites from customers in California and this District,

26  such as the San Francisco Hilton and California State University, Bakersfield.

27      32.   <u>Unilock</u>: Unilock advertises its products in a manner that is targeted at the region that

28

---

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

[6] http://www.pavestone.com/content/view/150/ and http://www.pavestone.com/catalogs/HDCali/

Complaint                                                                Page 5

1   includes California and this District.  For example, when an Internet user accesses Unilock's web site

2   at www.unilock.com, Unilock prompts the user to designate his location.  When the user selects a

3   region, as prompted to do by Unilock, Unilock appends a code to the end of URIs visited by that user,

4   and different codes are assigned for different regions.  For example, the code "rgn=0000000008" is

5   assigned to Internet users in the region that includes California and this District.  Upon information

6   and belief, Unilock uses this mechanism to track Internet users who visit its web site from this region,

7   which targets Unilock's advertising at such users.

8          33.   <u>West Coast Chain</u>: Upon information and belief, West Coast Chain is a California

9   corporation with its principal place of business in California.  Upon information and belief, West

10  Coast Chain has sold its falsely marked products in California and in this District and/or in the stream

11  of commerce with knowledge that they would be sold in California and in this District.

<strong><u>Intradistrict Assignment</u></strong>

12

13         34.   Assignment to the San Jose Division is appropriate because a substantial portion of the

14  events underlying this case occurred in Santa Clara County.  Plaintiff SF Tech and (upon information

15  and belief) defendant Adobe both have their principal places of business in San Jose, in Santa Clara

16  County.  Although the claims in this Complaint arise under 35 U.S.C. § 292, which is codified with

17  the patent statutes, no claim is asserted concerning infringement or validity of any patent.  Therefore,

18  this case appears to be inappropriate for District-wide assignment under Civil Local Rule 3-2(c).

<strong><u>Count 1: Adobe's False Marking</u></strong>

19

20         35.   SF Tech incorporates by reference all above allegations.

21         36.   Upon information and belief, Adobe makes and sells software application products

22  and font products.  Adobe advertises and distributes its products through its web site, at

23  www.adobe.com.

24         37.   Adobe's software application products include multiple versions of Adobe Reader.

25  Adobe falsely marks the Adobe Reader products and, upon information and belief, other Adobe

26  products.  Adobe Reader contains a screen titled "About Adobe Reader" which describes the

27  application.  This screen contains a button labeled "Patents and Legal Notices":

28

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000



38.     When a user clicks on the "Patent and Legal Notices" button the "About Adobe

Reader" screen displays a dialog box titled "Patents and Legal Notices":



39.     This marking in the "About Adobe Reader" screen falsely represents that the Adobe

Reader product is "Protected by" 76 U.S. patents, including U.S. Patents Nos. 4,837,613; 5,050,103;

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1   D337,604; and D338,907. Upon information and belief, these four patents expired no later than

2   9/2/2008; 5/13/2009; 7/21/2007; and 9/1/2007, respectively.

3       40.     Upon information and belief, each time Adobe changes the "About" screen markings,

4   those changes reflect new decisions made by Adobe about how to mark its product, including the

5   false markings. Upon information and belief, Adobe has made many decisions to falsely mark its

6   products after the expirations of U.S. Patents Nos. 4,837,613; 5,050,103; D337,604; and D338,907.

7       41.     Each new version of a software product is separately released and separately marked.

8   Upon information and belief, Adobe changes the "About" screen markings each time it releases

9   upgrades of the Reader application. The "About" screen marking in version 9.2.0 of Adobe Reader is

10  displayed above. Earlier versions of Adobe Reader, such as version 9.1.2, were marked with their

11  version numbers. Upon information and belief, each such decision was made on or about the release

12  date of each new version of Acrobat Reader. Adobe changed the "About" screen marking to indicate

13  that it had released a new product (version 9.2.0) on a date between October 2 and October 13, 2009,

14  long after the expirations of U.S. Patents Nos. 4,837,613; 5,050,103; D337,604; and D338,907.

15      42.     The "About" screen's "Patents and Legal Notices" dialog box lists several patents that

16  issued after 7/21/2007 (after U.S. Patent No. D337,604 expired) — such as U.S. Patents Nos.

17  7,353,287; 7,343,551; 7,333,110; 7,310,769; 7,305,617; 7,278,168; 7,272,628; 7,262,782; and

18  7,246,748. These more recent patents issued on 4/1/2008; 3/11/2008; 2/19/2008; 12/18/2007;

19  12/4/2007; 10/2/2007; 9/18/2007; 8/28/2007; and 7/24/2007, respectively. These more recent patents

20  did not exist before U.S. Patent No. D337,604 expired and therefore must have been added to the

21  markings after U.S. Patent No. D337,604 expired. Upon information and belief, Adobe decided to

22  change its patent marking in its Adobe Reader products multiple times on or after the dates that new

23  patents issued. Thus, Adobe decided to change its markings many times after the expirations of U.S.

24  Patents Nos. D337,604 and D338,907; and, each time, Adobe decided to falsely mark its products.

25      43.     Adobe also makes and sells font products, which it advertises on its web site, at

26  www.adobe.com/type.

