Larry M. Golub (110545)
Vivian I. Orlando (213833)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399
E-mail: lgolub@bargerwolen.com
vorlando@bargerwolen.com

David A. Davenport (*Pro Hac Vice To Be Filed*)
Brent A. Lorentz (*Pro Hac Vice To Be Filed*)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
E-mail: ddavenport@winthrop.com
blorentz@winthrop.com

Attorneys for Defendant
Magnum Research Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., | CASE NO.: C 09 06083 RS |
| Plaintiff, | Judge: Hon. Richard Seeborg<br>Date: March 25, 2010 |
| vs. | Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor (San Francisco) |
| ADOBE SYSTEMS INCORPORATED, THE BRITA PRODUCTS COMPANY, DELTA FAUCET COMPANY, EVANS MANUFACTURING INC., THE EVERCARE COMPANY, GRAPHIC PACKING INTERNATIONAL INC., MAGNUM RESEARCH INC., PAVESTONE COMPANY LP, THE PROCTOR & GAMBLE COMPANY, S.C. JOHNSON & SON INC., SPECTRUM BRANDS INC., SUPER SWIM CORP., UNILOCK INC., WEST COAST CHAIN MFG. CO., | **DEFENDANT MAGNUM RESEARCH INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with (1) Declaration of Todd Seyfert in Support of Motion to Dismiss and Motion to Sever and Transfer Venue; and (2) [Proposed] Order] |
| Defendants. | Complaint Filed: December 30, 2009 |

i:\office\10688\001\10pleadings\memo and points and authorities re motion to dismiss.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

# NOTICE OF MOTION

PLEASE TAKE NOTICE, that on March 25, 2010 at 1:30 p.m. before the Honorable Judge Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Magnum Research, Inc. ("Magnum"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for an Order dismissing Plaintiff San Francisco Technology Inc.'s ("SF Tech") Complaint against Magnum.

# CONCISE STATEMENT OF RELIEF SOUGHT

Magnum respectfully seeks dismissal of SF Tech against Magnum pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). SF Tech has not alleged an injury in fact to the United States, as required in a *qui tam* action, and therefore, it does not have standing. Thus, this Court does not have subject-matter jurisdiction and dismissal is required under Fed. R. Civ. P. 12(b)(1). Further, even if SF Tech did have standing, it has not stated a viable claim under 35 U.S.C. § 292 because the alleged "advertisement" is an operator's manual which, as a matter of law, is not an "advertisement" under 35 U.S.C. § 292. Thus, SF Tech has failed to state a claim against Magnum upon which relief can be granted and dismissal under Fed. R. Civ. P. 12(b)(6) is required.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Todd Seyfert, the pleadings and the papers on file in this action, and upon such other oral argument and documentary evidence as may be presented at the hearing of this Motion.

Dated: January 29, 2010                                BARGER & WOLEN LLP


                                                       By: /S/ Vivian I. Orlando_____
                                                           LARRY M. GOLUB
                                                           VIVIAN I. ORLANDO
                                                           Attorneys for Defendant
                                                           Magnum Research Inc.

**BARGER & WOLEN** LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-1-
Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Magnum Research Inc. ("Magnum") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss San Francisco Technology Inc.'s ("SF Tech") Complaint against Magnum pursuant to Rules 12(b)(1) and 12(b)(6). SF Tech has alleged Magnum violated 35 U.S.C. § 292, a civil penalty statute authorizing "any person" to bring a *qui tam* action for fines against "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public." However, the statute's use of the phrase "any person" does not and cannot eliminate the injury-in-fact requirements for standing. Since SF Tech cannot and has not alleged an injury in fact, it does not have standing to pursue this action.

Independent of the above, SF Tech has not sufficiently pled a violation of 35 U.S.C. § 292 by Magnum. Magnum is not accused of either "marking" or "affixing" a patent number on any unpatented article. Instead, as alleged by SF Tech, Magnum only used its patent number in alleged "advertising." This alleged "advertisement," however, is merely an Operator's Manual which is not, as a matter of law, an advertisement under 35 U.S.C. § 292.

Accordingly, for either of these independent reasons, SF Tech's Complaint against Magnum should be dismissed.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether SF Tech's complaint should be dismissed as to Magnum under Fed. R. Civ. P. 12(b)(1) due to SF Tech's lack of standing.

2. Whether SF Tech's complaint should be dismissed as to Magnum under Fed. R. Civ. P. 12(b)(6) because Magnum has not engaged in "advertising" as required by 35 U.S.C. § 292.

