| | |
|---|---|
| 1 | Larry M. Golub (110545) |
| 2 | Vivian I. Orlando (213833)<br>BARGER & WOLEN LLP |
| 3 | 633 West Fifth Street, 47th Floor<br>Los Angeles, California 90071 |
| 4 | Telephone: (213) 680-2800<br>Facsimile: (213) 614-7399 |
| 5 | E-mail: lgolub@bargerwolen.com<br>      vorlando@bargerwolen.com |
| 6 | David A. Davenport (*Pro Hac Vice To Be Filed*) |
| 7 | Brent A. Lorentz (*Pro Hac Vice To Be Filed*)<br>WINTHROP & WEINSTINE, P.A. |
| 8 | 225 South Sixth Street, Suite 3500<br>Minneapolis, Minnesota 55402 |
| 9 | Telephone: (612) 604-6400<br>Facsimile: (612) 604-6800 |
| 10 | E-mail: ddavenport@winthrop.com<br>      blorentz@winthrop.com |
| 11 | Attorneys for Defendant |
| 12 | Magnum Research Inc. |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., | CASE NO.: C 09 06083 RS |
| Plaintiff, | Judge: Hon. Richard Seeborg<br>Date: March 25, 2010 |
| vs. | Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor (San Francisco) |
| ADOBE SYSTEMS INCORPORATED, THE BRITA PRODUCTS COMPANY, DELTA FAUCET COMPANY, EVANS MANUFACTURING INC., THE EVERCARE COMPANY, GRAPHIC PACKING INTERNATIONAL INC., MAGNUM RESEARCH INC., PAVESTONE COMPANY LP, THE PROCTOR & GAMBLE COMPANY, S.C. JOHNSON & SON INC., SPECTRUM BRANDS INC., SUPER SWIM CORP., UNILOCK INC., WEST COAST CHAIN MFG. CO., | **DEFENDANT MAGNUM RESEARCH'S INC.'S NOTICE OF MOTION AND MOTION TO SEVER AND TRANSFER VENUE TO DISTRICT OF MINNESOTA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with (1) Declaration of Todd Seyfert in Support of Motion to Dismiss and Motion to Sever and Transfer Venue; and (2) [Proposed] Order] |
| Defendants. | Complaint Filed: December 30, 2009 |

i:\office\10688\001\10pleadings\memo of points authorities re motion in alternative to sever transfer venue.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

# NOTICE OF MOTION

PLEASE TAKE NOTICE, that on March 25, 2010 at 1:30 p.m. before the Honorable Judge Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Magnum Research, Inc. ("Magnum"), by and through its counsel of record, will move the Court pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a) for an Order severing and transferring Plaintiff San Francisco Technology, Inc.'s ("SF Tech") claim against Magnum to the United States District Court for the District of Minnesota.

# CONCISE STATEMENT OF RELIEF SOUGHT

Magnum has concurrently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and believes the Complaint against it should be dismissed as stated therein. However, should the Court conclude otherwise, Magnum respectfully requests that the claim against it be severed from the claims against other Defendants pursuant to Fed. R. Civ. P. 21, and the case be transferred to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §1404(a).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Todd Seyfert, the pleadings and the papers on file in this action, and upon such other oral argument and documentary evidence as may be presented at the hearing of this Motion.

Dated: January 29, 2010                               BARGER & WOLEN LLP


                                                      By:  /S/ Vivian I. Orlando_____
                                                           LARRY M. GOLUB
                                                           VIVIAN I. ORLANDO
                                                           Attorneys for Defendant
                                                           Magnum Research Inc.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-1-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff San Francisco Technology, Inc. ("SF Tech") has filed a Complaint asserting 14 separate and distinct claims against 14 unrelated defendants under 35 U.S.C. § 292. These claims fail to meet the requirements for joinder under Fed. R. Civ. P. 20 and should therefore be severed under Fed R. Civ. P. 21. Further, SF Tech's claim against Magnum Research, Inc. ("Magnum") should be transferred to Minnesota under 28 U.S.C. § 1404 because the "center of gravity" for this case is plainly located in Minnesota. Every witness and document that could conceivably be relevant to this case is likely located in Minnesota. Although SF Tech chose the Northern District of California, its choice should be given minimal deference because it is a *qui tam* plaintiff that will be required to contribute little, if anything, to this lawsuit. Thus, the convenience of the parties and witnesses, as well as the interests of justice, support transfer.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1. Whether SF Tech has improperly joined fourteen unrelated Defendants in a lawsuit, thereby requiring severance under Fed. R. Civ. P. 21.

