ROBERT E. CAMORS JR., CA BAR NO. 121204
BOBCAMORS@FOLEY.COM
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
975 PAGE MILL ROAD
PALO ALTO, CA 94304-1013
TELEPHONE:    650-856-3700
FACSIMILE:    650-856-3710

KIMBERLY K. DODD, CA BAR NO. 235109
KDODD@FOLEY.COM
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
TELEPHONE:    414.271.2400
FACSIMILE:    414.297.4900

ALLEN A. ARNTSEN (ADMITTED *PRO HAC VICE*)
AARNTSEN@FOLEY.COM
JUSTIN E. GRAY (ADMITTED *PRO HACE VICE*)
JEGRAY@FOLEY.COM
**FOLEY & LARNDER LLP**
ATTORNEYS AT LAW
150 EAST GILMAN STREET
MADISON, WI 53701-01497
TELEPHONE:    608.257.5035
FACSIMILE:    608.258.4258

ATTORNEYS FOR DEFENDANT DELTA FAUCET COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., | Case No:  5:09-cv-06083-RS |
| Plaintiff, | Judge: Hon. Richard Seeborg |
| v. | Date: April 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor (San Francisco) |
| ADOBE SYSTEMS INCORPORATED, THE BRITA PRODUCTS COMPANY, DELTA FAUCET COMPANY, EVANS MANUFACTURING INC., THE EVERCARE COMPANY, GRAPHIC PACKAGING INTERNATIONAL INC., MAGNUM RESEARCH INC., PAVESTONE COMPANY LP, THE PROCTOR & GAMBLE COMPANY, S.C. JOHNSON & SON INC., SPECTRUM BRANDS INC., SUPER SWIM CORP., UNILOCK INC., WEST COAST CHAIN MFG. CO., | **DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO SEVER AND TRANSFER VENUE TO SOUTHERN DISTRICT OF INDIANA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with (1) Declaration of Jay Burnett in Support of Motion to Sever and Transfer Venue; and (2) [Proposed] Order]<br><br>Complaint Filed: December 30, 2009 |
| Defendants. | |

DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO SEVER AND TRANSFER VENUE TO SOUTHERN DISTRICT OF INDIANA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196852.1

**NOTICE OF MOTION**

PLEASE TAKE NOTICE, that on April 8, 2010 at 1:30 p.m. before the Honorable

Judge Richard Seeborg, at the United States District Court for the Northern District of

California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Delta Faucet

Company ("Delta"), by and through its counsel of record, will move the Court pursuant to

Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a) for an Order severing and

transferring Plaintiff San Francisco Technology, Inc.'s ("SFTI") claim against Delta to the

United States District Court for the Southern District of Indiana.

**CONCISE STATEMENT OF RELIEF SOUGHT**

Delta respectfully requests that the claim against it be severed from the claims against

other Defendants pursuant to Fed. R. Civ. P. 21, and the case be transferred to the United States

District Court for the Southern District of Indiana pursuant to 28 U.S.C. §1404(a).  This Motion

is based upon this Notice, the attached Memorandum of Points and Authorities, the

concurrently filed Declaration of Jay Burnett, the pleadings and the papers on file in this action,

and upon such other oral argument and documentary evidence as may be presented at the

hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff San Francisco Technology, Inc. ("SFTI") has filed a Complaint asserting 14

separate and distinct claims under 35 U.S.C. § 292 against 14 unrelated defendants.  These

claims fail to meet the requirements for joinder under Fed. R. Civ. P. 20 and should therefore be

severed under Fed R. Civ. P. 21. Further, SFTI's claim against Delta Faucet Company ("Delta")

should be transferred to the Southern District of Indiana under 28 U.S.C. § 1404 because the

"center of gravity" for this case is plainly located in Indiana.

Although SFTI chose the Northern District of California, its choice should be given

minimal deference because it is a *qui tam* plaintiff that will be required to contribute little, if

anything, to this lawsuit.  Delta has no substantial activities in the Northern District of

California and it is unlikely that any witnesses or documents relevant to the issues in this case are located in this district.  By contrast, all of Delta's operations and activities relevant to the issues in this case are located in the Southern District of Indiana.  The dockets and pace of this court and the Southern District of Indiana are comparable.  Thus, the convenience of the parties and witnesses, as well as the interests of justice, support transfer.

