ROBERT E. CAMORS JR., CA BAR NO. 121204
BOBCAMORS@FOLEY.COM
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
975 PAGE MILL ROAD
PALO ALTO, CA 94304-1013
TELEPHONE:    650-856-3700
FACSIMILE:    650-856-3710

KIMBERLY K. DODD, CA BAR NO. 235109
KDODD@FOLEY.COM
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
TELEPHONE:    414.271.2400
FACSIMILE:    414.297.4900

ALLEN A. ARNTSEN (ADMITTED *PRO HAC VICE*)
AARNTSEN@FOLEY.COM
JUSTIN E. GRAY (ADMITTED *PRO HACE VICE*)
JEGRAY@FOLEY.COM
**FOLEY & LARNDER LLP**
ATTORNEYS AT LAW
150 EAST GILMAN STREET
MADISON, WI 53701-01497
TELEPHONE:    608.257.5035
FACSIMILE:    608.258.4258

ATTORNEYS FOR DEFENDANT DELTA FAUCET COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS INCORPORATED, THE BRITA PRODUCTS COMPANY, DELTA FAUCET COMPANY, EVANS MANUFACTURING INC., THE EVERCARE COMPANY, GRAPHIC PACKAGING INTERNATIONAL INC., MAGNUM RESEARCH INC., PAVESTONE COMPANY LP, THE PROCTOR & GAMBLE COMPANY, S.C. JOHNSON & SON INC., SPECTRUM BRANDS INC., SUPER SWIM CORP., UNILOCK INC., WEST COAST CHAIN MFG. CO., <br><br> Defendants. | Case No: 5:09-cv-06083-RS <br><br> Judge: Hon. Richard Seeborg <br> Date: April 8, 2010 <br> Time: 1:30 p.m. <br> Courtroom: 3, 17th Floor (San Francisco) <br><br> **DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 9(B) and 12(B)(6)** <br><br> [Filed concurrently with [Proposed] Order] <br><br> Complaint Filed: December 30, 2009 |

DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on April 8, 2010 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Judge Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Delta Faucet Company ("Delta"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) for an Order dismissing Plaintiff San Francisco Technology Inc.'s ("SFTI") Complaint against Delta. This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

Concurrent with the filing of this motion, Delta has filed a Motion to Sever and Transfer Venue to Southern District of Indiana. Delta respectfully requests that the court decide that motion before addressing the sufficiency of the claims asserted against Delta. However, should the court consider the motions in a different order, Delta, by this motion, seeks dismissal of SFTI's claims against Delta pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) on the ground that SFTI failed to plead with the particularity required under Rule 9(b), which applies to claims of false marking under 35 U.S.C. § 292.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

SFTI alleges that Delta and other defendants violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with U.S. patent numbers. With regard to Delta's alleged violations, SFTI points to "advertisement[s]" for faucet products on Delta's web site bearing the numbers of recently expired patents. SFTI then claims that "upon information and belief," Delta made decisions to falsely mark its advertisements and products with expired patents, including decisions allegedly made "long after" expiration of the patents. SFTI concludes by alleging that

2
DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1

Delta did so to induce the public to believe that the products were protected by the marked patents but with the knowledge that expired patents protect nothing, and that this amounts to an intent to deceive. In short, SFTI attempts to turn allegations that advertisements on Delta's web site bearing the numbers of recently expired patents into an inference of improper intent (for which SFTI has no facts and can only support with qualified "information and belief" allegations).

SFTI's false marking allegations sound in fraud, therefore they are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), as another court in this district recognized. SFTI's pleadings do not stand up under Rule 9(b) scrutiny. Indeed, Rule 9(b) exists to prevent precisely the kind of fishing expedition SFTI apparently seeks by leveraging a thimbleful of inconclusive facts into months of expensive, burdensome, and complicated litigation for the Court, Delta, and the other thirteen defendants.

## II.  STATEMENT OF ISSUES TO BE DECIDED

Whether SFTI alleged violations of 35 U.S.C. § 292(a) with sufficient particularity under Fed. R. Civ. P. 9(b) where SFTI only alleged that web site advertisements bearing expired patent numbers are published, and infers allegations of fraudulent intent based solely on "information and belief."

