```
1   Jane L. Froyd (SBN 220776)
    JONES DAY
2   1755 Embarcadero Road
    Palo Alto, CA  94303
3   Telephone:    (650) 739-3939
    Facsimile:    (650) 739-3900
4   jfroyd@jonesday.com

5   Kenneth R. Adamo (Admitted Pro Hac Vice)
    David M. Maiorana (Admitted Pro Hac Vice)
6   Susan M. Gerber (Admitted Pro Hac Vice)
    JONES DAY
7   901 Lakeside Avenue
    Cleveland, OH  44114
8   Telephone:    (216) 586-3939
    Facsimile:    (216) 579-0212
9   kradamo@jonesday.com
    dmaiorana@jonesday.com
10  smgerber@jonesday.com

11  Counsel for Defendant
    The Procter & Gamble Company
12
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| San Francisco Technology Inc., | Case No. C 09 06083 RS (HRL) |
|---|---|
| Plaintiff, | **DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)** |
| v. | |
| Adobe Systems Incorporated, The Brita Products Company, Delta Faucet Company, Evans Manufacturing Inc., The Evercare Company, Graphic Packing International, Inc., Magnum Research Inc., Pavestone Company LP, The Procter & Gamble Company, S.C. Johnson & Son Inc., Spectrum Brands Inc., Super Swim Corp., Unilock Inc., West Coast Chain Mfg. Co., | Judge:      Hon. Richard Seeborg<br>Date:       April 8, 2010<br>Time:       1:30 p.m.<br>Courtroom:  Courtroom 3, 17th Floor |
| Defendants. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on April 8, 2010 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Judge Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom 3, Defendant The Procter & Gamble Company ("P&G"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 12(b)(1) for an Order dismissing Plaintiff San Francisco Technology Inc.'s ("SFTI's") Complaint against P&G. This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

## RELIEF REQUESTED

P&G seeks dismissal of SFTI's claims against P&G pursuant to Fed. R. Civ. P. 12(b)(1).[1] SFTI does not and cannot allege any cognizable injury in fact that would support Article III standing. This Court lacks subject matter jurisdiction and must dismiss under Fed. R. Civ. P. 12(b)(1).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In this case, SFTI alleges that P&G and other defendants violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of U.S. patents. With regard to P&G's alleged violations, SFTI points to certain toothbrushes, facial tissue products, and paper towel products that allegedly appeared in stores in late 2009 bearing the numbers of recently expired patents. SFTI claims that these products were falsely marked and further alleges, albeit without any supporting facts, that P&G purposefully marked these products to deceive the public.

---

[1] P&G understands that the following co-defendants will join P&G's motion to dismiss for lack of standing: Adobe Systems Incorporated, The Brita Products Company, Evans Manufacturing Inc., The Evercare Company, Pavestone Company LP, S.C. Johnson & Son Inc., and West Coast Chain Mfg. Co.

P&G understands that the following co-defendants will bring their own motions to dismiss for lack of standing: Delta Faucet Company, Graphic Packing International, Inc., and Spectrum Brands Inc.

At best, SFTI alleges only a violation of the law because SFTI alleges nothing more. Conspicuously absent from SFTI's voluminous complaint is any allegation that anyone, anywhere has suffered a cognizable injury in fact that would make SFTI's claims justiciable under Article III. P&G requests that the Court dismiss the complaint because SFTI does not (and cannot) allege facts that would support SFTI's Article III standing.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether SFTI has alleged a concrete, particularized injury in fact to itself, the public, or the economy of the United States that would support *qui tam* Article III standing under 35 U.S.C. § 292(b).

## III.   STATEMENT OF RELEVANT FACTS

On December 30, 2009, SFTI filed its complaint in this action. *See* D.I. 1 ("Complaint"). SFTI's twenty-seven (27) page, one-hundred-twenty-nine (129) paragraph complaint alleges that fourteen (14) different defendants engaged in false marking under 35 U.S.C. § 292. *Id.*

SFTI's pleadings against each defendant, including P&G, follow a common theme. Each claim urges that because the numbers of expired patents appear on products in the stream of commerce, SFTI alleges, on information and belief, that each defendant decided to mark the products in question after the patent expired. *See, e.g., id.* ¶¶ 91-98. SFTI further alleges—solely "[u]pon information and belief," and without any supporting factual allegations—that each defendant "mark[ed] its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." *See, e.g., id.* ¶ 99. SFTI concludes by alleging that each defendant "falsely marked its products with intent to deceive the public." *See, e.g., id.*

Nowhere in SFTI's complaint does SFTI allege an injury in fact. SFTI does not allege that it has suffered a personal injury in fact, that the public has suffered an injury in fact, or even that the economy of the United States has suffered an injury in fact. Nor does SFTI allege that any such injuries in fact are imminent or even likely or probable.

