Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:  (650) 739-3939
Facsimile:  (650) 739-3900
jfroyd@jonesday.com

Kenneth R. Adamo (Admitted *Pro Hac Vice*)
David M. Maiorana (Admitted *Pro Hac Vice*)
Susan M. Gerber (Admitted *Pro Hac Vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
kradamo@jonesday.com
dmaiorana@jonesday.com
smgerber@jonesday.com

Counsel for Defendant
The Procter & Gamble Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| San Francisco Technology Inc.,<br><br>         Plaintiff,<br><br>    v.<br><br>Adobe Systems Incorporated, The Brita Products Company, Delta Faucet Company, Evans Manufacturing Inc., The Evercare Company, Graphic Packing International, Inc., Magnum Research Inc., Pavestone Company LP, The Procter & Gamble Company, S.C. Johnson & Son Inc., Spectrum Brands Inc., Super Swim Corp., Unilock Inc., West Coast Chain Mfg. Co.,<br><br>         Defendants. | Case No. C 09 06083 RS (HRL)<br><br>**DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Judge:      Hon. Richard Seeborg<br>Date:        April 8, 2010<br>Time:       1:30 p.m.<br>Courtroom:  Courtroom 3, 17th Floor |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE, that on April 8, 2010 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Judge Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom 3, Defendant The Procter & Gamble Company ("P&G"), by and through its counsel of record, will move the Court to stay all proceedings in this case until the Federal Circuit issues a ruling in *Stauffer v. Brooks Bros.*, Appeal Nos. 2009-1428, 2009-1430, 2009-1453, which appeals present the exact issue that has been put before this Court in two motions to dismiss for lack of subject matter jurisdiction. This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion.

**RELIEF REQUESTED**

P&G seeks a stay of all proceedings in this case until the Federal Circuit issues a ruling in *Stauffer*.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

In this case, Plaintiff San Francisco Technology Inc. ("SFTI") alleges that P&G and other defendants violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of U.S. patents. With regard to P&G's alleged violations, SFTI points to certain toothbrushes, facial tissue products, and paper towel products that allegedly appeared in stores in late 2009 bearing the numbers of recently expired patents. SFTI claims that these products were falsely marked and further alleges, without any supporting facts, that P&G purposefully marked these products to deceive the public.

Two defendants, P&G and Magnum Research Inc. ("Magnum"), have filed motions to

---

[1] P&G understands that the following co-defendants will join this motion: Adobe Systems Incorporated, The Brita Products Company, Delta Faucet Company, Evans Manufacturing Inc., The Evercare Company, Graphic Packing International, Inc., Pavestone Company LP, S.C. Johnson & Son Inc., Spectrum Brands Inc., and West Coast Chain Mfg. Co.

dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because SFTI lacked Article III standing to bring this action, and several other defendants join P&G's motion and/or are bringing their own motions to dismiss. If the Court finds that SFTI lacked standing to file its complaint in this action, the Court must dismiss this case in its entirety.

The circumstances in which a private party has standing under Article III of the United States Constitution to bring an action for false patent marking under 35 U.S.C. § 292(b) is an issue of first impression currently pending before the United States Court of Appeals for the Federal Circuit in *Stauffer*. When that decision is rendered, the Federal Circuit's reasoning and analysis will likely bear directly on this Court's consideration of the pending motions to dismiss for lack of subject matter jurisdiction.

The motions to dismiss for lack of subject matter jurisdiction are case dispositive if granted, therefore a stay to await the Federal Circuit's ruling on the standing issue conserves this Court's and the parties' resources. The Federal Circuit is likely to issue a decision in *Stauffer* before the end of 2010; a stay granted in this case will likely be for a finite and determinate length. Rather than deciding the motions to dismiss now without benefit of the Federal Circuit's guidance, and continuing to move forward in the case (including discovery), P&G requests that the Court stay this case until the Federal Circuit issues its decision.

SFTI will not be prejudiced by a short stay pending issuance of the *Stauffer* decision. SFTI seeks only monetary penalties for its allegations of false marking. *See* D.I. 1 ("Complaint"), at 27. SFTI has not alleged *any* injury to itself or anyone else as a result of Defendants' acts.[2] SFTI will not suffer any harm, let alone irreparable harm, if the Court stays the case for a short period of time; rather, if the Court ultimately denies the motions to dismiss, SFTI can continue to pursue the monetary penalties to which it believes it is entitled.

This Court should grant the motion to stay.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether this Court should stay the instant case pending a ruling by the Federal Circuit in

---

[2] Indeed, this lack of injury-in-fact forms the basis for the motions to dismiss for lack of subject matter jurisdiction.

