1   RICHARD A. WALLEN, CA Bar No. 33696
    richard.wallen@cph.com
2   BRIAN K. BROOKEY, CA Bar No. 149522
    brian.brookey@cph.com
3   STEVEN E. LAURIDSEN, CA Bar No. 246364
    steven.lauridsen@cph.com
4   CHRISTIE, PARKER & HALE, LLP
    350 West Colorado Boulevard, Suite 500
5   Post Office Box 7068
    Pasadena, California 91109-7068
6   Telephone: (626) 795-9900
    Facsimile: (626) 577-8800
7
    Attorneys for Defendant,
8   WEST COAST CHAIN MFG. CO.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

| | |
|---|---|
| 13   SAN FRANCISCO TECHNOLOGY, INC., | Case No. 5:09-cv-06083-RS |
| 14                  Plaintiff, | **DEFENDANT WEST COAST CHAIN MFG. CO.'S ANSWER** |
| 15            vs. | |
| 16   ADOBE SYSTEMS, INCORPORATED, THE BRITA PRODUCTS COMPANY, | |
| 17   DELTA FAUCET COMPANY, EVANS MANUFACTURING, INC., THE | |
| 18   EVERCARE COMPANY, GRAPHIC PACKAGING INTERNATIONAL, INC., | |
| 19   MAGNUM RESEARCH, INC., PAVESTONE COMPANY LP, THE | |
| 20   PROCTOR & GAMBLE COMPANY, S.C. JOHNSON & SON, INC., SPECTRUM | |
| 21   BRANDS INC., SUPER SWIM CORP., UNILOCK, INC., WEST COAST CHAIN | |
| 22   MFG. CO., | |
| 23                  Defendants. | |

24

25       West Coast Chain Mfg. Co. ("West Coast Chain"), for itself alone, responds to the

26   allegations of the Complaint filed by Plaintiff San Francisco Technology, Inc. ("SFT") as

27   follows:

28   DEFENDANT WEST COAST CHAIN MFG CO. ANSWER
     CASE NO. 5:09-CV-06083-RS

CHRISTIE, PARKER & HALE, LLP

**Nature of Action**

1.        West Coast Chain admits that this is a *qui tam* action to impose civil fines for alleged false marking and that 35 U.S.C. § 292 speaks for itself.  West Coast Chain specifically denies that it has committed acts of false marking with intent to deceive the public.  West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

**Parties**

2.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.        West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.       West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.       West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

DEFENDANT WEST COAST CHAIN MFG CO. ANSWER
CASE NO. 5:09-CV-06083-RS

CHRISTIE, PARKER & HALE, LLP

12.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    West Coast Chain admits the allegations contained in Paragraph 16 of the Complaint.

### Jurisdiction & Venue

17.    West Coast Chain denies the allegations contained in Paragraph 17 of the Complaint.

18.    West Coast Chain denies the allegations contained in Paragraph 18 of the Complaint.  Regardless of whether venue is proper, venue should be transferred to the Central District of California for the convenience of the parties and the witnesses.

19.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.    West Coast Chain lacks knowledge or information sufficient to form a belief as

1    to the truth of the allegations contained in Paragraph 24 of the Complaint.

2        25.    West Coast Chain lacks knowledge or information sufficient to form a belief as

3    to the truth of the allegations contained in Paragraph 25 of the Complaint.

4        26.    West Coast Chain lacks knowledge or information sufficient to form a belief as

5    to the truth of the allegations contained in Paragraph 26 of the Complaint.

6        27.    West Coast Chain lacks knowledge or information sufficient to form a belief as

7    to the truth of the allegations contained in Paragraph 27 of the Complaint.

8        28.    West Coast Chain lacks knowledge or information sufficient to form a belief as

9    to the truth of the allegations contained in Paragraph 28 of the Complaint.

10        29.    West Coast Chain lacks knowledge or information sufficient to form a belief as

11    to the truth of the allegations contained in Paragraph 29 of the Complaint.

12        30.    West Coast Chain lacks knowledge or information sufficient to form a belief as

13    to the truth of the allegations contained in Paragraph 30 of the Complaint.

14        31.    West Coast Chain lacks knowledge or information sufficient to form a belief as

15    to the truth of the allegations contained in Paragraph 31 of the Complaint.

16        32.    West Coast Chain lacks knowledge or information sufficient to form a belief as

17    to the truth of the allegations contained in Paragraph 32 of the Complaint.

