DURIE TANGRI LLP
DARALYN J. DURIE (Bar No. 169825)
RYAN M. KENT (Bar No. 154913)
217 Leidesdorff Street
San Francisco, CA  94111
Phone:  (415) 362-6666
Fax:      (415) 236-6300
E-mail: ddurie@durietangri.com
            rkent@durietangri.com

STORM LLP
JOHN FISCHER (*pro hac vice* to be submitted)
PAUL V. STORM (*pro hac vice* to be submitted)
ANTHONY MILLER (*pro hac vice* to be submitted)
901 Main Street, Suite 7100
Dallas, TX 75202
Phone:  (214) 347-4700
Fax:      (214) 347-4799
E-mail: jfischer@stormllp.com
            pstorm@stormllp.com
            amiller@stormllp.com

Attorneys for Defendant
PAVESTONE COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO TECHNOLOGY INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, THE BRITA PRODUCTS COMPANY, DELTA FAUCET COMPANY, EVANS MANUFACTURING, INC., THE EVERCARE COMPANY, GRAPHIC PACKAGING INTERNATIONAL INC., MAGNUM RESEARCH INC., PAVESTONE COMPANY LP, THE PROCTOR & GAMBLE COMPANY, S.C. JOHNSON & SON INC., SPECTRUM BRANDS INC., SUPER SWIM CORP., UNILOCK INC., WEST COAST CHAIN MFG. CO.,<br><br>Defendants. | Case No. 5:09-cv-06083<br><br>**PAVESTONE COMPANY, LLC'S NOTICE OF JOINDER AND JOINDER OF DEFENDANT THE PROCTOR AND GAMBLE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)**<br><br>JURY DEMANDED<br><br>Date:  April 8, 2010<br>Time:  1:30 p.m.<br>Judge:  Hon, Richard Seeborg<br>Courtroom:  3, 17th Floor |

PAVESTONE'S NOTICE OF JOINDER AND JOINDER OF DEFENDANT THE PROCTOR AND GAMBLE
COMPANY'S MOTION TO DISMISS - CASE NO. 5:09-cv-06083-RS

PLEASE TAKE NOTICE THAT, Defendant Pavestone Company, LLC ("Pavestone") hereby joins in The Proctor & Gamble Company's ("P&G") Notice of Motion and Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (to be filed concurrently, on March 1, 2010) and the supporting Memorandum of Points and Authorities contained therein.

P&G argues in compelling fashion that San Francisco Technology Inc.'s ("SFTI") complaint should be dismissed because SFTI does not and cannot allege any cognizable injury in fact that would support Article III standing. As Pavestone is similarly situated, for the sake of brevity, Pavestone moves to dismiss SFTI's complaint for all of the same reasons set forth in the P&G Motion to Dismiss Pursuant to Rule 12(b)(1) and provide the Court with any relevant facts vis-à-vis Pavestone as follows:

In this case, Plaintiff SFTI alleges that Pavestone violated the False Marking Statute, 35 U.S.C. § 292, which imposes civil penalties for purposefully deceitful acts of marking "unpatented" articles with the numbers of U.S. patents. With regard to Pavestone's alleged violations, SFTI points to certain brochures for Pavestone's segmental concrete systems that allegedly contain the numbers of expired patents. SFTI claims that these brochures were falsely marked and further alleges, albeit without any supporting facts, that Pavestone purposefully marked these products to deceive the public.

At best, SFTI alleges only a violation of the law because SFTI alleges nothing more. Conspicuously absent from SFTI's voluminous complaint is any allegation that anyone, anywhere has suffered a cognizable injury in fact that would make SFTI's claims justiciable under Article III. Pavestone requests that the Court dismiss the complaint because SFTI does not (and cannot) allege facts that would support SFTI's Article III standing.

Date: March 1, 2010

DURIE TANGRI LLP

By: /s/ Ryan M. Kent
    Ryan M. Kent

Attorney for Defendant
PAVESTONE COMPANY, LLC