27      44.     Adobe's font products include several fonts named Lucida. Adobe advertises the

28

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Lucida fonts on its web site.[7]  The Lucida advertisement has the following patent marking:

> Patent Notices
> D289,421, D289422, D289,773
> - LucidaStd
> - LucidaStd-Bold
> - LucidaStd-BoldItalic
> - LucidaStd-Italic

Upon information and belief, U.S. Patents Nos. D289,421; D289,422; and D289,773 expired no later than 4/22/2001; 4/22/2001; and 5/13/2001; respectively.  The Lucida advertisement is published on Adobe's web site in 2009.  The Lucida advertisement contains version change notices, indicating when Adobe created new Lucida font products: "version 1.040 created 2002/10/12" and "version 2.020 created 2007/06/13".  The notice for version 2.020 states that, on June 13, 2007, Adobe: "Added patent notice to copyright statements in font data" and "Updated legal notices (trademark, copyright, and patent) for accuracy.  Amended, changed and deleted as necessary."  The notice for version 1.040 states that, on October 12, 2002, Adobe released a new Lucida product for a new platform.  Adobe marked the bottom of the advertisement: "© 2007 Adobe Systems Incorporate."  The source code for this advertisement is marked: "April 2 2009".  Thus, upon information and belief, Adobe made decisions on at least each of the above dates, including in 2002, 2007, and 2009, about the patent marking for its Lucida font products.

45.    Adobe's font products include fonts named Lucida Math.  Adobe advertises the Lucida Math fonts on its web site.[8]  The Lucida Math advertisement has the following patent marking:

> Patent Notices
> D289,773
> - LucidaMathStd-Extension
> - LucidaMathStd-Italic
> - LucidaMathStd-Symbol

Upon information and belief, U.S. Patent No. D289,773 expired no later than 5/13/2001.  The Lucida Math advertisement is published on Adobe's web site in 2009.  The source code for this advertisement states that it was updated: "April 2 2009".  The Lucida Math advertisement contains version change notices, indicating when Adobe created new Lucida Math font products: "version

---

[7] http://www.adobe.com/type/browser/html/readmes/LucidaStdReadMe.html
[8] http://www.adobe.com/type/browser/html/readmes/LucidaMathStdReadMe.html

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

2.035 created 2007/08/17" and "version 1.045 created 2003/06/02". The version change notice for version 2.035 states that, on August 17, 2007, Adobe: "Added patent notice to copyright statements in font data" and "Updated legal notices (trademark, copyright, and patent) for accuracy. Amended, changed and deleted as necessary." Upon information and belief, Adobe made decisions on at least the above dates about the patent marking for its Lucida Math font products.

46.     Adobe's font products include fonts named Garamond. Adobe advertises the Garamond fonts on its web site.[9] The Garamond advertisement has the following patent marking:

> Patent Notices
> D327,902, D327,903
> • AGaramondPro-BoldItalic
> • AGaramondPro-Italic
> • AGaramondPro-SemiboldItalic
> D318,290
> • AGaramondPro-Bold
> • AGaramondPro-Regular
> • AGaramondPro-Semibold

Upon information and belief, U.S. Patents Nos. D327,902; D327,903; and D318,290 expired on 7/15/2006; 7/15/2006; and 7/17/2005, respectively. The Garamond advertisement is published on Adobe's web site in 2009. The source code for this advertisement states that it was updated: "April 2 2009". The Garamond advertisement contains version change notices, indicating when Adobe created new Garamond font products: "version 2.040 created 2007/08/16". The version change notice for version 2.040 states that, on August 16, 2007, Adobe "Updated legal notices (trademark, copyright, and patent) for accuracy. Amended, changed and deleted as necessary." Upon information and belief, Adobe made decisions on at least the above dates about the patent marking for its Garamond font products.

47.     Adobe's font products include fonts named Minion Pro. Adobe advertises the Minion Pro fonts on its web site.[10] The Minion Pro advertisement contains the following patent marking:

> Patent Notices
> D337,604, D338,907, D508,943
> • MinionPro-BoldCnIt
> • MinionPro-BoldCnItCapt
> • MinionPro-BoldCnItDisp

---

[9] http://www.adobe.com/type/browser/html/readmes/AdobeGaramondProReadMe.html
[10] http://www.adobe.com/type/browser/html/readmes/MinionProReadMe.html

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA, 95110-2740
TELEPHONE (408) 279-7000

- MinionPro-BoldCnItSubh
- MinionPro-BoldIt
- MinionPro-BoldItCapt
- MinionPro-BoldItDisp
- MinionPro-BoldItSubh
- MinionPro-CnIt
- MinionPro-CnItCapt
- MinionPro-CnItDisp
- MinionPro-CnItSubh
- MinionPro-It
- MinionPro-ItCapt
- MinionPro-ItDisp
- MinionPro-ItSubh
- MinionPro-MediumCnIt
- MinionPro-MediumCnItCapt
- MinionPro-MediumCnItDisp
- MinionPro-MediumCnItSubh
- MinionPro-MediumIt
- MinionPro-MediumItCapt
- MinionPro-MediumItDisp
- MinionPro-MediumItSubh
- MinionPro-SemiboldCnIt
- MinionPro-SemiboldCnItCapt
- MinionPro-SemiboldCnItDisp
- MinionPro-SemiboldCnItSubh
- MinionPro-SemiboldIt
- MinionPro-SemiboldItCapt
- MinionPro-SemiboldItDisp
- MinionPro-SemiboldItSubh

Upon information and belief, U.S. Patents Nos. D337,604 and D338,907 expired no later than 7/21/2007 and 9/1/2007, respectively. The Minion Pro advertisement is published on Adobe's web site in 2009. The source code for this advertisement states that it was updated: "April 2 2009". The Minion Pro advertisement contains version change notices, indicating when Adobe created new Minion Pro font products: "version 2.031 created 2008/12/04" and "version 2.030 created 2007/08/16". The change notice for version 2.030 states that, on August 16, 2007, Adobe: "Updated legal notices (trademark, copyright, and patent) for accuracy. Amended, changed and deleted as necessary." Upon information and belief, Adobe made decisions on at least the above dates about the patent marking for its Minion Pro font products.