## III. STATEMENT OF RELEVANT FACTS

Magnum is a Minnesota corporation with its principle place of business located in Minneapolis, Minnesota. Magnum had exclusive rights in U.S. Patent No. 4,563,937, entitled "Gas Actuated Pistol," which was issued in 1986 and has since expired. (Compl. ¶ 81.)

-2-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

As alleged in the complaint, Magnum makes and sells firearms, including its famous "Desert Eagle" product line. (Compl. ¶ 79.) SF Tech has alleged that Magnum improperly used the '937 patent number in "advertising" on its website relating to its Desert Eagle firearms. (Compl. ¶ 80.) However, as explained fully below, SF Tech's allegation is conclusory, unsupported, and contradicted by facts which this Court can consider on this motion to dismiss.[1]

As demonstrated by the Seyfert Declaration, Magnum never used the '937 patent number, or any other patent number, in "advertising." (Seyfert Decl. ¶ 9.) Instead, the patent number was displayed exclusively in the Operator's Manual for Desert Eagle Pistols Mark XIX, Mark VII, Mark I. (Seyfert Decl. ¶ 9.) This Operator's Manual is the only document bearing the '937 Patent number which was ever available on Magnum's website and, therefore, it is necessarily the alleged "advertisement" referenced by SF Tech.

While this manual was available online for the convenience of existing Magnum customers, it was never presented or used as an advertisement. (Seyfert Decl. ¶ 9.) Further, as demonstrated by the Operator's Manual itself, Magnum's use of its patent number was never intended to give the impression that any current Desert Eagle handgun model was subject to current patent protection. The figures with which it is used are merely stylized versions of the figure from the first page of the '937 Patent. (*Compare* Seyfert Decl. Exs. A and B.) Indeed, the figures specifically disclose the date of the patent as 1986, demonstrating that Magnum was merely showing the twenty-plus years of history associated with it's Desert Eagle line of handguns. (Seyfert Decl. Ex. A.)

## IV. ARGUMENT

### A. SF TECH'S COMPLAINT SHOULD BE DISMISSED UNDER FED R. CIV. P. 12(B)(1) BECAUSE IT HAS NOT AND CANNOT ALLEGE A SUFFICIENT INJURY IN FACT TO GIVE IT STANDING

1. Legal Standard.

Rule 12(b)(1) allows parties to seek dismissal for lack of subject-matter jurisdiction. On a motion to dismiss for lack of subject-matter jurisdiction, the party invoking federal jurisdiction

---

[1] As discussed fully below, the Court can consider the actual contents of the alleged "advertisement" under the "incorporation by reference" doctrine.

-3-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

bears the burden of establishing that jurisdiction exists. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

For subject-matter jurisdiction to exist, all plaintiffs (including *qui tam* plaintiffs) must satisfy the "irreducible constitutional minimum" of standing. *Lujan,* 504 U.S. at 560. This requirement arises from the "case or controversy" requirement of Article III and requires that a party invoking federal court jurisdiction demonstrates: (1) that it has suffered an injury in fact, (2) that is causally connected to the defendant, and (3) that is likely to be redressed by the court. *Id*. at 560-61. The "injury in fact" requirement is a "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.,* --- U.S. ---, 129 S.Ct. 1142, 1151 (2009).

A *qui tam* provision operates as a statutory assignment of the rights of the United States and, accordingly, the United States is the entity that must have suffered an alleged injury in fact that is likely to be redressed by the Court. *See Vermont Agency of Nat'l Resources v. United States ex rel. Stevens,* 529 U.S. 765, 774 (2000). Notably, an "abstract" harm such as an "injury to the interest in seeing that the law obeyed" is insufficient to establish standing. *See FEC v. Akins,* 524 U.S. 11, 24 (1998) (collecting cases). An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560.

2. <u>SF Tech Has Not and Cannot Allege An Injury In Fact To The United States.</u>

Here, SF Tech has not alleged any injury, let alone a "concrete and particularized" or "actual and imminent" injury, to the United States. Therefore, it cannot demonstrate standing.

At least one court has recently applied the law as described above to dismiss a 35 U.S.C. § 292 claim for lack of standing. In *Stauffer v. Brooks Brothers Inc.,* 615 F. Supp. 2d 248, 254-255 (S.D.N.Y. 2009), the court held that plaintiff could not satisfy Article III's standing requirement by conclusorily asserting that defendant's marking wrongfully quelled competition. This allegation was not sufficiently concrete because plaintiff could not allege any actual injury to any individual competitor,to the market for the allegedly mismarked product, or to any aspect of the United States economy. *Id*. at 255.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-4-
Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

1  Here, SF Tech has not even made a conclusory allegation of injury such as that found
2 insufficient in *Stauffer*. Instead, it has ignored the injury requirement altogether. Accordingly, SF
3 Tech has not alleged any injury-in-fact and its claim should be dismissed.