2. Whether the claim against Magnum should be transferred to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a) for the convenience of the parties, the convenience of the witnesses, and in the interests of justice.

## III.  STATEMENT OF RELEVANT FACTS

### A.  SF TECH'S COMPLAINT

SF Tech has sued fourteen unrelated Defendants alleging individual and unique violations of 35 U.S.C. § 292. (*See generally,* Compl.) With the exception of being accused of violating the same statute, it is apparent that none of the claims against the various Defendants have anything in common with each other, either legally or factually. As to Magnum, only approximately seven paragraphs from SF Tech's one hundred twenty-nine paragraph complaint are specifically directed to it. (*See* Compl. ¶ 9, 26, 78-82.) These allegations do not involve any other Defendant to the action, nor do the allegations against the numerous other Defendants involve Magnum. Simply stated, there are no common questions of law or fact, nor do the alleged wrongs of Magnum arise

-2-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

out of the same transaction or occurrence as the alleged wrongs of the other Defendants. Instead, each Defendant is individually accused of marking unrelated products, with unrelated patents, at unrelated times.

**B.  SPECIFIC ALLEGATIONS AGAINST MAGNUM AND MAGNUM'S MINIMAL CONTACTS WITH CALIFORNIA**

SF Tech alleges that Magnum makes and sells firearm products, including the Desert Eagle pistol. (Compl. ¶ 79.) It further claims that Magnum advertises those products through its website, and that this website contains false patent markings. (Compl. ¶ 80.) SF Tech claims that suit is proper in California because Magnum has advertised and sold its products in California. (Compl. ¶ 26.) However, notwithstanding these limited and conclusory allegations, Magnum has always had only minimal contact with the State of California. (Seyfert Decl. ¶ 8.) Aside from shipping products to California, Magnum has virtually no other contact with California and Magnum's contact with California is no greater than any other location in the country where an individual might purchase Magnum's products. (*Id*.)

**C.  MAGNUM'S SIGNIFICANT TIES TO MINNESOTA**

Magnum is a Minnesota corporation with its principle place of business and headquarters located at 7110 University Avenue N.E., Minneapolis, MN 55432. (Seyfert Decl. ¶ 2.) Magnum has no offices located anywhere other than Minnesota. (*Id*.) As a result, all decisions relating to the sale and promotion of its products originate with the officers, managers and employees located in Minnesota. (*Id.*¶ 8.)

Further, Magnum's advertising and promotion is done by Risdall Advertising Agency, a Minnesota advertising agency located at 550 Main Street, New Brighton, Minnesota 55112. (*Id*. ¶ 3.) New Brighton is a suburb of Minneapolis. (*Id*.) Magnum has worked with Risdall for 30 years and has not employed any other advertising agency during that time. (*Id*.) Among other things, Risdall is responsible for the dissemination of Magnum's print advertisements, and operating and maintaining Magnum's website. (*Id*.) Magnum's operations manuals, including the manual for the Desert Eagle handgun, are published by Commers Printing Inc., who is also located in Minnesota. (*Id*. ¶ 5.)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

Because of Magnum's significant ties with Minnesota, virtually every witness that could conceivably have knowledge about the allegations in SF Tech's Complaint against Magnum are located in Minnesota. These include past and present Magnum employees, representatives of Risdall, and representatives of Commers Printing. (*Id*. ¶ 4-6.) Moreover, all of Magnum's documents are located in Minnesota at Magnum's headquarters, including all documents relating to the marketing of Magnum products, documents concerning the patents that cover or covered Magnum's products, and documents relating to Magnum's financial condition and its ability to pay any fine that might be assessed. (*Id*. ¶ 7.)

## IV. ARGUMENT

### A. SEVERANCE OF THE CLAIM AGAINST MAGNUM FROM CLAIMS AGAINST OTHER DEFENDANTS IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 21.

1. SF Tech's Complaint Against Magnum Should Be Severed Because The Requirements For Permissive Joinder Do Not Exist.

Federal Rule of Civil Procedure 21 provides "…On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severance of claims is proper due to misjoinder where the preconditions for permissive joinder under Federal Rule of Civil Procedure 20(a) are absent. *Wright, Miller & Kane,* Federal Practice and Procedure: Civil 3d, § 1683.

Federal Rule of Civil Procedure 20(a) provides, in relevant part:

> (2) Defendants.
> Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Thus, a party desiring joinder must assert: (1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties. *Desert Empire Bank v. Ins. Co. of No. America,* 623 F.2d 1371, 1375 (9th Cir. 1980); *Wynn v. National*

-4-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

*Broadcasting Co.,* 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). These requirements <u>must</u> be satisfied in order to allow for joinder under Rule 20(a). *Wynn*, 234 F. Supp. 2d 1078. Notably, common questions of law or fact do not exist merely because claims against all defendants are based on the same general theory of law. *Id*. at 1080-81; *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 449 (N.D. Cal. 1975).