## II. STATEMENT OF ISSUES TO BE DECIDED

1.      Whether SFTI has improperly joined fourteen unrelated Defendants in a lawsuit, thereby requiring severance under Fed. R. Civ. P. 21

2.      Whether the claim against Delta should be transferred to the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1404(a) for the convenience of the parties, the convenience of the witnesses, and in the interests of justice.

## III.  STATEMENT OF RELEVANT FACTS

**A.      SFTI'S COMPLAINT**

SFTI has sued fourteen unrelated Defendants alleging individual and unique violations of 35 U.S.C. § 292. (*See generally,* Compl.) With the exception of being accused of violating the same statute, none of the claims against the various Defendants have anything in common with each other. Only eight paragraphs from SFTI's one hundred twenty-nine paragraph complaint are specifically directed to Delta. (*See* Compl. ¶¶ 5, 22, 55-60.) These allegations do not involve any other Defendant, nor do the allegations against the other Defendants involve Delta. There are *no* common questions of fact. Nor do the alleged wrongs of Delta arise out of the same transaction or occurrence as the alleged wrongs of the other Defendants. Instead, each Defendant is individually accused of marking unrelated products, with unrelated patents, at unrelated times.

**B.      SPECIFIC ALLEGATIONS AGAINST DELTA AND DELTA'S MINIMAL CONTACTS WITH CALIFORNIA**

SFTI alleges that Delta makes and sells faucet products.  (Compl. ¶ 56.)  It further claims that Delta advertises those products through its website, and that this website contains

false patent markings.  (Compl. ¶ 57.)  SFTI claims that suit is proper in California because Delta has advertised and sold its products in California.  (Compl. ¶ 22.)  While Delta does advertise and sell its products in this district on the same basis as it does in the remainder of North America, Delta has always had only minimal contact with the State of California.  (*See* Declaration of Jay Burnett in Support of Delta Faucet Company's Motion to Sever and Transfer Venue to Southern District of Indiana ("Burnett Decl.") ¶¶ 5-7, 10.)  Aside from selling and shipping products to California, Delta has virtually no other contact with California and Delta's contact with California is no greater than any other location in the country where an individual might purchase Delta's products.  (*See id.*)

## C.    DELTA'S SIGNIFICANT TIES TO INDIANA

Delta is a d/b/a for Masco Corporation of Indiana, which is an Indiana corporation with its principal place of business and headquarters located at 55 East 111th Street, Indianapolis, IN 46280.  (Burnett Decl. ¶ 2.) All decisions relating to the sale and promotion of its products originate with the officers, managers and employees located in Indiana.  (*Id.* ¶¶ 3, 10.)  Further, Delta's advertising and marketing is handled out of its Indiana headquarters.  (*Id.* ¶ 3.)  Printing of maintenance and installation materials is also conducted in Indiana.  (*Id.* ¶ 4.)

Because of Delta's significant ties with Indiana, virtually every witness that could conceivably have knowledge about the allegations in SFTI's Complaint against Delta are located in Indiana. Moreover, all of Delta's documents are located in either Indiana at Delta's headquarters or in Michigan at Masco's headquarters, including all documents relating to the marketing of Delta products, documents concerning the patents that cover or covered Delta's products, and documents relating to Delta's financial condition and its ability to pay any fine that might be assessed. (*Id.* ¶ 12.)

# IV.  ARGUMENT

**A.  SEVERANCE OF THE CLAIM AGAINST DELTA FROM CLAIMS AGAINST OTHER DEFENDANTS IS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 21.**

　　1.　　SFTI's Complaint Against Delta Should Be Severed Because The Requirements For Permissive Joinder Do Not Exist.

Federal Rule of Civil Procedure 21 provides "…On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severance of claims is proper due to misjoinder where the preconditions for permissive joinder under Federal Rule of Civil Procedure 20(a) are absent. *Wright, Miller & Kane,* Federal Practice and Procedure: Civil 3d, § 1683.

Federal Rule of Civil Procedure 20(a) provides, in relevant part:

> (2) Defendants.
> Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Thus, a party desiring joinder must assert: (1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties. *Desert Empire Bank v. Ins. Co. of No. America,* 623 F.2d 1371, 1375 (9th Cir. 1980); *Wynn v. National Broadcasting Co.,* 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). These requirements must be satisfied in order to allow for joinder under Rule 20(a). *Wynn,* 234 F. Supp. 2d 1078. Notably, common questions of law or fact do not exist merely because claims against all defendants are based on the same general theory of law. *Id.* at 1080-81; *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 449 (N.D. Cal. 1975).