## III.  STATEMENT OF RELEVANT FACTS

On December 30, 2009, SFTI filed its complaint. (*See* Compl.) SFTI's twenty-seven page, one-hundred-twenty-nine paragraph complaint alleges that fourteen different defendants engaged in false marking under 35 U.S.C. § 292. (*Id.*)

SFTI's pleadings against each defendant, including Delta, follow a common theme. Each claim urges that because the numbers of expired patents appear on products in the stream of commerce, SFTI alleges on information and belief, that each defendant decided to mark the products in question after the patent expired. (*See, e.g.*, *id.* ¶¶ 55-60.) SFTI further alleges—solely "[u]pon information and belief" and without any supporting factual allegations—that each defendant "mark[ed] its products with patents to induce the public to believe that each

3
DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1

such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." (*See, e.g.*, *id.* ¶ 60.) SFTI concludes by alleging that each defendant "falsely marked its products with intent to deceive the public." (*See, e.g.*, *id.*)

Tellingly, SFTI qualifies each and every allegation of Delta's purportedly fraudulent intent by claiming that the allegation is based "upon information and belief." (*See, e.g.*, *id.* ¶¶ 59-60.) In particular, SFTI relies uniformly "[u]pon information and belief" in alleging that Delta:

- "made decisions to change each advertisement on at least the revision dates indicated on the fact of each advertisement and decided each time to falsely mark its products with expired patents, since each revision date is after the expiration of at least some of the patents marked in each advertisement." (*Id.* ¶ 59);

- "made decisions to publish such advertisements with false marking on its web site." (*Id.* ¶ 59);

- "made additional decisions to false mark those products during that time." (*Id.* ¶ 59);

- "made decisions to publish each advertisement that contains false marking long after the expirations of one or more listed patents." (*Id.* ¶ 59); and

- "marks it products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." (*Id.* ¶ 60).

## IV.  ARGUMENT

"The false marking statute [*i.e.*, 35 U.S.C. § 292] is a fraud-based claim, which is subject to the pleading requirements of [Rule] 9(b)." *Juniper Networks v. Shipley*, No. C 09-696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009); *see also United States ex rel. Scharmer v. Carrollton Mfg. Co.*, 377 F. Supp. 218, 221 (N.D. Ohio 1974) (summarizing false marking claim as a "contention . . . [of] a conscious fraud.").

Rule 9(b) requires that "[i]n *all* averments of fraud . . ., the circumstances constituting fraud . . . *shall* be stated with particularity." Fed. R. Civ. P. 9(b) (emphases added). Rule 9(b) requires that a plaintiff set forth the activities underlying alleged frauds, the identity of those

4
DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1

involved, and their dates, times, and places. *See United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052-53 (9th Cir. 2001); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[M]ere conclusory allegations of fraud are insufficient."). Essentially, allegations must state "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted). And a party "who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Mere allegations of "suspicious circumstances" do not constitute a sufficient factual basis under Rule 9(b). *Id.*

Rule 9(b) serves several important purposes:

> to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted).[1] A dismissal for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim. Fed. R. Civ. P. 9(b), 12(b)(6); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1008 (9th Cir. 2009). SFTI's complaint should be dismissed because it fails to meet the heightened

---

[1] It is for these same reasons that courts require inequitable conduct claims (which, like false marking claims, sound in fraud) to be pled under Rule 9(b). *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009); *Juniper Networks*, 2009 WL 1381873, at *4 (relying on precedent which held that Rule 9(b) applies to inequitable conduct claims, in holding that Rule 9(b) applies to false marking claims). And the purposes served by Rule 9(b) accord with the Supreme Court's recent precedent regarding the default standards of pleading under Rule 8. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

pleading standards of Rule 9(b) because SFTI fails to allege Delta's allegedly fraudulent *intent* with particularity.

Rule 9(b) requires SFTI to plead facts sufficient to support its allegations of fraudulent *intent*, *i.e.*, that Delta acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a). SFTI failed to do so.