IV. ARGUMENT

A. **The Court Should Dismiss SFTI's Complaint Under Rule 12(b)(1) For Lack Of Subject Matter Jurisdiction**

SFTI bears the burden "to allege facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). All plaintiffs—*qui tam* relators included—must have Article III standing. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). If a plaintiff lacks standing, the court lacks subject matter jurisdiction and ***must*** dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Thomas v. Mundell*, 572 F.3d 756, 764 (9th Cir. 2009); *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 974 (9th Cir. 2009).

Article III standing has been called "the most basic doctrinal principle[]" because the Constitution restricts federal judicial power to hear only real cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 128 S.Ct. 2531, 2535 (2008). Article III standing ensures that this case-or-controversy requirement is met. *Id.*

To satisfy Article III standing, SFTI must establish that three requirements are met: injury in fact, causation, and redressability. *Vermont Agency*, 529 U.S. at 771. "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches." *Id.* (internal citations omitted).

The first requirement, injury in fact, must be "concrete and actual or imminent" and cannot be "conjectural or hypothetical." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Rivas v. Rail Delivery Serv., Inc.*, 423 F.3d 1079, 1082 n.1 (9th Cir. 2005); *4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1111-12 (9th Cir. 1999). Indeed, injury in fact is the "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1151 (2009). If SFTI fails to present sufficient facts in the complaint to establish an injury in fact, the complaint must be dismissed. *Lujan*, 504 U.S. at 561; *Warth*, 422 U.S. at 518; *Rivas*, 423 F.3d at

1082-83.

The fact that 35 U.S.C. § 292(b) is a *qui tam* statute does not relieve SFTI of its obligation to satisfy the irreducible constitutional minimum of Article III standing. *See Vermont Agency*, 529 U.S. at 771. *Qui tam* relators, who by definition suffer no "injury in fact" themselves, must nonetheless allege an assignable injury in fact to support *qui tam* Article III standing. *Id.* at 773-74. Absent an assignable injury in fact to the public or the United States in the first instance, there is no *qui tam* Article III standing.

1. **The Court Should Dismiss SFTI's Complaint Because SFTI Does Not Plead An Injury In Fact**

Under 35 U.S.C. § 292, SFTI must plead an assignable injury in fact that has been suffered by the public or the United States. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009). In *Stauffer*, the court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm, *viz.*, that defendants' conduct "ha[d] 'wrongfully quelled competition with respect to [the marked products] thereby causing harm to the economy of the United States[]'" and that defendants "wrongfully and illegally advertis[ed] patent monopolies that they do not possess" and "ha[d] 'benefitted [sic] in at least maintaining their considerable market share . . . ." *Id.* The court held that these conclusory statements were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.* at 255 (quoting *Summers*, 129 S. Ct. at 1151-52; *Lujan*, 504 U.S. at 566). The district court concluded, "[t]hat some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendants' conduct, is purely speculative and plainly insufficient to support standing." *Id.*[2]

Here, the deficiencies in SFTI's complaint are ***even greater*** than those in the complaint

---

[2] The decision in *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714 (E.D. Va. 2009), is not to the contrary. In *Solo Cup*, the defendant alleged that 35 U.S.C. § 292(b) lacks sufficient procedural safeguards, and on that ground, it violated ***Article II***. *See id.* at 720-28. By this motion, P&G is not raising an Article II challenge to the statute. Rather, P&G points out that SFTI, like any plaintiff in any civil case, *Lujan*, 504 U.S. at 561, or any relator in any *qui tam* action, *Vermont Agency*, 529 U.S. at 771, must satisfy the injury in fact requirement of ***Article III***. SFTI has failed to do so here, and lacks Article III standing.

that the court dismissed in *Stauffer*. SFTI fails to allege *any* injury in fact, to anyone, that would support its Article III standing under 35 U.S.C. § 292(b), much less a "purely speculative" injury in fact. SFTI's failure to even *attempt* to allege that anyone, anywhere has suffered any injury in fact, is fatal to SFTI's Article III standing. *Stauffer*, 615 F. Supp. 2d at 254.