*Stauffer* because that appeal concerns the exact jurisdictional issue presented to this Court in motions to dismiss for lack of subject matter jurisdiction.

### III. STATEMENT OF RELEVANT FACTS

#### A. The Instant Case

On December 30, 2009, SFTI filed its complaint in this action, alleging that fourteen different defendants engaged in false marking under 35 U.S.C. § 292. *See* D.I. 1. On January 29, 2010, Defendant Magnum filed a motion to dismiss.[3] *See* D.I. 50. In its motion, Magnum seeks, *inter alia*, dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because SFTI lacks Article III standing to bring this action.

Concurrently herewith, P&G is filing its own motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and a second motion to dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b). As indicated in each of P&G's motions, these motions are joined by several of the co-defendants. In addition, several co-defendants are bringing separate motions to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and/or 9(b).

#### B. The *Stauffer* Case

In *Stauffer*, the district court dismissed a *qui tam* relator's complaint under 35 U.S.C. § 292, where the relator pled only vague and generalized allegations of harm. *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009). The court held that the conclusory statements of harm set forth in the complaint were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Id.* at 255.[4]

Both Stauffer and the U.S. Government (who unsuccessfully tried to intervene in the case)

---

[3] Defendant Magnum also brought a motion to sever and transfer. P&G understands that co-defendants Delta Faucet Company and Graphic Packing International, Inc. are bringing motions to sever and/or transfer, and that West Coast Chain Mfg. Co. will join the motions to sever. P&G maintains that this Court should stay the case, but it does not oppose the other defendants' requests to sever and/or transfer.

[4] The deficiencies in SFTI's complaint are **even greater** than those in the complaint that the court dismissed in *Stauffer*. *See* P&G's Rule 12(B)(1) Motion to Dismiss at 6. SFTI fails to allege **any** injury-in-fact, to anyone, that would support its Article III standing under 35 U.S.C. § 292(b), much less a "purely speculative" injury-in-fact. SFTI's failure to even **attempt** to allege that anyone, anywhere has suffered any injury-in-fact, is fatal to SFTI's Article III standing.

have appealed the district court's decision. Those appeals and related cross-appeals have been consolidated. (*See* Appeal Nos. 2009-1428, 2009-1430, 2009-1453). Briefing in these appeals is nearly complete, and it is likely that the Court will issue a decision before the end of 2010.[5]

## IV. ARGUMENT

### A. The Court Should Stay All Proceedings In The Instant Case Pending A Ruling By The Federal Circuit In The *Stauffer* Case

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This Court must weigh the equities, taking into account (1) the possible damage caused by a stay, (2) the hardships of proceeding without a stay, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Hynix Semiconductor, Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2009 U.S. Dist. LEXIS 10939, at *15 (N.D. Cal. Feb. 3, 2009) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962)) (*sua sponte* staying case pending a decision by the Federal Circuit on the same issue presented in summary judgment motions)[6] (*See* Appendix of Authorities ("App."), filed concurrently herewith, Tab 4); *see also Public Patent Found., Inc. v. Glaxosmithkline Consumer Healthcare, L.P.*, No. 09 Civ. 5881, Slip Op. (S.D.N.Y. Feb. 17, 2010) (*sua sponte* staying false marking case with pending motions to dismiss for lack of Article III standing "[i]n light of the appeal currently pending in the Court of Appeals for the Federal Circuit of an order issued in <u>Stauffer v. Brooks Bros. Inc.</u> . . . which raises the same legal question that is currently pending here"). (App., Tab 6.)

---

[5] The Senate recently released a revised version of S 515, which is its version of the Patent Reform Act of 2010. This bill contains a provision modifying Section 292 in a way that would eliminate SFTI's standing. As currently written, this provision would apply to all pending cases. While not yet final, this legislative movement further underscores the uncertainty in the current law and supports the relief requested by the parties.