18        33.    West Coast Chain admits that it is a California corporation with its principal

19    place of business in Ontario, California. West Coast Chain denies that it has sold falsely

20    marked products within the meaning of 35 U.S.C. § 292 within this district or in the stream of

21    commerce with knowledge that they would be sold in California and in this district. West

22    Coast Chain also denies that venue properly lies in this judicial district with respect to West

23    Coast Chain.

### Intradistrict Assignment

24

25        34.    West Coast Chain admits that the claims arise under 35 U.S.C. § 292 and do not

26    appear to concern infringement or validity of any patent. West Coast Chain denies that

27    assignment to the San Jose Division is appropriate and that a substantial portion of the events

28
DEFENDANT WEST COAST CHAIN MFG CO. ANSWER
CASE NO. 5:09-CV-06083-RS
                                           -4-

CHRISTIE, PARKER & HALE, LLP

1    underlying the case occurred in Santa Clara County.  West Coast Chain lacks knowledge or

2    information sufficient to form a belief as to the truth of the allegations contained in Paragraph

3    34 of the Complaint.

4

5                              **Count 1: Adobe's False Marking**

6            35.      West Coast Chain restates its responses to Paragraphs 1-34 of the Complaint as

7    if fully stated here.

8            36-49. Paragraphs 36-49 of the Complaint are not directed at West Coast Chain.  As a

9    result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations contained in Paragraphs 36-49 of the Complaint.

11                             **Count 2: Brita's False Marking**

12           50.      West Coast Chain restates its responses to Paragraphs 1-49 of the Complaint as

13   if fully stated here.

14           51-54. Paragraphs 51-54 of the Complaint are not directed at West Coast Chain.  As a

15   result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the

16   truth of the allegations contained in Paragraphs 51-54 of the Complaint.

17                             **Count 3: Delta's False Marking**

18           55.      West Coast Chain restates its responses to Paragraphs 1-54 of the Complaint as

19   if fully stated here.

20           56-60. Paragraphs 56-60 of the Complaint are not directed at West Coast Chain.  As a

21   result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the

22   truth of the allegations contained in Paragraphs 56-60 of the Complaint.

23                             **Count 4: Evans' False Marking**

24           61.      West Coast Chain restates its responses to Paragraphs 1-60 of the Complaint as

25   if fully stated here.

26           62-68. Paragraphs 62-68 of the Complaint are not directed at West Coast Chain.  As a

27   result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the

28   DEFENDANT WEST COAST CHAIN MFG CO. ANSWER
     CASE NO. 5:09-CV-06083-RS

CHRISTIE, PARKER & HALE, LLP

truth of the allegations contained in Paragraphs 62-68 of the Complaint.

### Count 5: Evercare's False Marking

69.     West Coast Chain restates its responses to Paragraphs 1-68 of the Complaint as if fully stated here.

70-72. Paragraphs 70-72 of the Complaint are not directed at West Coast Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 70-72 of the Complaint.

### Count 6: Graphic Packaging's False Marking

73.     West Coast Chain restates its responses to Paragraphs 1-72 of the Complaint as if fully stated here.

74-77. Paragraphs 74-77 of the Complaint are not directed at West Coast Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 74-77 of the Complaint.

### Count 7: Magnum's False Marking

78.     West Coast Chain restates its responses to Paragraphs 1-77 of the Complaint as if fully stated here.

79-82. Paragraphs 79-82 of the Complaint are not directed at West Coast Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 79-82 of the Complaint.

### Count 8: Pavestone's False Marking

83.     West Coast Chain restates its responses to Paragraphs 1-82 of the Complaint as if fully stated here.

84-88. Paragraphs 84-88 of the Complaint are not directed at West Coast Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 84-88 of the Complaint.

### Count 9: Proctor & Gamble's False Marking

89.     West Coast Chain restates its responses to Paragraphs 1-88 of the Complaint as

1    if fully stated here.

2         90-99. Paragraphs 90-99 of the Complaint are not directed at West Coast Chain.  As a

3    result, West Coast Chain lacks knowledge or information sufficient to form a belief as to the

4    truth of the allegations contained in Paragraphs 90-99 of the Complaint.

5    **Count 10: SC Johnson's False Marking**

6         100.   West Coast Chain restates its responses to Paragraphs 1-99 of the Complaint as

7    if fully stated here.

8         101-105.   Paragraphs 101-105 of the Complaint are not directed at West Coast

9    Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a

10   belief as to the truth of the allegations contained in Paragraphs 101-105 of the Complaint.

11   **Count 11: Spectrum's False Marking**

12        106.   West Coast Chain restates its responses to Paragraphs 1-105 of the Complaint as

13   if fully stated here.

14        107-111.   Paragraphs 107-111 of the Complaint are not directed at West Coast

15   Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a

16   belief as to the truth of the allegations contained in Paragraphs 107-111 of the Complaint.

17   **Count 12: Super Swim's False Marking**

18        112.   West Coast Chain restates its responses to Paragraphs 1-111 of the Complaint as

19   if fully stated here.