48.     Adobe's font products include fonts named Utopia. Adobe advertises the Utopia fonts

on its web site.[11]  That advertisement has the following patent marking:

> Patent Notices
> D324,063
> - UtopiaStd-BoldCaptIt
> - UtopiaStd-BoldDispIt
> - UtopiaStd-BoldIt
> - UtopiaStd-BoldSubhIt
> - UtopiaStd-CaptIt
> - UtopiaStd-DispIt
> - UtopiaStd-Italic
> - UtopiaStd-SemiboldCaptIt
> - UtopiaStd-SemiboldDispIt
> - UtopiaStd-SemiboldIt
> - UtopiaStd-SemiboldSubhIt
> - UtopiaStd-SubhIt
> D317,323
> - UtopiaStd-BlackHeadline
> - UtopiaStd-Bold
> - UtopiaStd-BoldCapt
> - UtopiaStd-BoldDisp
> - UtopiaStd-BoldSubh
> - UtopiaStd-Capt
> - UtopiaStd-Disp
> - UtopiaStd-Regular
> - UtopiaStd-Semibold
> - UtopiaStd-SemiboldCapt
> - UtopiaStd-SemiboldDisp
> - UtopiaStd-SemiboldSubh
> - UtopiaStd-Subh

Upon information and belief, U.S. Patents Nos. D324,063 and D317,323 expired no later than 2/19/2006 and 6/5/2005, respectively.  Adobe's advertisement is published on its web site in 2009. The advertisement contains change notices, indicating the dates when Adobe created new Minion Pro font products: "version 2.050 created 2007/08/16".  The notice for version 2.050 includes a statement that, on August 16, 2007, Adobe: "Updated legal notices (trademark, copyright, and patent) for accuracy.  Amended, changed and deleted as necessary."  The advertisement is marked "© 2007 Adobe Systems Incorporate."  The source code for this advertisement states that it was updated: "April 2 2009".  Upon information and belief, Adobe made decisions on at least the above dates about the patent marking for its Utopia font products.

    49.    Upon information and belief, Adobe marks its products with patents to induce the

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

---

[11] http://www.adobe.com/type/browser/html/readmes/UtopiaStdReadMe.html

public to believe that each such product is "Protected by" each patent listed and with knowledge that nothing is "Protected by" an expired patent. Accordingly, Adobe falsely marked its products with intent to deceive the public.

### Count 2: Brita's False Marking

50. SF Tech incorporates by reference all above allegations.

51. Upon information and belief, Brita makes and sells water filtration products, including pitcher filters and replacement filters for those pitcher products. Brita's packages for such products are marked "Patent No. 4,969,996". Upon information and belief, U.S. Patent No. 4,969,996 expired no later than 3/1/2009.

52. Brita's replacement pitcher filter products are being sold retail in late 2009, long after the expiration of U.S. Patent No. 4,969,996. Thus, upon information and belief, Brita made decisions after the expiration of U.S. Patent No. 4,969,996 to falsely mark its products in this manner.

53. Brita advertises its water filter products on its web site, at www.brita.com. That web site urges[12] Internet users to visit another Brita web site, www.ShopBrita.com, to purchase Brita products online. In late 2009, the ShopBrita.com web site displays[13] the same product package that is displayed on retail store shelves in late 2009, and the specific web page where this package is displayed is marked "Copyright © 2009". This indicates that Brita made decisions to mark its product in this manner in 2009, after the expiration of U.S. Patent No. 4,969,996.

54. Upon information and belief, Brita marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Brita falsely marked its products with intent to deceive the public.

### Count 3: Delta's False Marking

55. SF Tech incorporates by reference all above allegations.

56. Upon information and belief, Delta makes and sells faucet products. Delta advertises its faucet products on its web site, www.deltafaucets.com.

57. Delta's advertising on its web site includes documents with patent markings. For

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[12] http://www.brita.com/us/products/where-to-buy-brita/
[13] http://www.shopbrita.com/product_detail.asp?T1=BRI+35503  and http://www.shopbrita.com/imagesEdp/p33419z.jpg

example, several of Delta's advertisements on its web site are marked as follows:

    a.    Delta's advertisement for its Two Handle Widespread Lavatory Faucet products (e.g., models 3530, 3513, 3544) is marked "US. Pat. 3,645,493, 3,786,995, 4,523,604, 4,562,960, 4,593,430, 4,218,785, 4,577,653, 4,765,365". This advertisement has a revision date of "9/16/08", after the expiration of the most recently-expired marked patent.

    b.    Delta's advertisement for its Two Handle Lavatory Centerset Faucet products (e.g., models 2500, 2502, 2520, 2521, 2522, 2530, D2501, D2511) is marked "US. Pat. 3,645,493, 3,786,995, 4,523,604, 4,562,960, 4,593,430, 4,218,785, 4,577,653, 4,765,365". This advertisement has a revision date of "5/8/08", after the expiration of the most recently-expired marked patent.