**B. SF TECH'S COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) BECAUSE IT HAS NOT AND CANNOT ALLEGE A VIOLATION BY MAGNUM OF 35 U.S.C. § 292.**

1. Legal Standards

   a) Rule 12(b)(6)

A claim will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations in the pleading. *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989). A viable complaint or counterclaim must include "enough facts to state a claim to relief that is plausible on its face" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965, 1974 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Additionally, the Court can consider documents "whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading" under the "incorporation by reference" doctrine. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). The rationale of the "incorporation by reference" doctrine applies with equal force to internet pages as it does to printed material. *Id.*

   b) 35 U.S.C. §292

35 U.S.C. § 292 provides, in relevant part:

-5-
Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

> …Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, for the purpose of deceiving the public … Shall be fined not more than $500 for every such offense.

"Because of its penal nature, the statute is to be strictly construed." *Juniper Networks v. Shipley,* 2009 WL 1381873, *3 (N.D. Cal. May 14, 2009) (citing *Mayview Corp. v. Rodstein,* 620 F.2d 1347, 1359 (9th Cir. 1980)). Additionally, the purpose of the statute is to protect the public. *Id.* (citing 7 Chisum, *Patents* §20.03[7][c][vii] (2005)). Thus, where the public is not being solicited regarding the unpatented product, there is no need to invoke the protections of section 292. *Id.*

2. <u>SF Tech's Complaint Against Magnum Should Be Dismissed Because Magnum's Operator's Manual Is Not An "Advertisement" Under 35 U.S.C. § 292 As A Matter Of Law.</u>

SF Tech attempts to state a claim against Magnum by emptily characterizing Magnum's Operator's Manual as "advertising" and then shoehorning it into the statutory framework of 35 U.S.C. § 292. (*See* Compl. ¶ 79-81.) This District, however, previously and correctly rejected the argument that all false patent marking is actionable and has carefully limited the "advertising" prong of 35 U.S.C. § 292 to instances where the product is actually being promoted through use of the word "patent." *Juniper Networks,* 2009 WL 1381873, *3. "[T]here must be a nexus between the defendant's marking, affixing or using of a patent and the <u>advertising</u> of the product." *Id.* (emphasis added).

In *Juniper,* the court granted a motion to dismiss holding that defendant's use of patent numbers with a firewall product he developed known as "Dynamic Firewall" did not constitute "advertising." 2009 WL 1381873, *3. "Dynamic Firewall" and the patent number were displayed to visitors every time they accessed the defendant's website, thereby presenting the defendants firewall as a patented product. *Id.* *1-2. Eventually, defendant stopped using Dynamic Firewall on his website, but continued to display "Dynamic Firewall" and the patent number. *Id.* *2-3. Despite the falsity, the court held that this was not an advertisement for Dynamic Firewall, but rather, was merely intended to serve an informational purpose. *Id.* *3. Thus, it was not unlawful under 35 U.S.C. § 292. *Id.*

-6-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

Citing *Juniper*, the Southern District of New York further elaborated on the "advertising" requirement of section 292 while likewise granting a motion to dismiss. *See Inventorprise, Inc. v. Target Corp.,* 2009 WL 3644076, *4-5 (S.D.N.Y. Nov. 2, 2009). In the context of section 292, the court held "the expression, 'uses in advertising' cannot refer to any and all documents by which the word 'patent' is brought to the attention of the public; it can only refer to use of the word 'patent' in publications which are designed to promote the allegedly unpatented product, namely, advertisements." *Id.* *4. The *Inventorprise* court also found it helpful to consider the definition of "advertising" under the Lanham Act, which requires: (1) commercial speech, (2) made for the purpose of influencing consumers to buy defendant's goods or services, and (3) disseminated sufficiently to the relevant purchasing public. *Id*. at *4. Consistent with this, numerous Lanham Act cases have found that product inserts and user manuals are not advertisements. *See Wilchcombe v. Teevee Toons, Inc.,* 515 F. Supp. 2d 1297, 1306 (N.D.Ga. 2007) (CD inserts are not advertising under the Lanham Act because they are not retrieved until after the album has been purchased); *Gillette Co. v. Norelco Consumer Products Co.,* 946 F. Supp. 115, 135 (D. Mass. 1996) (package inserts are not advertising under the Lanham Act because they are viewed after purchase is made); *Marcyan v. Nissen,* 578 F. Supp. 485, 507 (S.D. Ind. 1982) (user manual provided to a purchaser to describe proper use not "advertising" under Lanham Act). Thus, the *Inventorprise* court held that a patent marking on the back of a package, which was not visible to the consumer when the product was displayed in the aisle of Target stores, was not "advertising" within the meaning of § 292 because it was not a "printed … paid announcement" intended to call the public's attention of [sic] the Product." *Id*. at *5.