Here, SF Tech cannot meet and has not alleged the requirements for permissive joinder, as there is no common question of law or fact among the Defendants. The only thing tying the Defendants together is the alleged violation of the same statute. This does not meet the requirements of Rule 20(a). First, as in *Wynn,* it is merely a common theory of law that is not sufficient to be considered a common question of law or fact under Rule 20(a). *See Wynn*, 234 F. Supp. 2d 1080-81. And second, it does not satisfy the common transaction or occurrence requirement. Defendants' alleged violations relate to different products, being marked with different patent numbers, being marked by different Defendants at different times. Accordingly, severing SF Tech's claim against Magnum is appropriate.

2. <u>SF Tech's Complaint Against Magnum Should Be Severed Because This Case Would Result In Jury Confusion.</u>

Additionally, even if SF Tech could meet the requirements for joinder, which, as discussed above, it cannot, discretionary severance would be appropriate because allowing the case to proceed against the numerous unrelated Defendants would result in jury confusion, judicial inefficiency, and unfair prejudice. *See Wynn,* 234 F. Supp. 2d at 1088 (citing *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000)).

*Wynn* is instructive on the issue of the appropriateness of severance here. In *Wynn*, similar to the facts here, the plaintiffs attempted to bring suit against 51 separate defendants in a single suit. *See id.* at 1074. The Court held that this was inappropriate, reasoning that this would complicate and confuse the issues for all involved because, among other things, the case "would present the jury with the hopeless task of trying to discern who did and said what to whom and for what reason." *Id*. at 1089. The Court further recognized significant prejudice that could result from guilt

-5-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

by association because there was a substantial risk that one defendant would be tainted by the alleged misdeeds of another. *Id.*

Here, joinder would be equally difficult and confusing for the jury, who would be required to recall the salient facts concerning 14 different defendants who have nothing in common. Additionally, because "intent to deceive" is a required element of an action under 35 U.S.C. § 292, there is a substantial risk that any alleged intent to deceive by one defendant could be improperly attributed to a codefendant. In these circumstances, severance under Federal Rule of Civil procedure Rule 21 is mandated.

**B.    TRANSFER OF THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA IS PROPER UNDER 28 U.S.C. § 1404(a).**

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

To support a motion to transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Johns v. Panera Bread Co.,* 2008 WL 2811827, *1 (N.D. Cal. July 21, 2008). Here, there can be no legitimate dispute about the first two factors: SF Tech has alleged that venue is proper in this district, (Compl. ¶ 18), and the action plainly could have been brought in the District of Minnesota since Magnum is a Minnesota corporation with it's principle place of business in Minnesota. *See* 28 U.S.C. § 1391. Thus, the only question that needs to be answered in this case is whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice.

Under Section 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000). The court can weigh multiple non-exclusive factors in determining whether transfer is appropriate, including: (1) the location where the relevant agreements were negotiated or executed, (2) the state that is most familiar with the

-6-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of witnesses, and (8) the ease of access to sources of proof. *Id*. at 498-99. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Johns,* 2008 WL 2811827, *1 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)).

For purposes of this case, the most relevant factors are (3), (4), (5), (7), and (8). The only factor conceivably supporting this Court as the proper forum is that SF Tech chose this forum. However, as discussed fully below, the weight afforded to this factor should be significantly reduced given SF Tech's status as a *qui tam* plaintiff. In any event, any weight that may be given to this one factor is insufficient to preclude transfer because the case's "center of gravity" is so squarely tied to Minnesota.

1. <u>Plaintiff's Choice of Forum Should Not Control This Case.</u>

While Plaintiff's choice of forum is generally accorded substantial weight, there are circumstances where such weight is diminished. These circumstances include class action suits, *Johns,* 2008 WL 2811827, *2-3; instances of forum shopping, *Williams v. Bowman,* 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); and cases where plaintiff's forum choice is based on convenience of counsel, *Zimpelman v. Progressive Northern Ins. Co.,* 2010 WL 135325, *1 (N.D. Cal. Jan. 8, 2010). For example, in *Johns,* the court held that the plaintiff's decision to seek to represent a nationwide class substantially undercut the deference normally accorded. 2008 WL 2811827, *2. Relying on the Supreme Court's decision in *Koster v. Am. Lumbermans Mut. Cas. Co.,* 330 U.S. 518 (1947) which held that "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened," the district court gave the plaintiffs forum choice "little deference" and then transferred the case to the defendant's home forum.