Here, SFTI cannot meet and has not alleged the requirements for permissive joinder, as it does not satisfy the common transaction or occurrence requirement. Defendants' alleged violations relate to different products, being marked with different patent numbers, being

marked by different Defendants at different times.  Nor are there common question of law or fact among the Defendants. The only thing tying the Defendants together is the alleged violation of the same statute. This does not suffice under Rule 20(a). *See Wynn*, 234 F. Supp. 2d 1080-81. Accordingly, severing SFTI's claim against Delta is appropriate.

        2.      <u>SFTI's Complaint Against Delta Should Be Severed Because This Case Would Result In Jury Confusion.</u>

Even if SFTI could meet the requirements for joinder, discretionary severance would be appropriate because allowing the case to proceed against the numerous unrelated Defendants would result in jury confusion, judicial inefficiency, and unfair prejudice. *See Wynn,* 234 F. Supp. 2d at 1088 (citing *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000)).

In *Wynn*, similar to the facts here, the plaintiffs attempted to bring suit against 51 separate defendants in a single suit. *See id.* at 1074. The Court held that this was inappropriate, reasoning that this would complicate and confuse the issues for all involved because, among other things, the case "would present the jury with the hopeless task of trying to discern who did and said what to whom and for what reason." *Id*. at 1089. The Court further recognized the significant prejudice that could result from the substantial risk that one defendant would be tainted by the alleged misdeeds of another. *Id.*

Here, joinder would be equally difficult and confusing for the jury, who would be required to recall the salient facts concerning 14 different defendants who have nothing in common. Additionally, because "intent to deceive" is a required element of an action under 35 U.S.C. § 292, there is a substantial risk that any alleged intent to deceive by one defendant could be improperly attributed to a codefendant. In these circumstances, severance under Fed. R. Civ. P. 21 is mandated.

**B.    TRANSFER OF THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA IS PROPER UNDER 28 U.S.C. § 1404(a).**

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

To support a motion to transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Johns v. Panera Bread Co.,* 2008 WL 2811827, *1 (N.D. Cal. July 21, 2008). Here, there can be no legitimate dispute about the first two factors: SFTI has alleged that venue is proper in this district, (Compl. ¶ 18), and the action plainly could have been brought in the Southern District of Indiana since Delta is a dba for Masco Corporation of Indiana, an Indiana corporation with its principal place of business in Indiana. *See* 28 U.S.C. § 1391; Burnett Decl. ¶ 2. Thus, the only issue is whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice.

Under Section 1404(a), the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000). The court can weigh multiple nonexclusive factors in determining whether transfer is appropriate, including: (1) the location where the relevant agreements were negotiated or executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of witnesses, and (8) the ease of access to sources of proof. *Id.* at 498-99. The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Johns,* 2008 WL 2811827, *1 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)).

For purposes of this case, the most relevant factors are (3), (4), (5), (6), (7), and (8). The only factor conceivably supporting this Court as the proper forum is that SFTI chose this forum. However, as discussed fully below, the weight afforded to this factor should be significantly reduced given SFTI's status as a *qui tam* plaintiff. In any event, any weight that may be given to this one factor is insufficient to preclude transfer because the case's "center of gravity" is so squarely tied to Indiana.

1.   Plaintiff's Choice of Forum Should Not Control This Case.

While Plaintiff's choice of forum is generally accorded substantial weight, there are circumstances where such weight is diminished. These circumstances include class action suits, *Johns*, 2008 WL 2811827, *2-3; instances of forum shopping, *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); and cases where plaintiff's forum choice is based on convenience of counsel, *Zimpelman v. Progressive Northern Ins. Co.*, 2010 WL 135325, *1 (N.D. Cal. Jan. 8, 2010). For example, in *Johns*, the court held that the plaintiff's decision to seek to represent a nationwide class substantially undercut the deference normally accorded. 2008 WL 2811827, *2. Relying on the Supreme Court's decision in *Koster v. Am. Lumbermans Mut. Cas. Co.*, 330 U.S. 518 (1947) which held that "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened," the district court gave the plaintiffs forum choice "little deference" and then transferred the case to the defendant's home forum.