SFTI's conclusory attempts to claim that Delta "made decisions" to mark after the patents allegedly expired fail to pass muster under Rule 9(b). *See Juniper Networks*, 2009 WL 1381873 at *4 (conclusory allegations that defendant "knew" marked product not covered by patent were insufficient under Rule 9(b)). In *Juniper Networks*, the court rejected a similarly-styled pleading that alleged the defendant marked an article "kn[owing] that language to be false . . . ." *Id.* The court noted that false marking claims under 35 U.S.C. § 292 are subject to Rule 9(b) standards, and that the conclusory allegations "that [defendant] 'knew' his reference to the patents was 'false' are . . . insufficient to plead an intent to deceive under section 292(a)." *Id.* Like the relator in *Juniper Networks*, SFTI's intent pleadings are bare of any factual support and are insufficient under Rule 9(b).

Rule 9(b) also does not permit parties to pile improper inferences of intent on top of "suspicious circumstances." *Neubronner*, 6 F.3d at 672. In *Neubronner*, the Ninth Circuit affirmed dismissal of the plaintiff's allegations on "information and belief" under Rule 9(b), where, *inter alia*, the plaintiff alleged only "suspicious circumstances," namely, that the defendant was an investment banker, and that the bank he worked for eventually sank into financial trouble. *Id.* The Ninth Circuit held that such "suspicious circumstances" "d[id] not constitute a sufficient factual basis" for the allegations of insider trading at issue in that case. *Id.; see also, e.g.*, *Stewart v. Wachowski*, No. No. CV 03-2873 MMM (VBKx), 2005 WL 6184235, at *10 n.48 (C.D. Cal. June 14, 2005) ("Allegations based on … weak factual inferences do not satisfy Rule 9(b) pleading requirements.").

Here, SFTI's allegations that expired patent numbers appear on web site "advertisement[s]" is meaningless with respect to any intent associated with the act of marking.

6
DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1

At most, SFTI's complaint amounts to allegations of suspicious circumstances that are insufficient to satisfy its obligation to plead fraudulent intent with particularity. After appropriately discounting the facts that SFTI admits it does not know, SFTI's complaint lacks any facts to support a conclusion that the products in question were marked with any intent, much less "for the purpose of deceiving the public" under 35 U.S.C. § 292(a).

Indeed, in a very recent decision in the U.S. District Court for the District of Delaware, Judge Farnan dismissed similarly threadbare pleadings of intent as insufficient to meet the default pleading standards of Rule 8(a), *Iqbal*, and *Twombly*. *Brinkmeier v. Graco Children's Prods. Inc.*, --- F. Supp. 2d ---, No. 09-262-JJF, 2010 WL 545896 (D. Del. Feb. 16, 2010). Like SFTI does here, the *Brinkmeier* relator tried to parlay the appearance of the numbers of expired patents on products in the stream of commerce into an inference of deceptive intent. *See id.* at *4-5. In particular, the *Brinkmeier* relator alleged: (1) that defendant had an Intellectual Property Manager responsible for patent markings; (2) that because certain patents had expired, defendant "cannot have any reasonable belief that such products are protected by such patents"; (3) that defendant "knows, or should know" that the products have been falsely marked; and (4) that "[u]pon information and belief, [defendant] marked products . . . with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s]." *Id.* The *Brinkmeier* court rejected these pleadings under default Rule 8(a) standards: "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombly*." *Id.*[2] Given that SFTI's pleadings

---

[2] In *Brinkmeier*, the court also found that the relator pled sufficient facts as to **one** patent marking because it alleged that (1) defendant had been sued by two competitors for infringing the marked patent and (2) that defendant revised its patent markings at least three times since the marked patent expired in June 2007. *Id.* at *4. SFTI's pleadings come nowhere close to that level of detail.

7
DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1

are similarly conclusory, they also fail to satisfy the default standards of Rule 8(a), let alone the heightened standards of Rule 9(b).

## V.  CONCLUSION

The Court should dismiss SFTI's complaint under Rule 12(b)(6) for failure to plead false marking with particularity under Rule 9(b).

Dated:  March 1, 2010                                   Respectfully submitted,

                    FOLEY & LARDNER LLP

                    BY:  /s/ Justin E. Gray_____
                     Allen A. Arntsen
                     Robert E. Camors, Jr.
                     Kimberly K. Dodd
                     Justin E. Gray
                     Attorneys for Defendant
                     Delta Faucet Company

8
DEFENDANT DELTA FAUCET COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 9(B) AND 12(B)(6)
CASE NO. 5:09-CV-06083 RS (HRL)

MADI_2196407.1