### 2. The Court Should Dismiss SFTI's Complaint Without Leave To Amend Because SFTI Cannot Plead An Injury In Fact

Under circumstances where it is clear that a party cannot file an amended complaint to cure subject matter jurisdiction deficiencies, a court may dismiss the complaint without leave to amend. *See Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1136 (9th Cir. 2002) (affirming dismissal of action for lack of subject matter jurisdiction without leave to amend); *see also* Fed. R. Civ. P. 15(a)(2); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal where "it was clear that the plaintiffs had made their best case and had been found wanting"). Dismissal without leave to amend is warranted here for at least two reasons.

*First,* SFTI did not, and cannot, identify any concrete and particularized harm to itself, the public, or the United States economy that would support Article III standing. SFTI cannot plead a personal injury in fact. SFTI's pleadings do not hint that there has ever been (or ever will be) any quantifiable injury to the public or the United States economy caused by P&G's alleged conduct. Nor did SFTI allege that any actual competitor of P&G (or any other entity or person for that matter) has suffered or will suffer any harm due to P&G's alleged conduct.

Indeed, SFTI cannot allege any such harm because to do so would defy reality. SFTI has accused P&G of falsely marking expired patents on three consumer products: Oral B® toothbrushes, Bounty® paper towels, and Puffs® facial tissue. Other participants in the marketplace, such as consumer product companies Colgate-Palmolive and Kimberly-Clark Corporation, are highly sophisticated and have large, in-house intellectual property legal departments. There is no possibility that these companies would ever be deceived or harmed by the patent numbers marked on P&G's packages. SFTI alleges no such deception or harm. Further, there is no chance that any member of the public could be deceived and, therefore, harmed by expired patent numbers marked on the packages because the salient information about

patents is readily available to everyone.

*Second,* SFTI cannot evade the basic injury-in-fact requirement of Article III by claiming it has standing to sue for alleged violations of the law wholly divorced from any concrete and particularized injury in fact. Legions of cases hold that to confer Article III standing, a private party ***cannot*** rely on an abstract interest in seeing that the laws are not violated. *Lance v. Coffman*, 549 U.S. 437, 442 (2007) ("The only injury plaintiffs allege is that the law . . . has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance . . . that we have refused to countenance in the past."); *Federal Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998) (An "abstract" harm such as "injury to the interest in seeing that the law is obeyed . . . deprives the case of the concrete specificity" necessary for standing); *Lujan*, 504 U.S. at 573-74 ("[H]arm to . . . every citizen's interest in proper application of the Constitution and laws . . . does not state an Article III case or controversy.").

In the same vein, SFTI cannot privately exercise the government's duty to ensure the laws are faithfully obeyed. *See Stauffer*, 615 F. Supp. 2d at 254 n.5 ("[T]he Court doubts that the Government's interest in seeing its laws enforced could alone be an assignable, concrete injury in fact sufficient to establish a *qui tam* plaintiff's standing.") (citation omitted); *see also* Myriam E. Gilles, *Representational Standing: U.S. ex rel. Stevens and the Future of Public Law Litigation*, 89 Cal. L. Rev. 315, 344 (2001) ("[C]laims seeking to vindicate the government's non-proprietary, sovereign interests are not assignable."). (*See* Appendix of Authorities ("App."), filed concurrently herewith, Tab 8.)

The Supreme Court explained this principle when it addressed a "citizen-suit" provision of the Endangered Species Act, 16 U.S.C. § 1540(g) ("ESA"), which provided that "any person may commence a civil suit on his own behalf . . . to enjoin any person . . . who is alleged to be in violation of any provision of this chapter." *Lujan*, 504 U.S. at 571-72. In holding that the plaintiff lacked Article III standing, the Court found that Article III does not permit conversion of

> the public interest in proper administration of the laws . . . into an
> individual right by a statute that denominates it as such, and that
> permits all citizens . . . to sue. If the concrete injury requirement
> has the separation-of-powers significance we have always said, the
> answer must be obvious: To permit Congress to convert the

> undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed,' Art. II, § 3.

*Id.* at 576-77. *See Allen v. Wright*, 468 U.S. 737, 761 (1984) ("The Constitution . . . assigns to the Executive Branch, and not to the Judicial Branch, the duty to 'take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3. We could not recognize respondents' standing in this case without running afoul of that structural principle."); *see also Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471-76 (1982) (explaining that Article III's "case or controversy" requirement circumscribes Judicial Branch powers under separation of powers doctrine); *see generally* Tara Leigh Grove, *Standing as an Article II Nondelegation Doctrine*, 11 U. Pa. J. Const. L. 781 (2009) (explaining that Article III reinforces Article II nondelegation doctrine by prohibiting private prosecutorial discretion for violations of law, except for those private parties who can show a cognizable injury in fact). (App., Tab 9.)