[6] This Court noted that it does not appear that the decision to stay proceedings in a patent case implicates Federal Circuit law, such that Ninth Circuit law applies. *Hynix*, 2009 U.S. Dist LEXIS 10939, at *15, n.3. The Court went on to note, however, that the Federal Circuit and the Ninth Circuit treat the issue similarly. *Id.*

### 1. SFTI Will Not Be Prejudiced By A Short Stay Of This Case

In its complaint, SFTI does not allege any injury to itself or any other entity resulting from Defendants' accused conduct. SFTI seeks only monetary penalties for the alleged false patent marking, half of which it must share with the United States. 35 U.S.C. § 292(b). SFTI cannot point to any prejudice it would suffer if the Court stays this case for a short period of time, except, perhaps, a delay in when it might receive its half of any penalties ultimately awarded. Even if a short delay could be considered a hardship or prejudicial to SFTI (and it cannot), any such prejudice is far outweighed by the interests of justice and judicial economy promoted by staying the case. *See Catch Curve, Inc. v. Graphnet, Inc.*, Civil Action No. 1:06-CV-2386-CC, Slip. Op., (N.D. Ga. Feb. 18, 2009) (granting stay of case pending Federal Circuit ruling in another case, noting that briefing in the appeal was imminent so that stay would be short, and that any prejudice caused by the short delay was outweighed by the benefits of receiving the Federal Circuit's opinion) (App., Tab 2); *Genentech, Inc. v. Sanofi-Aventis Deutschland GmbH et al.*, No. C 08-4909 SI, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009) (staying case pending outcome of Federal Circuit decision on petition for writ of mandamus in separate case). (App., Tab 3.)

The stay P&G requests does not require the Court to modify the case schedule or continue a trial date, factors that might militate against a stay under some circumstances. Here, this case is in its infancy. The Case Management Conference is weeks away. The Court has not provided a schedule for the case, let alone a trial date. There is no prejudice to SFTI if P&G's motion to stay is granted.

### 2. Staying The Case Until The Federal Circuit Rules Simplifies The Issues In Question And Reduces The Burden On The Court And The Parties

The issue presented by the pending motions to dismiss—whether a private party has Article III standing to bring an action for false marking under 35 U.S.C. § 292 where it cannot show an injury-in-fact to itself, the public, or the United States economy—is squarely before the Federal Circuit in *Stauffer*. The Federal Circuit's ruling in *Stauffer* will likely bear directly on this Court's consideration of the motions to dismiss. Having the benefit of the Federal Circuit's analysis of the standing issue should simplify the questions of law raised by the motions to

dismiss.

Staying this case for a short period of time until the Federal Circuit provides guidance on the standing issue to the Court and to the parties will prevent the considerable waste of the Court's and the parties' resources caused by briefing, arguing, and deciding the motions to dismiss (without the benefit of the Federal Circuit's guidance) and certain co-defendants' motions to sever and transfer, as well as conducting discovery, resolving discovery disputes, and the like.

This is not a situation where P&G seeks an infinite or indefinite stay. A decision in *Stauffer* is likely to be issued before the end of 2010; a stay will be for a finite and determinate length, likely measured in months. The prudent and proper course of action is for this Court to stay the case in its entirety until the *Stauffer* decision issues.

## VI. CONCLUSION

The Court should stay this case until the Federal Circuit issues a decision in *Stauffer v. Brooks Bros.*

| | | |
|---|---|---|
| 1 | Dated: March 1, 2010 | Respectfully submitted, |
| 2 | | JONES DAY |
| 4 | | By: /s/ Jane L. Froyd |
| 5 | | Jane L. Froyd (SBN 220776) |

1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
jfroyd@jonesday.com

Kenneth R. Adamo (*Pro Hac Vice*)
David M. Maiorana (*Pro Hac Vice*)
Susan M. Gerber (*Pro Hac Vice*)

901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
kradamo@jonesday.com
dmaiorana@jonesday.com
smgerber@jonesday.com

Counsel for Defendant
The Procter & Gamble Company

- 7 -

P&G'S MOTION TO STAY
CASE NO. C 09 06083 RS (HRL)

1  PROOF OF SERVICE

2  I, Shirley Nakano-McSwain, declare:

3  I am a citizen of the United States and employed in Santa Clara County, California. I am

4  over the age of eighteen years and not a party to the within-entitled action. My business address

5  is 1755 Embarcadero Road, Palo Alto, California 94303. On March 1, 2010, I served a copy of

6  the attached document(s):

7  **DEFENDANT THE PROCTER & GAMBLE COMPANY'S NOTICE OF MOTION AND MOTION TO STAY**

8  **[PROPOSED] ORDER GRANTING DEFENDANT THE PROCTER & GAMBLE COMPANY'S MOTION TO STAY**

9

10  ☒ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

11

12

13  Super Swim Corp.                Unilock Ltd.
    10711 Deer Run Farm Road        287 Armstrong Ave.
    Ft. Myers, FL  33912            Georgetown, ON  L7G 4X6

14

15  Executed on March 1, 2010, at Palo Alto, California.

16

17  By: /s/ Shirley Nakano-McSwain
    Shirley Nakano-McSwain

18

19

20

21

22

23

24

25

26

27

28