20        113-116.   Paragraphs 113-116 of the Complaint are not directed at West Coast

21   Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a

22   belief as to the truth of the allegations contained in Paragraphs 113-116 of the Complaint.

23   **Count 13: Unilock's False Marking**

24        117.   West Coast Chain restates its responses to Paragraphs 1-116 of the Complaint as

25   if fully stated here.

26        118-122.   Paragraphs 118-122 of the Complaint are not directed at West Coast

27   Chain.  As a result, West Coast Chain lacks knowledge or information sufficient to form a

28   
DEFENDANT WEST COAST CHAIN MFG CO. ANSWER
CASE NO. 5:09-CV-06083-RS

CHRISTIE, PARKER & HALE, LLP

1    belief as to the truth of the allegations contained in Paragraphs 118-122 of the Complaint.

2                   **Count 14: West Coast Chain's False Marking**

3         123.    West Coast Chain restates its responses to Paragraphs 1-122 of the Complaint as

4    if fully stated here.

5         124.    West Coast Chain admits the allegations contained in Paragraph 124 of the

6    Complaint.

7         125.    West Coast Chain admits that it sells key chain and retractor products and that it

8    maintains a website accessible at www.keybank.com.  West Coast Chain admits that several of

9    its products are named and depicted on its website.  West Coast Chain denies the remaining

10   allegations contained in Paragraph 125 of the Complaint.

11        126.    West Coast Chain admits the allegations contained in Paragraph 126 of the

12   Complaint.

13        127.    West Coast Chain denies the allegations contained in Paragraph 127 of the

14   Complaint.

15        128.    West Coast Chain admits that its website accessible at www.keybak.com

16   contains the phrase "Copyright © 2008 - KEY-BAK®, Division of WEST COAST CHAIN

17   MFG. CO." West Coast Chain denies the remaining allegations contained in Paragraph 128 of

18   the Complaint.

19        129.    West Coast Chain denies the allegations contained in Paragraph 129 of the

20   Complaint.

21                        **AFFIRMATIVE DEFENSES**

22                     **FIRST AFFIRMATIVE DEFENSE**

23                        **(Failure to State a Claim)**

24        1.    SFT has failed to state a claim upon which relief can be granted.

25                    **SECOND AFFIRMATIVE DEFENSE**

26                         **(Lack of Standing)**

27        2.    SFT lacks standing to prosecute this action.  SFT has suffered no injury, and

28   DEFENDANT WEST COAST CHAIN MFG CO. ANSWER
     CASE NO. 5:09-CV-06083-RS
                                        -8-

SFT has failed to plead any injury to the United States sufficient to confer standing.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Plead With Particularity)

3.     SFT has failed to plead its claims for false patent marking with sufficient particularity.

## FOURTH AFFIRMATIVE DEFENSE

### (Misjoinder of Parties)

4.     SFT's alleged right to relief against each of the Defendants does not arise from the same transaction, occurrence, or series of transactions or occurrences, and the questions of law and fact that will arise in the action are not common to all Defendants.  As a result, there is misjoinder of parties, and the Court should either drop West Coast Chain from this action or sever SFT's claim against West Coast Chain from this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.     Some or all of SFT's claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.     SFT's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     SFT's claims are barred by the doctrine of waiver.


THEREFORE, West Coast Chain requests judgment as follows:

1.     That SFT take nothing by its Complaint;

2.     That the Court determine and declare that West Coast Chain has not committed acts of false patent marking in violation of 35 U.S.C. § 292;

3.     That the Court award West Coast Chain its costs of suit;

4.    That the Court award West Coast Chain its attorneys' fees and litigation expenses pursuant to 35 U.S.C. § 285 or on any other applicable basis; and

5.    That the Court grant such other relief as the Court deems just and proper.

## JURY DEMAND

Defendant West Coast Chain Mfg. Co. hereby demands a trial by jury to decide all issues so triable in this case.


DATED:  March 1, 2010                    Respectfully submitted,

                                         CHRISTIE, PARKER & HALE, LLP


                                         By  */s/ Steven E. Lauridsen*
                                             Richard A. Wallen
                                             Brian K. Brookey
                                             Steven E. Lauridsen

                                         Attorneys for Defendant,
                                         West Coast Chain Mfg. Co.

SEL PAS889982.1-*-03/1/10 5:02 PM

CHRISTIE, PARKER & HALE, LLP

1

2

## CERTIFICATE OF SERVICE

3

4

5

I certify that on February 26, 2010, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **DEFENDANT WEST COAST CHAIN MFG. CO.'S ANSWER** was served on the parties in this action by **E-MAIL** addressed as follows:

6

7

8

**SEE ATTACHED SERVICE LIST**

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

9

10

Executed on February 26, 2010 at Pasadena, California.