    c.    Delta's advertisement for its Talbott High-Rise Pull-Down Kitchen Faucet products (e.g., model 16968) is marked "US. Pat.  4,043,359, 3,786,995, 4,562,960, 4,593,430, 4,218,785, 4,696,322, 4,765,365".  On May 19, 2009, this advertisement had a revision date of "3/5/07", after the expiration of all but one of the marked patents. Sometime between May 19 and October 16, 2009, a new advertisement was substituted in its place and, on October 16, 2009, the new advertisement had a revision date of "5/23/08", after the expiration of the most recently-expired marked patent.

    d.    Delta's advertisement for its Single Lever Wall Mount Kitchen Faucet products (e.g., models 200, 275) is marked "US. Pat.4,043,359, 3,786,995, 4,562,960, 4,593,430, 4,089,347, 4,218,785, 4,696,322, 4,765,365".  This advertisement has a revision date of "2/14/06", after the expiration of all but one of the marked patents.

58.    The above markings include the following patents which, upon information and belief, expired no later than the following dates:

    a.    U.S. Patent No. 3,645,493 — 3/1/1989

    b.    U.S. Patent No. 3,786,995 — 5/4/1992

    c.    U.S. Patent No. 4,043,359 — 5/6/1996

    d.    U.S. Patent No. 4,218,785 — 4/17/1999

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

e.    U.S. Patent No. 4,523,604 — 3/15/2003

f.    U.S. Patent No. 4,562,960 — 3/15/2003

g.    U.S. Patent No. 4,577,653 — 7/1/2003

h.    U.S. Patent No. 4,593,430 — 6/11/2003

i.    U.S. Patent No. 4,696,322 — 12/6/2005

j.    U.S. Patent No. 4,765,365 — 8/11/2007

59.    The above-described Delta advertisements are published on Delta's web site in 2009, long after the last expiration of the patents marked in those advertisements. Upon information and belief, Delta made decisions to change each advertisement on at least the revision dates indicated on the face of each advertisement and decided each time to falsely mark its products with expired patents, since each revision date is after the expiration of at least some of the patents marked in each advertisement. Upon information and belief, Delta also made decisions to publish such advertisements with false marking on its web site. As noted above, Delta replaced its advertisement for the Talbott High-Rise Pull-Down Kitchen Faucet products sometime between May 19 and October 16, 2009 and, therefore, upon information and belief, Delta made additional decisions to falsely mark those products during that time. Upon information and belief, Delta made decisions to publish each advertisement that contains false marking long after the expirations of one or more listed patents.

60.    Upon information and belief, Delta marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Delta falsely marked its products with intent to deceive the public.

### Count 4: Evans' False Marking

61.    SF Tech incorporates by reference all above allegations.

62.    Upon information and belief, Evans makes and sells many kinds of products, including beverage wrenches. Evans advertises its products on its web site at www.evans-mfg.com. Those advertisements claim that Evans customizes the markings on its products for each order.

63.    In the advertising on Evans' web site, Evans marks many products with patents. For

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

example, Evans' advertisements for its Original Beverage Wrench, Elliptical Beverage Wrench, Rectangular Beverage Wrench, and Round Beverage Wrench products are marked "U.S. Utility Patents #4,864,898 #4,949,600". Upon information and belief, U.S. Patents Nos. 4,864,898 and 4,949,600 expired no later than 5/27/2008 and 8/12/2009, respectively. These advertisements are published after the expirations of these two patents.

64.    Evans advertisements emphasize the allegedly-patented features of its products but fail to disclose that the products are unpatented.

a.    The advertisement for the Original Beverage Wrench[14] states: "Patented design features a stainless steel insert for tough-to-open bottle caps and a durable lever edge to easily open pop-top cans."

b.    The advertisement for the Elliptical Beverage Wrench[15] states: "Patented, elliptical-shaped design features a stainless steel insert for tough-to-open bottle caps and a durable lever edge to easily open pop-top cans."

c.    The advertisement for the Rectangular Beverage Wrench[16] states: "Patented design features a stainless steel insert for tough-to-open bottle caps and a durable lever edge to easily open pop-top cans"

d.    The advertisement for the Round Beverage Wrench[17] states: "Patented, round-shaped design features a stainless steel insert for tough-to-open bottle caps and a durable lever edge to easily open pop-top cans."

65.    The above-described Evans advertisements are published on Evans' web site long after the last expiration of the patents marked in those advertisements. Upon information and belief, Evans made decisions to publish each advertisement long after the expirations of one or more listed patents. In each such advertisement, Evans makes the following representation: "Pricing guaranteed through December 31, 2009". Accordingly, upon information and belief, Evans made decisions to publish each such advertisement and to draw the public's attention to each such advertisement after the expirations of the marked patents.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[14] http://www.evans-mfg.com/product.php?id=24
[15] http://www.evans-mfg.com/product.php?id=27
[16] http://www.evans-mfg.com/product.php?id=28
[17] http://www.evans-mfg.com/product.php?id=26

66.     Evans also falsely marks individual products.  For example, Rectangular Beverage Wrenches individually were marked with "PAT 4,864,898" and distributed at a San Francisco Giants baseball game at AT&T Park in San Francisco on July 3, 2009 — over a year after the expiration of U.S. Patent No. 4,864,898.  Consistent with Evans' advertising that Evans custom marks each order, these products were custom-marked with the logo of KNBR, a San Francisco radio station. Accordingly, upon information and belief, Evans falsely marked these products long after the expiration of U.S. Patent No. 4,864,878.