Here, as in *Juniper* and in *Inventorprise,* the allegedly false patent marking has not been employed in "advertising" because it was not being used to promote and/or call the public's attention to Magnum's products. Instead, the patent number was only found inside the Operator's Manual for Magnum's products. (Seyfert Decl. ¶ 9.) Thus, SF Tech has not and cannot allege the required nexus between the use of the patent numbers in the Operator's Manual and the advertising of the product. SF Tech has merely invoked the word "advertisement" in an empty legal conclusion

-7-
Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 which appropriately may be disregarded in considering Magnum's motion to dismiss. *Sprewell,*
2 266 F.3d at 988 (court need not accept conclusory legal allegations).
3       The mere fact that Magnum's Operator's Manuals were available on the internet, as a
4 convenience to its customers, should not alter the analysis. Whether in electronic or hard copy, the
5 Operator's Manual is still for the purpose of informing customers who already purchased the
6 product, not for influencing the purchasing decision. *See Juniper,* 2009 WL 1381873, *3
7 (mentioning patents for informational purposes on website is not advertising); *Inventorprise,* 2009
8 WL 3644076, *5 (advertisement must be intended to call public's attention to the product).
9       As *Juniper* and *Inventorprise*, as well as the numerous other Lanham Act cases cited above
10 make clear, Magnum's Operator's Manual simply cannot be considered advertising.[2] It is illogical
11 to suggest that an Operator's Manual, provided to and intended to be viewed by people who have
12 already purchased a product, is for the purpose of influencing consumers to buy the product. They
13 could not be deceived into purchasing the product based on patent numbers seen after the purchase
14 was made.
15       The conclusion that the Operator's Manual is not an "advertisement" is further supported by
16 the contents of the Manual itself. It is plainly designated as the "Operator's Manual" for the
17 product and contains the phrase, "CAUTION: READ AND UNDERSTAND THE
18 INSTRUCTIONS AND WARNINGS IN THIS MANUAL." (Seyfert Decl. Ex. A.) The manual
19 then includes informational topics such as "Safety Rules and Precautions," "Operating
20 Instructions," and "Troubleshooting." (*Id*.) Additionally, the use of the patent number does not
21 indicate that any particular model of Magnum's firearm is currently under patent protection. (*Id.* Ex
22 A., p. 17.) Rather, the figure where the patent number is shown merely provides a general, more
23 stylized version of the figure on the patent's first page and identifies the patent, accurately and
24 truthfully demonstrating the historical roots of the Desert Eagle line of handguns. Indeed, the
25 inclusion of the patent date – 1986 – belies any conclusion that the patent number was used for the

---

[2] As noted above, Magnum's Operator's Manual and website information can be considered on a motion to dismiss since it is the contents of this manual that form the basis for SF Tech's claim. *Knievel,* 393 F.3d at 1076 (considering website pages allegedly containing defamatory subject matter).

-8-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS

1 purpose of implying the product was currently patented, since a 1986 patent would have plainly
2 expired by now. *See Wilson v. Singer Mfg. Co.,* 12 F. 57, 58 (N.D.Ill. 1882) (no false marking for
3 expired patent where date of patent was included).

### V. CONCLUSION

For the reasons described above, SF Tech does not have standing to pursue its claim and, independently, Magnum's use of its patent number in its Operator's Manual does not fall within Section 292. Accordingly, Magnum respectfully requests that SF Tech's Complaint against Magnum be dismissed with prejudice.

Dated: January 29, 2010          BARGER & WOLEN LLP

By: /S/ Vivian I. Orlando_____
LARRY M. GOLUB
VIVIAN I. ORLANDO
Attorneys for Defendant
Magnum Research Inc.

4980724v3

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-9-
Defendant Magnum Research Inc.'s Notice of Motion and Motion to Dismiss;
Memorandum of Points and Authorities in Support - Case No. C 09 06083 RS