-7-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Here, while not a class action, the policy that underlies the *Johns* Court's decision applies with equal force. 35 U.S.C. § 292 allows an action to be brought by "any person." Hence, SF Tech is just one of many plaintiffs that could have pursued this suit. The mere fact that SF Tech happens to be located in this forum and wishes to litigate here should be given little, if any, deference. Further, the inconvenience to SF Tech of litigating in Minnesota is virtually nil because SF Tech is merely a named plaintiff in a *qui tam* action. SF Tech will be required to contribute little, if anything, to this lawsuit. As in the class action context, the minimal inconvenience to SF Tech of litigating in Minnesota cannot and does not outweigh the inconvenience to Magnum of litigating in California.

  2. <u>The Parties' and This Actions Respective Contacts With Minnesota And California Supports Transfer To Minnesota</u>

The contacts between the present forum of California and the claim against Magnum are minimal. Although Magnum's products were available in California, Magnum did not maintain any other presence in California. Notably, over the past five years, Magnum made less than 3.5% of its sales in California. (Seyfert Decl. ¶ 8.) More importantly, none of Magnum's contacts with California have anything to do with the allegations in this case because Magnum's advertising decisions and activities all originated in Minnesota. (*Id*.) Magnum's and this case's contacts with Minnesota are therefore extremely significant. Magnum's entire business operations are directed from its headquarters in Minnesota. (*Id*. ¶ 2, 6, 8.) Additionally, the third parties involved in Magnum's advertising and publication of the Operation's Manual are located in Minnesota. (*Id*. ¶ 4-5.) Thus, this factor supports transfer to Minnesota.

  3. <u>The Convenience of Witnesses Strongly Supports Transfer to Minnesota.</u>

The relative convenience to the witnesses is often recognized as the most important factor considered on a motion under §1404(a). *Morris v. Safeco Ins. Co.,* 2008 WL 5273719, *4 (N.D. Cal. Dec. 19, 2008). In analyzing whether transfer of a case would serve the convenience of witnesses, the Court must look at who the witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary. *Johns,* 2008 WL 2811827, *3. Here, all conceivably relevant witnesses are located in Minnesota and include:

-8-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

- John Risdall, Chairman/CEO of Risdall, Shareholder and Director of Magnum
- Ted Risdall, President of Risdall
- Dianna Schmidt, Account Supervisor at Risdall
- Tom Commers, Owner of Commers Printing, Inc.
- Jim Skildum, Cofounder of Magnum
- John Skildum, Cofounder of Magnum
- John Risdall, Shareholder and Director of Magnum
- Doug Evans, Former President of Magnum
- Jeff Nelson, Former CFO of Magnum
- Bernard White, Engineer responsible for the original Desert Eagle Pistol
- Gene Kessler, Former engineer
- Steve Nelson, former outside patent counsel
- Gerald Helget, current outside patent counsel

(Seyfert Decl. ¶ 4-7.) There should be no witnesses from California. Thus, convenience of the witnesses strongly favors transfer to Minnesota.

4. <u>The Ease of Access To Proof Supports Transfer to Minnesota</u>

"Litigation should proceed where the case finds it's center of gravity," *i.e.* where the majority of the documents and witnesses are located. *Johns,* 2008 WL 2811827, *5. All documents pertaining to Magnum's alleged activities are located in Minnesota. (Seyfert Decl. ¶ 7.) Magnum's headquarters is in Minnesota, Magnum's advertising firm is in Minnesota, and the publisher of the operator's manuals is in Minnesota. (*Id.* ¶ 2, 4-5.) There should be no Magnum documents located in California. Additionally, as explained above, all knowledgeable witnesses are in Minnesota. In short, every source of proof is located in Minnesota and most easily accessible there.

-9-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

## V. CONCLUSION

For the foregoing reasons, Magnum respectfully requests that its motion to sever and transfer to the United States District Court for the District of Minnesota be granted, should the Court deny Magnum's motion to dismiss.

Dated: January 29, 2010

BARGER & WOLEN LLP

By: /S/ Vivian I. Orlando
    LARRY M. GOLUB
    VIVIAN I. ORLANDO
    Attorneys for Defendant
    Magnum Research Inc.

4980254v2

-10-

Defendant Magnum Research Inc.'s Notice of Motion and Motion to Sever and Transfer to District of Minnesota - Case No. C 09 06083 RS

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800