Here, while not a class action, the policy that underlies the *Johns* Court's decision applies with equal force. 35 U.S.C. § 292 allows an action to be brought by "any person" (who can establish constitutional standing). Because it is a *qui tam* plaintiff, with no individual injury, the mere fact that SFTI happens to be located in this forum and wishes to litigate here should be given little, if any, deference. Further, the inconvenience to SFTI of litigating in

Indiana is virtually nil because, as a *qui tam* plaintiff, SFTI will be required to contribute little, if anything, to this lawsuit. As in the class action context, the minimal inconvenience to SFTI of litigating in Indiana does not outweigh the inconvenience to Delta of litigating in California.

> 2.      The Parties' and This Actions Respective Contacts With Indiana And California Supports Transfer To Indiana.

The contacts between this forum and the claim against Delta are minimal.  While Delta's products were available in California, Delta did not maintain any other significant presence in California.  Notably, over the past five years, Delta made less than 1% of its sales by unit to customers in the Northern District of California (Burnett Decl. ¶ 7.)  More importantly, none of Delta's contacts with California have anything to do with the allegations in this case because Delta's advertising decisions and activities all originated in Indiana.  (*Id.* ¶¶ 3, 10.)  Delta's and this case's contacts with Indiana are therefore extremely significant.  Delta's entire business operations are directed from its headquarters in Indiana.  (*Id.* ¶ 3.)  Additionally, the parties involved in printing Delta's maintenance and installation materials are also located in Indiana.  (*Id.* ¶ 4.)  Thus, this factor supports transfer to Indiana.

> 3.      The Costs of Litigation Supports Transfer to Indiana.

According to the Judicial Caseload profiles generated by the Administrative Office of the U.S. Courts, the dockets and time to disposition and trial for this Court and the U.S. District Court for the Southern District of Indiana are comparable.  *See* www.uscourts.gov.  However, because virtually all of the witnesses and documents are likely to located at or near Indianapolis, with none in this district, the overall litigation costs will be reduced by trying this case in Indianapolis rather than San Francisco.

> 4.      The Convenience of Witnesses Strongly Supports Transfer to Indiana.

The relative convenience to the witnesses is often recognized as the most important factor considered on a motion under §1404(a). *Morris v. Safeco Ins. Co.,* 2008 WL 5273719, *4 (N.D. Cal. Dec. 19, 2008). In analyzing whether transfer of a case would serve the convenience of witnesses, the Court must look at who the witnesses are, the nature of what the testimony

will be, and why such testimony is relevant or necessary. *Johns,* 2008 WL 2811827, *3. Here, the relevant witnesses are Delta employees located in Indiana, including:

- Rick Roetken, VP of Marketing
- Ray Kennedy Jr., Past VP of Sales & Marketing
- Jay Burnett, VP of Engineering
- Susan Fisher, Director of Delta/Peerless Brand Management
- Franco Perin, Director of Product Engineering Management
- Dan Delay, Manager of Technical Documents
- Fred Barendt, Director of Interactive Marketing

(Burnett Decl. ¶¶ 8-9.)  There should be no witnesses from (or anywhere near) California. Thus, convenience of the witnesses strongly favors transfer to Indiana.

     5.    <u>The Ease of Access to Proof Supports Transfer to Indiana.</u>

"Litigation should proceed where the case finds it's center of gravity," *i.e.* where the majority of the documents and witnesses are located. *Johns,* 2008 WL 2811827, *5. All documents pertaining to Delta's alleged activities are located in Indiana or Michigan.  (Burnett Decl. ¶ 12.)   Delta's headquarters is in Indianapolis, Indiana and the publisher of its manuals is also in Indianapolis, Indiana.  (*Id.* ¶¶ 3-4.)  There should be no Delta documents located in California. Additionally, as explained above, the likely witnesses are in Indiana. In short, every source of proof is located in Indiana and most easily accessible there.

## V.  CONCLUSION

For the foregoing reasons, Delta respectfully requests that its motion to sever and transfer to the United States District Court for the Southern District of Indiana be granted, should the Court deny Delta's motion to dismiss and motion to stay.

1    Dated:  March 1, 2010                         Respectfully submitted,

2                                                  FOLEY & LARDNER LLP

3                                                  BY:  /s/ Justin E. Gray
                                                      Allen A. Arntsen
4                                                     Robert E. Camors, Jr.
                                                      Kimberly K. Dodd
5                                                     Justin E. Gray
                                                      Attorneys for Defendant
6                                                     Delta Faucet Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO SEVER AND
TRANSFER VENUE TO SOUTHERN DISTRICT OF INDIANA; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
CASE NO. 5:09-CV-06083 RS (HRL)