Notwithstanding *Stauffer,* the Supreme Court authority and the commentary discussed above, P&G is aware of a footnote in the *Solo Cup* decision that seems to assume, without deciding, that a false marking claimant might have Article III standing based solely on an alleged violation of the law. 640 F. Supp. 2d at 724 n.15. P&G submits that the *Solo Cup* footnote does not save SFTI from its lack of Article III standing for at least four reasons.

*First*, the *Solo Cup* footnote was dicta. The main thrusts of the *Solo Cup* decision were (1) whether 35 U.S.C. § 292(b) was a *qui tam* statute and (2) the constitutionality of 35 U.S.C. § 292(b) under Article II, **not** the relator's lack of Article III standing. *See id.* at 720-28. *Second*, neither the *Solo Cup* footnote nor the *Solo Cup* decision is binding on this Court. *Third*, the *Solo Cup* footnote conflicts with the weight of applicable authority, as discussed above. *Fourth*, the *Solo Cup* footnote's reasoning was flawed because it erroneously said that *Vermont Agency* did not distinguish sovereign injury from proprietary injury. *Id.* at 724 n.15. In fact, *Vermont Agency* **did** distinguish between the two by separately defining "the injury to its sovereignty arising from violation of its laws (which suffices to support a criminal lawsuit by the Government) and the

proprietary injury resulting from the alleged fraud." 529 U.S. at 771. The Court held only that the ***proprietary*** injury could be assigned to a private party for Article III standing purposes. *See id.* at 773 (holding that False Claims Act "effect[ed] a partial assignment of the Government's ***damages claim***") (emphasis added). The Court did ***not*** hold that a sovereign injury, *i.e.*, the source of the government's ability to enforce its criminal laws, could be assigned to a private party for Article III standing purposes.

In sum, SFTI does not, and cannot, allege that anyone has been injured by P&G's patent marking. And, even if SFTI were to allege in response to this motion that it has Article III standing because laws have been violated or because it can privately exercise the government's duty to see that the laws are faithfully obeyed—which it did not allege in the Complaint—such allegations fail as a matter of law in view of the ample Supreme Court jurisprudence discussed herein.

## VI. CONCLUSION

The Court should dismiss the complaint without leave to amend because SFTI cannot allege a cognizable injury in fact to support Article III standing.

| | | |
|---|---|---|
| 1 | Dated: March 1, 2010 | Respectfully submitted, |
| 2 | | JONES DAY |
| 3 | | |
| 4 | | By: /s/ Jane L. Froyd |
| 5 | | Jane L. Froyd (SBN 220776) |
| 6 | | 1755 Embarcadero Road<br>Palo Alto, CA  94303 |
| 7 | | Telephone:    (650) 739-3939<br>Facsimile:    (650) 739-3900 |
| 8 | | jfroyd@jonesday.com |
| 9 | | Kenneth R. Adamo (*Pro Hac Vice*)<br>David M. Maiorana (*Pro Hac Vice*) |
| 10 | | Susan M. Gerber (*Pro Hac Vice*) |
| 11 | | 901 Lakeside Avenue<br>Cleveland, OH  44114 |
| 12 | | Telephone:    (216) 586-3939<br>Facsimile:    (216) 579-0212 |
| 13 | | kradamo@jonesday.com<br>dmaiorana@jonesday.com |
| 14 | | smgerber@jonesday.com |
| 15 | | Counsel for Defendant |
| 16 | | The Procter & Gamble Company |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

<u>PROOF OF SERVICE</u>

I, Shirley Nakano-McSwain, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1755 Embarcadero Road, Palo Alto, California 94303. On March 1, 2010, I served a copy of the attached document(s):

**DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)**

**[PROPOSED] ORDER GRANTING DEFENDANT THE PROCTER & GAMBLE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)**

**APPENDIX OF AUTHORITIES CITED IN DEFENDANT THE PROCTER & GAMBLE COMPANY'S MOTIONS TO DISMISS AND MOTION TO STAY**

[x] by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

| | |
|---|---|
| Super Swim Corp.<br>10711 Deer Run Farm Road<br>Ft. Myers, FL  33912 | Unilock Ltd.<br>287 Armstrong Ave.<br>Georgetown, ON  L7G 4X6 |

Executed on March 1, 2010, at Palo Alto, California.

By: /s/ Shirley Nakano-McSwain
Shirley Nakano-McSwain