11

12

_____
Roxanne Gaines

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

PROOF OF SERVICE
5:09-CV-06083 RS

CHRISTIE, PARKER & HALE, LLP

1

***San Francisco Technology v. Adobe Systems, Inc., et al.***
Case No. 5:09-cv-06083

2

3

Service List

4

| Name | Party |
|---|---|
| Kathryn G. Spelman, Esq.<br>Daniel H. Fingerman, Esq.<br>MOUNT & STOELKER, P.C.<br>kspelman@mount.com<br>dfingerman@mount.com<br>mbikul@mount.com | Attorneys representing  Plaintiff<br><br>*San Francisco Technology, Inc.* |
| Andrew Valentine, Esq.<br>Elizabeth Day, Esq.<br>Alan M. Limbach, Esq.<br>Nickolas Bohl, Esq.<br>DLA PIPER, LLP (US)<br>andrew.valentine@dlapiper.com<br>elizabeth.day@dlapiper.com<br>alan.limbach@dlapiper.com<br>nickolas.bohl@dlapiper.com | Attorneys representing  Defendants:<br><br>*Adobe Systems, Inc.; The Brita Products Compan;<br>and The Evercare Company* |
| Allen A. Arntsen, Esq.<br>Justin E. Gray, Esq.<br>FOLEY & LARDNER, LLP<br>aarntsen@foley.com<br>jegray@foley.com<br><br>Mark Brian Mizrahi<br>BROOKS KUSHMAN, P.C.<br>mmizrahi@brookskushman.com | Attorneys representing  Defendant<br><br>*Delta Faucet Company* |
| Mark B. Garred, Esq.<br>William J. Brucker, Esq.<br>Matthew A. Newboles, Esq.<br>STETINA BRUNDA GARRED & BRUCKER<br>mgarred@stetinalaw.com<br>wbrucker@stetinalaw.com<br>mnewboles@stetinalaw.com | Attorneys representing  Defendant<br><br>*Evans Manufacturing, Inc.* |
| William M. Ragland, Jr., Esq.<br>WOMBLE CARLYLE SANDRIDGE &<br>      RICE, PLLC<br>wragland@wcsr.com | Attorneys representing  Defendant<br><br>*Graphic Packaging International, Inc.* |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

CHRISTIE, PARKER & HALE, LLP

| Name | Party |
|---|---|
| Larry M. Golub, Esq.<br>Vivian I. Orlando, Esq.<br>BARGER & WOLEN, LLP<br>lgolub@bargerwolen.com<br>vorlando@bargerwolen.com<br><br>David A. Davenport (Pro Hac Vice)<br>Brent A. Lorentz (Pro Hac Vice)<br>WINTHROP & WEINSTINE, P.A.<br>ddavenport@winthrop.com<br>blorentz@winthrop.com | Attorneys representing  Defendant<br><br>*Magnum Research, Inc.* |
| Daralyn J. Durie<br>Ryan M. Kent<br>DURIE TANGRI, LLP<br>ddurie@durietangri.com<br>rkent@durietangri.com | Attorneys representing  Defendant<br><br>*Pavestone Company, LP* |
| Jane Louise Froyd, Esq.<br>JONES DAY<br>jfroyd@jonesday.com<br><br>Kenneth R. Adamo, Esq.<br>David M. Maiorana, Esq.<br>Susan M. Gerber, Esq.<br>JONES DAY<br>kradamo@jonesday.com<br>smgerber@jonesday.com<br>dmaiorana@jonesday.com | Attorneys representing  Defendant<br><br>*The Proctor & Gamble Company* |
| John S. Skilton, Esq.<br>Christopher G. Hanewicz, Esq.<br>Michelle M. Umberger, Esq.<br>Autumn N. Nero, Esq.<br>PERKINS COIE, LLP<br>JSkilton@perkinscoie.com<br>CHanewicz@perkinscoie.com<br>MUmberger@perkinscoie.com<br>ANero@perkinscoie.com<br><br>Christopher Kao, Esq.<br>PERKINS COIE, LLP<br>ckao@perkinscoie.com | Attorneys representing  Defendant<br><br>*S.C. Johnson & Son, Inc.* |

- 3 -

CHRISTIE, PARKER & HALE, LLP

| Name | Party |
|---|---|
| Robert E. Camors, Jr, Esq.<br>FOLEY & LARDNER, LLP<br>bobcamors@foley.com<br><br>Kimberly K. Dodd, Esq.<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202-5306<br>(414) 271-2400 (telephone)<br>(414) 297-4900 (facsimile)<br>kdodd@foley.com | Attorneys representing  Defendant<br><br>*Spectrum Brands, Inc.* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -

CHRISTIE, PARKER & HALE, LLP