67.     Evans' web site advertises that other beverage wrenches are also individually marked with U.S. Patent No. 4,864,898.  For example, the advertisement for the Elliptical Beverage Wrenches shows a photograph of a blue beverage wrench that is custom marked on one side with "contiki VACATIONS for 18–35 year olds contiki.com" and with "PAT 4,864,898" on the opposite side.  This advertisement is published in 2009, long after the expiration of U.S. Patent No. 4,864,898.

68.     Upon information and belief, Evans marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, Evans falsely marked its products with intent to deceive the public.

### Count 5: Evercare's False Marking

69.     SF Tech incorporates by reference all above allegations.

70.     Upon information and belief, Evercare makes and sells lint remover products, including Lint Rollers and Lint Roller Adhesive Refills.  The packaging in which these products are sold is marked: "Zip Strip feature protected under U.S. patents 5,027,465 and 4,905,337."  Upon information and belief, U.S. Patents Nos. 5,027,465 and 4,905,337 expired on 7/3/2008 and 6/21/2008, respectively.

71.     Evercare's falsely marked products are being sold retail in late 2009, long after the expirations of U.S. Patents Nos. 5,027,465 and 4,905,337.  Upon information and belief, Evercare has made decisions to falsely mark its products long after the expirations of these patents, including each time it has printed such packaging.

72.     Upon information and belief, Evercare marks its products with patents to induce the

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1   public to believe that each such product is protected by each patent listed and with knowledge that

2   nothing is protected by an expired patent. Accordingly, Evercare falsely marked its products with

3   intent to deceive the public.

### Count 6: Graphic Packaging's False Marking

5       73.     SF Tech incorporates by reference all above allegations.

6       74.     Upon information and belief, Graphic Packaging makes and sells packaging products,

7   including packages used to distribute beverage cans such as its "Twin Stack®" product. Twin Stack

8   products are used to package beverages such as Dr Pepper, Diet Dr Pepper, Sunkist, 7 Up, Diet 7 Up,

9   Pepsi, and Caffeine Free Diet Pepsi. In each such application, the Twin Stack products are

10  differently marked to indicate the kind of products contained within them. Such Twin Stack products

11  are marked: "Manufactured under one or more of the following patents: Des 350,480 4,331,289

12  4,396,143 5,297,725 Other patents pending."

13      75.     Upon information and belief, U.S. Patents Nos. D350,480; 4,331,289; and 4,396,143

14  expired no later than 9/14/2008, 5/14/2001, and 9/1/2001, respectively.

15      76.     Graphic Packaging advertises its products on its web site, at www.graphicpkg.com.

16  The advertisements[18] on its web site represent that Graphic Packaging customizes the marking on its

17  products for individual orders. In late 2009, long after the expirations of U.S. Patents Nos.

18  D350,480; 4,331,289; and 4,396,143, soft drink products are being sold in retail stores which are

19  packaged in Graphic Packaging's products that are marked in the manner described above. Thus,

20  upon information and belief, Graphic Packaging falsely marks its products long after the expirations

21  of the listed patents and has made decisions to falsely mark its products in this manner long after the

22  expirations of the listed patents. Since different Twin Stack products are differently marked to

23  indicate the kind of products contained within them, upon information and belief, Graphic Packaging

24  made multiple decisions to falsely mark its Twin Stack products with respect to each kind of products

25  that would be sold in Twin Stack packaging.

26      77.     Upon information and belief, Graphic Packaging marks its products with patents to

27  induce the public to believe that each such product is protected by each patent listed and with

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[18] http://www.graphicpkg.com/products/machinery/Pages/MultiplePackaging.aspx

knowledge that nothing is protected by an expired patent. Accordingly, Graphic Packaging falsely marked its products with intent to deceive the public.

### Count 7: Magnum's False Marking

78. SF Tech incorporates by reference all above allegations.

79. Upon information and belief, Magnum makes and sells firearm products, including its "Desert Eagle" pistol products. Magnum advertises its firearm products on its web site, www.magnumresearch.com.

80. Magnum's advertising on its web site includes patent markings. For example, the advertisements for Magnum's Desert Eagle ".357/.41/.44 Magnum" products, ".50 Action Express" products, ".440 Cor®Bon" products, and "Desert Eagle Gas Operated Semi-Automatic Pistol" are marked "The Desert Eagle Pistol — U.S. Patent — 4,563,937 Magnum Research, Inc. 1986".

81. Upon information and belief, U.S. Patent No. 4,563,937 expired no later than 2/15/2006. At least one such advertisement is marked with a revision date of August 2006, which indicates that Magnum made decisions to mark its products in this manner at least in August 2006, after the expiration of U.S. Patent No. 4,563,937. The advertisements are also published on Magnum's web site in 2009, long after the expiration of U.S. Patent No. 4,563,937. Thus, upon information and belief, Magnum made decisions to publish each advertisement that contains false marking long after the expiration of U.S. Patent No. 4,563,937.

82. Upon information and belief, Magnum marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Magnum falsely marked its products with intent to deceive the public.

### Count 8: Pavestone's False Marking

83. SF Tech incorporates by reference all above allegations.

84. Upon information and belief, Pavestone makes and sells landscaping products. Pavestone advertises its products on its web site, www.pavestone.com.

85. Pavestone publishes advertising brochures on its web site.

    a. One such brochure, entitled "Standard Colors" marks Pavestone's "Symetry"

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

products as follows: "Other applicable patents issued and pending. ... These Anchor products are protected by U.S. and International patents and pending patent applications. Symetry™ (U.S. Patent #4,544,305) is a trademark of Symrah Lic. Inc." This advertisement is dated July 2007.

    b.    One such brochure, entitled "Concrete Pave Stones Symetry™" marks Pavestone's "Symetry" products as follows: "Symetry™ (U.S. Patent #4,544,305)". This advertisement is dated June 2007.

    c.    One such brochure, entitled "Concrete Pave Stones Uni-Anchorlock®" marks Pavestone's "Uni-Anchorlock" products as follows: "Uni-Anchorlock® (U.S. Patent #4,583,341) is a registered trademark of, and manufactured under license from, F. von Langsdorff Lic. Ltd., Mississauga, Ontario, Canada." This advertisement is dated January 2007.

86.    Upon information and belief, U.S. Patents Nos. 4,544,305 and 4,583,341 expired no later than 2/2/2004 and 4/23/2003, respectively.

87.    Each above-described brochure also bears the marking "© 2007 by Pavestone Company". Upon information and belief, each such brochure was written in 2007, long after the above patents had expired. Upon information and belief, Pavestone made decisions to mark its products in the manners described above in at least 2007 when these brochures were copyrighted. The advertisements described above are published on Pavestone's web site in 2009, long after the expiration of the listed patents. Upon information and belief, Pavestone decided to publish each such advertisement long after the expiration of each listed patent.

88.    Upon information and belief, Pavestone marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Pavestone falsely marked its products with intent to deceive the public.

### Count 9: Procter & Gamble's False Marking

89.    SF Tech incorporates by reference all above allegations.

90.    Upon information and belief, Procter & Gamble makes and sells many kinds of

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

products, including Oral-B toothbrushes, Bounty paper towels, and Puffs tissues.

91. Certain Oral-B toothbrushes are falsely marked. Packages containing Oral-B toothbrushes are marked with such patent markings as: "U.S. Patent Nos. 4,802,255". For example, at least the following Oral-B packages are marked in this manner: Oral-B Advantage Plus Value Pack (containing 2 toothbrushes), Oral-B Advantage Plus Value Pack (containing 4 toothbrushes), and Oral-B Indicator With Comfort Grip (containing 1 toothbrush).

92. Upon information and belief, U.S. Patent No. 4,802,255 expired no later than 8/11/2007. Packages of Oral-B toothbrushes marked in this manner are being sold in retail stores in 2009, long after the expiration of U.S. Patent No. 4,802,255. Upon information and belief, Procter & Gamble made decisions to falsely mark its Oral-B toothbrush products in this manner each time such packages are printed, including long after the expiration of U.S. Patent No. 4,802,255.

93. Puffs tissue products are falsely marked. For example, boxes containing "Puffs Plus Lotion" 2-ply tissues are marked "MADE UNDER ONE OR MORE OF THE FOLLOWING U.S. PATENTS"; after this introductory language, 27 patents are listed, including U.S. Patents Nos. 5,059,282 and 5,073,235.

94. Upon information and belief, U.S. Patents Nos. 5,059,282 and 5,073,235 both expired no later than 10/23/2008. Upon information and belief, U.S. Patent No. 5,073,235 would have expired naturally on 4/13/2010 but, according to the face of the patent, was subject to a terminal disclaimer in which Procter & Gamble expressly disclaimed "The portion of the term of this patent subsequent to Oct. 22, 2008". Thus, upon information and belief, Procter & Gamble made a conscious decision to terminate U.S. Patent No. 5,073,235 before its natural expiration yet decided to mark its Puffs tissue products with this patent after its expiration.

95. Puffs tissue products that are marked in the manner described above are sold in retail stores in late 2009, long after the expirations of U.S. Patents Nos. 5,059,282 and 5,073,235. Such packages are also marked "© 2009 P&G". Thus, upon information and belief, Procter & Gamble made decisions to falsely mark its Puffs tissue products long after the expirations of these patents. Upon information and belief, Procter & Gamble made such decisions each time such packages were designed, redesigned, or printed.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

96.     Bounty paper towels are falsely marked.  Individual rolls of Bounty MEGA Plus Roll paper towels (which purport to contain 96 two-ply sheets of size 11" by 11") are packaged in plastic wrapping which is marked: "Made under one or more of the following U.S. Patents…: 4,929,351; 5,073,235".  This marking is followed by a long list of patents — 38 patents are marked in all. Additionally, rolls of Bounty MEGA Plus Roll paper towels are sold in packs containing multiple rolls.  These multiple-roll packs are wrapped in different plastic packaging which is marked with text identical to the text on the packaging of the individual rolls described above.  Additionally, other types of Bounty paper towels are falsely marked in similar manner, such as Bounty "BIG!" and "Select-a-Size" paper towels, which are sold in packages of 6 rolls, wrapped together in plastic packaging.  This packaging is marked with text identical to the text marking the Bounty MEGA Plus Roll packages described above.

97.     Upon information and belief, U.S. Patents Nos. 4,929,351 and 5,073,235 expired no later than 3/8/2009 and 10/22/2008, respectively.  Upon information and belief, U.S. Patent No. 5,073,235 would have expired naturally on 4/13/2010 but, according to the face of the patent, was subject to a terminal disclaimer in which Procter & Gamble expressly disclaimed "The portion of the term of this patent subsequent to Oct. 22, 2008".  Thus, upon information and belief, Procter & Gamble made a conscious decision to terminate U.S. Patent No. 5,073,235 before its natural expiration yet decided to mark its Bounty paper towel products with this patent after its expiration.

98.     Packages of Bounty paper towels marked in this manner are sold in retail stores in late 2009, long after the expirations of U.S. Patents Nos. 4,929,351 and 5,073,235.  Upon information and belief, Procter & Gamble made decisions to falsely mark its Bounty paper towel products in this manner each time such packages are printed, including long after the expirations of these patents.

99.     Upon information and belief, Procter & Gamble marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, Procter & Gamble falsely marked its products with intent to deceive the public.

### Count 10: SC Johnson's False Marking

100.     SF Tech incorporates by reference all above allegations.

1      101.    Upon information and belief, SC Johnson makes and sells many kinds of products,

2   including shaving products such as Edge shaving gel and Skintimate shaving cream, as well as Ziploc

3   bags.

4      102.    Labels affixed to canisters of Edge shaving gel are marked with "U.S. Patent Nos.

5   D379,433; 4,703,875; and 5,858,343." Labels affixed to canisters of Skintimate shaving cream are

6   marked with "U.S. Patents Nos. D379,433; D407,632; 4,703,875; and 5,858,343". Upon information

7   and belief, U.S. Patent No. 4,703,875 expired no later than 7/25/2006. Canisters of Edge shaving gel

8   and Skintimate shaving cream that are marked in this manner are being sold in retail stores in 2009.

9   Upon information and belief, SC Johnson continues to make decisions to mark canisters of its

10  shaving products with U.S. Patent No. 4,703,875 in late 2009, long after that patent expired.

11     103.    The labels affixed to at least some varieties of Edge shaving gel and Skintimate

12  shaving cream canisters are also marked "© 2007 S.C. Johnson & Son, Inc." Upon information and

13  belief, SC Johnson made decisions to mark its shaving products in the manner described above in at

14  least 2007 when this label was copyrighted and again each time such labels are printed.

15     104.    Ziploc bags are sold in various sizes, in boxes containing various quantities of bags.

16  Ziploc snack-size bags are sold in boxes marked with "Protected by U.S. Pats. 5009828...." Upon

17  information and belief, U.S. Patent No. 5,009,828 expired no later than 4/24/2008. Boxes of snack-

18  size Ziploc bags that are marked in this manner are being sold retail in late 2009, long after the

19  expiration of U.S. Patent No. 5,009,828. Some boxes of Ziploc bags are also marked with character

20  strings indicating that the marking was done in 2009, long after the expiration of that patent. For

21  example, one such box is marked, "D271882009AL1404M03". Upon information and belief, SC

22  Johnson continues to mark boxes in which Ziploc bags are sold in this manner in late 2009, long after

23  that patent expired. Upon information and belief, SC Johnson made decisions to mark its Ziploc bag

24  products in the manner described above each time such boxes are printed.

25     105.    Upon information and belief, SC Johnson marks its products with patents to induce the

26  public to believe that each such product is "Protected by" each patent listed and with knowledge that

27  nothing is "Protected by" an expired patent. Accordingly, SC Johnson falsely marked its products

28  with intent to deceive the public.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Complaint

**Count 11: Spectrum's False Marking**

106.    SF Tech incorporates by reference all above allegations.

107.    Upon information and belief, Spectrum makes and sells aquarium products such as Marineland Rite-Size Filter Cartridges, and battery products such as Rayovac AA and Rayovac AAA battery products.

108.    Spectrum's web site at www.spectrumbrands.com represents to the public that Marineland and Rayovac are brands owned by Spectrum.[19]  The brand web sites at www.marineland.com and www.rayovac.com both contain statements indicating that Marineland and Rayovac products are made and sold by Spectrum.

109.    The Marineland Rite-Size Filter Cartridges are individually marked "U.S. Pat. 4,483,769".  Upon information and belief, U.S. Patent No. 4,483,769 expired no later than 6/14/2003. Spectrum's aquarium filter products are being sold retail in 2009, long after the expiration of U.S. Patent No. 4,483,769.  Thus, upon information and belief, Spectrum has falsely marked its aquarium filter products long after the expiration of U.S. Patent No. U.S. Patent No. 4,483,769.  The package in which the Marineland products are distributed is also marked "©2008 Marineland".  Thus, upon information and belief, Spectrum made decisions to mark each such aquarium filter product in this manner at least in 2008, long after the expiration of U.S. Patent No. 4,483,769.

110.    Several Rayovac battery products are marked "U.S. Patent No.'s: 4,869,928".  For example, at least the following Rayovac packages are so marked: packages containing 24 AAA batteries, model 824-24CTG; packages containing 24 AA batteries, model 815-24CTG; packages containing 8 AA batteries, model 815-8C; and packages containing 2 AA batteries, model 815-2. Upon information and belief, U.S. Patent No. 4,869,928 expired no later than 5/2/2007.  Spectrum's battery products are being sold in such packages in 2009, long after the expiration of U.S. Patent No. 4,869,928. Each such package is also marked "©2008 SBI".  Upon information and belief, the abbreviation "SBI" in the copyright marking refers to Spectrum Brands Inc., and "2008" refers to a date when Spectrum designed each such package.  Thus, upon information and belief, Spectrum made decisions to mark each such battery product in this manner at least in 2008, long after the

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[19] http://www.spectrumbrands.com/brands/

1    expiration of U.S. Patent No. 4,869,928.

2        111.    Upon information and belief, Spectrum marks its products with patents to induce the

3    public to believe that each such product is protected by each patent listed and with knowledge that

4    nothing is protected by an expired patent. Accordingly, Spectrum falsely marked its products with

5    intent to deceive the public.

6                    **Count 12: Super Swim's False Marking**

7        112.    SF Tech incorporates by reference all above allegations.

8        113.    Upon information and belief, Super Swim sells swimming products such as its "Super

9    Swim Pro" product.

10        114.    Super Swim advertises the Super Swim Pro product on its web site,

11    www.superswimpro.com. In its advertisements, Super Swim marks its product as follows: "US

12    Patent 4-530-497 New Patents Pending". Upon information and belief, U.S. Patent No. 4,530,497

13    expired no later than 4/22/2003.

14        115.    The above advertisements on Super Swim's web site are also marked "© 2008

15    Copyright SuperSwimPro". Upon information and belief, Super Swim made decisions to mark its

16    products in the manner described above in at least 2008 when these advertisements were written and

17    again each time each advertisement was revised. Thus, Super Swim made decisions to mark its

18    product in the above-described advertisements long after U.S. Patent No. 4,530,497 expired.

19        116.    Upon information and belief, Super Swim marks its products with patents to induce

20    the public to believe that each such product is protected by each patent listed and with knowledge that

21    nothing is protected by an expired patent. Accordingly, Super Swim falsely marked its products with

22    intent to deceive the public.

23                    **Count 13: Unilock's False Marking**

24        117.    SF Tech incorporates by reference all above allegations.

25        118.    Upon information and belief, Unilock makes and sells landscaping products. Unilock

26    advertises its products on its web site, www.unilock.com.

27        119.    Unilock's advertisements on its web site[20] marks Unilock's products as follows:

28

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[20] http://www.unilock.com/whyunilock/lifetimeguarantee.php?rgn=0000000008

Complaint                                                                    Page 25

The proprietary products and designs described herein are covered under one or more of the following: US.PAT.4,490,075, US.PAT.4,601,148, DES.280,024, CDN. PAT.1,182,295,CDN.PAT.1,204,296,CDN.PAT.1,210,249, RD/ ENR 1987 Risi Stone Ltd./Jagna Limited, US.PAT.4,711,606 SF Concrete Technology Inc., US.PAT.4,128,357, US.PAT.4,583,341, US.PAT.4,834,575, US.PAT.DES.366704, CDN.PAT.DES.66804, US.PAT.DES.341433, US.PAT.5,108,231, F. von Langsdorff Lic. Ltd.

120.    The above marking includes the following U.S. patents which, upon information and belief, expired no later than the following dates:

a.    U.S. Patent No. 4,128,357 — 3/1/1998

b.    U.S. Patent No. D280,024 — 8/7/1999

c.    U.S. Patent No. 4,490,075 — 8/17/2002

d.    U.S. Patent No. 4,583,341 — 4/23/2003

e.    U.S. Patent No. 4,601,148 — 6/25/2003

f.    U.S. Patent No. 4,834,575 — 3/23/2007

g.    U.S. Patent No. D341,433 — 11/17/2007

121.    This advertisement is published on Unilock's web site in 2009 and is marked "© 2009". Thus, upon information and belief, Unilock made decisions to falsely mark its products in the above-described manner in 2009 — long after the expirations of the marked patents.

122.    Upon information and belief, Unilock marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, Unilock falsely marked its products with intent to deceive the public.

### Count 14: West Coast Chain's False Marking

123.    SF Tech incorporates by reference all above allegations.

124.    Upon information and belief, West Coast Chain sells key chain and retractor products. West Coast Chain advertises those products on its web site, at www.keybak.com.

125.    Several of West Coast Chain's products are named on its web site as "#3 Chrome w/Belt Loop", "#3B The Original KEY-BAK®", "#5 Chrome w/Belt Clip", "#5 Black w/Belt Clip", and "#481TCS-HD". Upon information and belief, each such product is marked in West Coast

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Chain's web site advertisements with "US PAT. 2,732,148". The pictures of those products in West Coast Chain's advertisements on its web site show those products as being individually marked "U.S. PAT. 2,732,148".

126.    Upon information and belief, U.S. Patent No. 2,732,148 expired no later than 1/25/1973.

127.    West Coast Chain's web site advertisements are published in 2009, over 36 years after the expiration of U.S. Patent No. 2,732,148. Upon information and belief, West Coast Chain continues to falsely mark its individual products in 2009, over 36 years after the expiration of U.S. Patent No. 2,732,148.

128.    The advertisements on West Coast Chain's web site are also marked: "Copyright © 2008 - KEY-BAK®, Division of WEST COAST CHAIN MFG. CO." Upon information and belief, West Coast Chain made decisions to mark its advertisements in the manner described above in at least 2008, when the current copyright marking is dated, approximately 35 years after the expiration of U.S. Patent No. 2,732,148.

129.    Upon information and belief, West Coast Chain marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent. Accordingly, West Coast Chain falsely marked its products with intent to deceive the public.

### Demand For Judgment

SF Tech demands judgment against each defendant, as follows:

1.    A declaration that each defendant violated 35 U.S.C. § 292.

2.    A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

3.    Any other relief the court deems appropriate.

### Demand For Jury Trial

SF Tech demands a jury trial on all issues so triable.

Date: December 30, 2009

Mount & Stoelker, P.C.,

/s/ Dan Fingerman
Attorneys for San Francisco Technology Inc.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000