Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Attorneys for San Francisco Technology Inc.

United States District Court

Northern District of California, San Francisco Division

| | |
|---|---|
| San Francisco Technology Inc. | Case No. 5:09-cv-06083-RS |
| Plaintiff | **Plaintiff's Opposition to Motions Challenging Sufficiency of the Complaint** |
| vs. | Date:    April 8, 2010 |
| | Time:    1:30 pm |
| Adobe Systems Incorporated, The Brita Products Company, Delta Faucet Company, Evans Manufacturing Inc., The Evercare Company, Graphic Packaging International Inc., Magnum Research Inc., Pavestone Company LP, The Procter & Gamble Company, S.C. Johnson & Son Inc., Spectrum Brands Inc., Super Swim Corp., Unilock Inc., West Coast Chain Mfg. Co. | Room:   Courtroom 3, 17th Floor |
| | Judge:   Richard Seeborg |
| Defendants | |

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

1

## **Table of Contents**

2

Introduction......................................................................................................................1

3

Argument .........................................................................................................................1

4

I. False marking does not trigger the "fraud" pleading standard ....................................1

5

II. Even specificity is required under Rule 9, the complaint meets this standard............3

6

    A. Intent is never required to be pled with particularity......................................4

7

    B. The complaint alleges the marking element with particularity.......................4

8

III. Individual arguments raised.......................................................................................9

9

    A. A product is falsely marked unless it is protected by *all* the listed patents ...............9

10

    B. Marking with an expired patent is false, not informative .............................9

11

    C. Magnum's false marking is "advertising" under § 292 ...............................10

12

        (1) Magnum's declaration is provably mistaken, and therefore unreliable............10

13

        (2) Magnum's advertisements received widespread attention .................10

14

Conclusion .....................................................................................................................12

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

**Introduction**

Plaintiff San Francisco Technology Inc. ("SF Tech") submits this consolidated opposition to the motions filed by several defendants which challenge the sufficiency of the complaint.[1]  These motions are opposed in a single brief because they raise identical issues.

Notably, one identically-situated defendant did not join these motions because it has correctly admitted that SF Tech has adequately pled its claims for false marking: "S. C. Johnson admits that the Complaint alleges a *qui tam* action for false marking under 35 U.S.C. § 292."[2]

Primarily, the moving defendants suggest that claims for false marking under the Patent Act sound in fraud and are therefore held to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  They rely chiefly on an unpublished decision where a District Court assumed that proposition with no analysis.  Courts that have examined and squarely addressed this issue have reached the opposite conclusion.  However, even if Rule 9(b) did apply, SF Tech's complaint contains enough specificity to surpass that standard.

A small number of individual defendants also raise individual issues in their challenges to the sufficiency of the pleadings.  When properly viewed, none of the matters raised supports dismissal.

Accordingly, each motion must be denied.  In the alternative, if the court finds that the complaint is not sufficiently pled, the court must grant leave to amend.

**Argument**

**I. False marking does not trigger the "fraud" pleading standard**

The defendants rely on the semantic similarity between the elements of fraud and false marking, such as "intent to deceive" to suggest that Rule 9(b) requires pleading with particularity.  Although perhaps superficially attractive, this argument fails when examined.

The Supreme Court has held:[3]

> Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.  Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake.  This Court, however, has declined to extend such exceptions to other contexts.

---

[1] Docket Nos. 112 (lead motion), 50, 102, 104, 108, 116, 125, 128, 136
[2] Answer of S.C. Johnson & Son Inc. To Complaint (Docket No. 46) at ¶ 1
[3] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (footnote omitted)

Many torts that include false or deceptive conduct may be pled with the "simplified pleading standard" of Rule 8.[4]  For example, Rule 8 applies to claims for False Advertising and claims for False Designation of Origin.[5]  Similarly, a claim for "deceptive acts or practices in the conduct of any business" need not be pled with particularity because it "extends well beyond common-law fraud to cover a broad range of deceptive practices" and "does not require proof of the same essential elements (such as reliance) as common-law fraud".[6]  Just like these other torts, false marking does not have the same elements as fraud, such as reliance.[7]

The defendants rely on the solitary and unpublished District Court decision of *Juniper Networks v. Shipley* to argue that Rule 9 applies to false marking claims.[8]  The *Juniper Networks* court assumed that false marking sounds in fraud because of the semantic similarities discussed above.  However, it never compared the elements of false marking to the elements of fraud.  For support, it cited cases requiring the Rule 9 standard for claims having a long judicial history of being species of fraud and having similar elements — such as fraud upon the stock market[9] and patent unenforceability for fraud upon the U.S. Patent & Trademark Office.[10]  The *Juniper Networks* court never went beyond the semantic similarity to consider how the elements of false marking compare to the elements of fraud.  Had it done so, it would have reached the same conclusion reached by the court in *Astec v. Power-One* over a year earlier.[11]  In fact, the *Juniper Networks* analysis was so lacking that failed to cite *Astec* (even to distinguish it), when *Astec* is squarely on point.

The *Astec* court did the analysis, comparing false marking to fraud, and determined them to be so different that Rule 8, not Rule 9, should apply.[12]  It found not a single case holding that false marking should be pled with particularity.[13]  The reasoning of *Astec* is persuasive:[14]

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[4] *Swierkiewicz*, 534 U.S. at 513
[5] *Jurin v. Google Inc.*, 2010 U.S. Dist. Lexis 18208 (E.D. Cal 2010)
[6] *See e.g.*, *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. N.Y. 2005)
[7] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009) ("The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public.")
[8] *Juniper Networks v. Shipley*, 2009 U.S. Dist. Lexis 40978 (N.D. Cal. 2009)
[9] *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982 (9th Cir. 2008)
[10] *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 557 F. Supp.2d 490, 493 (D.N.J. 2008)
[11] *Astec America Inc. v. Power-One Inc.*, 2008 U.S. Dist. Lexis 30365 (E.D. Tex. 2008)
[12] *Astec*, 2008 U.S. Dist. Lexis 30365
[13] *Astec*, 2008 U.S. Dist. Lexis 30365, 26
[14] *Astec*, 2008 U.S. Dist. Lexis 30365, 32–33

1  Power-One also moves to dismiss Astec's false marking claim for failing to
2  plead the claim with specificity.  See Fed. R. Civ. P. 9(b).  In the alternative,
   Power-One moves for a more definite statement.  Power-One argues that
3  because a false marking claim requires an allegation of deceptive intent, it is
   similar to an averment of fraud, which must be pled with specificity.
4  However, Power-One provides no case authority for its proposition linking a
   false marking claim to an averment of fraud.  On the other hand, courts have
5  generally interpreted the scope of Rule 9(b) as limited to allegations of fraud
   and mistake.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, 122 S. Ct.
6  992, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies
   to all civil actions, with limited exceptions.  Rule 9(b), for example, provides
7  for greater particularity in all averments of fraud or mistake.  This Court,
   however, has declined to extend such exceptions to other contexts.").
8

9       Finally, the defendants rely on a quote taken out of context from *United States ex rel.*

10 *Scharmer v. Carrollton Mfg. Co.*[15]  The *Scharmer* court did not consider the pleading standard for

11 false marking.  Rather, it granted summary judgment to a defendant who proved that the plaintiff

12 lacked sufficient evidence to prove intent to deceive.  Before deciding to mark the accused product,

13 the defendant in *Scharmer* obtained an opinion of patent counsel that the accused product was

14 covered by the patent.  The defendant relied on that opinion of counsel in good faith, and it was

15 granted summary judgment because the plaintiff lacked evidence to prove that its reliance was not a

16 reasonable basis to believe that the marked product was patented.  After explaining this background,

17 the *Scharmer* court wrote what the defendants gleefully quote in their motions.  Still, the defendants

18 do not even quote the whole sentence, where the court connects these background facts to its

19 conclusion: "The record also reflects that Carrollton's patent counsel had advised the company to

20 utilize the patent marking, which would tend to blunt the contention that the company itself was

21 perpetrating a conscious fraud."[16]  Since the *Scharmer* court never considered or purported to hold

22 that rule 9 should apply to false marking, its decision does not support the defendants' motions.

23 **II. Even specificity is required under Rule 9, the complaint meets this standard**

24      If the court determines that Rule 9 does apply to false marking claims, then it must still deny

25 the motions to dismiss because SF Tech has already pled its claims with sufficient particularity.

26

27

28
___
[15] *United States ex rel. Scharmer v. Carrollton Mfg. Co.*, 377 F. Supp. 218 (N.D. Ohio 1974)
[16] *Scharmer*, 377 F. Supp. at 221

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

**A. Intent is never required to be pled with particularity**

"The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public."[17]  The defendants baldly misread the statute and rules when they argue that SF Tech "fails to allege [their] allegedly fraudulent intent with particularity."[18]  First, the element requires intent to deceive — not fraudulent intent.  Second, Rule 9(b) states: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Thus, SF Tech may allege the defendants' intent to deceive "generally," and its complaint does so.

As Rule 9 permits, the complaint alleges "generally" that each defendant "marks its products with patents to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent.  Accordingly, [each defendant] falsely marked its products with intent to deceive the public."[19]  This is all that Rule 9 requires.

Rule 9 cannot require a plaintiff to plead more facts than it must prove at trial to prevail on a claim.  To prove intent to deceive at trial, SF Tech bears the burden to prove that the defendants had sufficient knowledge to determine that their markings were are false and that they lacked a reasonable basis to believe the markings were true.[20]  The complaint alleges in great detail (as explained further below) how each defendant marked each accused product with expired patents, and there is a great weight of authority this is equivalent to marking an "unpatented article" for purposes of § 292.[21]  SF Tech's complaint specifically alleges that each defendant applied this marking "with knowledge that nothing is protected by an expired patent" because parties are presumed to have knowledge of the law.  Thus, even if Rule 9 did not permit "general" pleading of intent, the specificity standard is met because SF Tech has alleged all the facts that it must prove at trial to benefit from presumptions that entitle it to prevail.

**B. The complaint alleges the marking element with particularity**

The first element of a false marking claim is "marking an unpatented article".[22]  The

---

[17] *Forest Group*, 590 F.3d at 1300

[18] *See e.g.*, Procter & Gamble's motion at 4 (Docket No. 113) (emphasis omitted) and Spectrum's motion at 5–6 (Docket No. 108)

[19] Complaint at ¶¶ 49, 54, 60, 68, 72, 77, 82, 88, 99, 105, 111, 116, 122, 129

[20] *Forest Group*, 590 F.3d at 1300; *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352–1353 (Fed. Cir. 2005)

[21] *See e.g.*, *Pequignot v. Solo Cup Co.*, 540 F. Supp. 2d 649 (E.D. Va. 2008) ("*Pequignot 1*")

[22] *Forest Group*, 590 F.3d at 1300

complaint alleges that each defendant has marked unpatented articles.  Each unpatented article and each marking is identified with particularity.  For example:

- "Adobe falsely marks the Adobe Reader products".  "Adobe Reader contains a screen titled 'About Adobe Reader' which describes the application.  This screen contains a button labeled 'Patents and Legal Notices': [picture omitted].  When a user clicks on the 'Patent and Legal Notices' button the 'About Adobe Reader' screen displays a dialog box titled 'Patents and Legal Notices': [picture omitted].  This marking in the 'About Adobe Reader' screen falsely represents that the Adobe Reader product is 'Protected by' 76 U.S. patents, including U.S. Patents Nos. 4,837,613; 5,050,103; D337,604; and D338,907.[23]

- "Brita makes and sells water filtration products, including pitcher filters and replacement filters for those pitcher products.  Brita's packages for such products are marked 'Patent No. 4,969,996'.  Upon information and belief, U.S. Patent No. 4,969,996 expired no later than 3/1/2009."[24]

- "Delta's advertisement for its Two Handle Widespread Lavatory Faucet products (e.g., models 3530, 3513, 3544) is marked 'US. Pat. 3,645,493, 3,786,995, 4,523,604, 4,562,960, 4,593,430, 4,218,785, 4,577,653, 4,765,365'.  This advertisement has a revision date of '9/16/08', after the expiration of the most recently-expired marked patent."[25]

- "Evans' advertisements for its Original Beverage Wrench, Elliptical Beverage Wrench, Rectangular Beverage Wrench, and Round Beverage Wrench products are marked 'U.S. Utility Patents #4,864,898 #4,949,600'."[26]

- "Evercare makes and sells lint remover products, including Lint Rollers and Lint Roller Adhesive Refills.  The packaging in which these products are sold is marked: 'Zip Strip feature protected under U.S. patents 5,027,465 and 4,905,337.'"[27]

- "Graphic Packaging makes and sells packaging products, including packages used to distribute beverage cans such as its 'Twin Stack®' product.  Twin Stack products are used to package beverages such as Dr Pepper, Diet Dr Pepper, Sunkist, 7 Up, Diet 7 Up, Pepsi, and Caffeine Free Diet Pepsi.  In each such application, the Twin Stack products are differently marked to indicate the kind of products contained within them.  Such Twin Stack products are marked: 'Manufactured under one or more of the following patents: Des 350,480 4,331,289 4,396,143 5,297,725 Other patents pending.'"[28]

---

[23] Complaint at ¶¶ 37–39
[24] Complaint at ¶ 51
[25] Complaint at ¶ 57(a)
[26] Complaint at ¶ 63
[27] Complaint at ¶ 70
[28] Complaint at ¶ 74

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

- "Magnum's advertising on its web site includes patent markings.  For example, the advertisements for Magnum's Desert Eagle '.357/.41/.44 Magnum' products, '.50 Action Express' products, '.440 Cor®Bon' products, and 'Desert Eagle Gas Operated Semi-Automatic Pistol' are marked 'The Desert Eagle Pistol — U.S. Patent — 4,563,937 Magnum Research, Inc. 1986'."[29]

- "Pavestone makes and sells landscaping products.  Pavestone advertises its products on its web site, www.pavestone.com.  Pavestone publishes advertising brochures on its web site.  One such brochure, entitled 'Standard Colors' marks Pavestone's 'Symetry' products as follows: 'Other applicable patents issued and pending. … These Anchor products are protected by U.S. and International patents and pending patent applications.  Symetry™ (U.S. Patent #4,544,305) is a trademark of Symrah Lic. Inc.' This advertisement is dated July 2007.  One such brochure, entitled 'Concrete Pave Stones Symetry™' marks Pavestone's 'Symetry' products as follows: 'Symetry™ (U.S. Patent #4,544,305)'.  This advertisement is dated June 2007."[30]

- "Procter & Gamble makes and sells many kinds of products, including Oral-B toothbrushes, Bounty paper towels, and Puffs tissues.  Certain Oral-B toothbrushes are falsely marked.  Packages containing Oral-B toothbrushes are marked with such patent markings as: 'U.S. Patent Nos. 4,802,255'.  For example, at least the following Oral-B packages are marked in this manner: Oral-B Advantage Plus Value Pack (containing 2 toothbrushes), Oral-B Advantage Plus Value Pack (containing 4 toothbrushes), and Oral-B Indicator With Comfort Grip (containing 1 toothbrush). … Puffs tissue products are falsely marked.   For example, boxes containing 'Puffs Plus Lotion' 2-ply tissues are marked 'MADE UNDER ONE OR MORE OF THE FOLLOWING U.S. PATENTS'; after this introductory language, 27 patents are listed, including U.S. Patents Nos. 5,059,282 and 5,073,235. … Bounty paper towels are falsely marked.  Individual rolls of Bounty MEGA Plus Roll paper towels (which purport to contain 96 two-ply sheets of size 11" by 11") are packaged in plastic wrapping which is marked: 'Made under one or more of the following U.S. Patents…: 4,929,351; 5,073,235'."[31]

- "SC Johnson makes and sells many kinds of products, including shaving products such as Edge shaving gel and Skintimate shaving cream, as well as Ziploc bags.  Labels affixed to canisters of Edge shaving gel are marked with 'U.S. Patent Nos. D379,433; 4,703,875; and 5,858,343.'  Labels affixed to canisters of Skintimate shaving cream are marked with 'U.S. Patents Nos. D379,433; D407,632; 4,703,875; and 5,858,343'. … Ziploc bags are sold in various sizes, in boxes containing various quantities of bags.  Ziploc snack-size bags are sold in boxes marked with 'Protected by U.S. Pats. 5009828….'"[32]

---

[29] Complaint at ¶ 80
[30] Complaint at ¶¶ 84–85(a)
[31] Complaint at ¶¶ 90, 91, 93, 96
[32] Complaint at ¶¶ 101, 102, 104

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

- "Spectrum makes and sells aquarium products such as Marineland Rite-Size Filter Cartridges, and battery products such as Rayovac AA and Rayovac AAA battery products. … The Marineland Rite-Size Filter Cartridges are individually marked 'U.S. Pat. 4,483,769'. … Several Rayovac battery products are marked 'U.S. Patent No.'s: 4,869,928'. For example, at least the following Rayovac packages are so marked: packages containing 24 AAA batteries, model 824-24CTG; packages containing 24 AA batteries, model 815-24CTG; packages containing 8 AA batteries, model 815-8C; and packages containing 2 AA batteries, model 815-2."[33]

- "Super Swim advertises the Super Swim Pro product on its web site, www.superswimpro.com. In its advertisements, Super Swim marks its product as follows: 'US Patent 4-530-497 New Patents Pending'."[34]

- "Unilock makes and sells landscaping products. Unilock advertises its products on its web site, www.unilock.com. Unilock's advertisements on its web site marks Unilock's products as follows: The proprietary products and designs described herein are covered under one or more of the following: US.PAT.4,490,075, US.PAT.4,601,148, DES.280,024, CDN. PAT.1,182,295,CDN.PAT.1,204,296,CDN.PAT.1,210,249, RD/ENR 1987 Risi Stone Ltd./Jagna Limited, US.PAT.4,711,606 SF Concrete Technology Inc., US.PAT.4,128,357, US.PAT.4,583,341, US.PAT.4,834,575, US.PAT.DES.366704, CDN.PAT.DES.66804, US.PAT.DES.341433, US.PAT.5,108,231, F. von Langsdorff Lic. Ltd."[35]

- "West Coast Chain sells key chain and retractor products. West Coast Chain advertises those products on its web site, at www.keybak.com. Several of West Coast Chain's products are named on its web site as '#3 Chrome w/Belt Loop', '#3B The Original KEY-BAK®', '#5 Chrome w/Belt Clip', '#5 Black w/Belt Clip', and '#481TCS-HD'. Upon information and belief, each such product is marked in West Coast Chain's web site advertisements with 'US PAT. 2,732,148'. The pictures of those products in West Coast Chain's advertisements on its web site show those products as being individually marked 'U.S. PAT. 2,732,148'."[36]

The complaint also identifies with particularity how each identified marking is false. The great weight of authority establishes that marking a product with an expired patent is "false" within the meaning of section 292.[37] The complaint identifies each expired patent marked upon each accused product, alleges the date of each patent's expiration, and alleges that each defendant marked the accused products after its patents expired.[38] The complaint also alleges where each accused

---

[33] Complaint at ¶¶ 107, 109,
[34] Complaint at ¶ 114
[35] Complaint at ¶¶ 118–19
[36] Complaint at ¶¶ 124–25
[37] *Pequignot 1*, 540 F. Supp. 2d 649
[38] The complaint contains one error concerning a patent's expiration date. Magnum's accused products are falsely marked with U.S. Patent No. 4,563,937, which expired no later than January 15, 2003 — over three years earlier than the date of February 15, 2006 alleged in the complaint. Thus, Magnum has falsely marked its product for three years longer than alleged in the complaint.

product and each accused advertisement was found. It also specifically alleges that each accused product was found being sold in retail stores long after the expiration of the marked patents. This goes beyond mere labels.[39] These allegations provide the facts that underlie the well-supported conclusion that the products were falsely marked on the ground that they were marked after the expiration of the marked patents.[40]

As the defendants acknowledge, "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based."[41] Information about the exact date of each defendant's marking is uniquely within each defendant's control. SF Tech has specifically pled that the accused advertisements were published after each patent's expiration date and that each accused product was being sold retail long after the expiration of each patent. No plaintiff can know the exact dates of a defendant's marking without discovery. SF Tech made specific factual allegations of the information that could, in principle, be within the knowledge of any plaintiff at the pleading stage. This is all that Rule 9 requires.

The above allegations are as specific as can be pled for the first element of false marking, "marking an unpatented article".[42] Although the *Astec* court held that Rule 9 does not apply, it also determined that the plaintiff's allegations would exceed the Rule 9 standard if it did apply. Astec's allegations were far less specific than SF Tech's allegations:[43]

> Furthermore, assuming that a false marking claim must be pled with particularity, Power-One seeks identification of who falsely marked the products with deceptive intent. Astec has identified in its Complaint that Power-One is the corporate entity responsible for Astec's false marking claim. Greater specificity is not necessary at this early stage of the proceedings.

Thus, SF Tech's allegations that each defendant marked unpatented articles are very specific and exceed the particularity standard of Rule 9.

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[39] *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009)
[40] *Pequignot 1*, 540 F. Supp. 2d 649; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)
[41] *See e.g.*, Graphic Packaging's motion (Docket No. 116) at 22 (quoting *Exergen Corp. v. Wal-Mart Stores Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009)
[42] *Forest Group*, 590 F.3d at 1300
[43] *Astec*, 2008 U.S. Dist. Lexis 30365, 33–34

1

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

## III. Individual arguments raised

### A. A product is falsely marked unless it is protected by *all* the listed patents

Defendant Graphic Packaging acknowledges the allegation that its accused products were marked with four patents and that three of those patents were expired.[44]  On that basis, Graphic Packaging argues that its accused products were not "unpatented".  However, the Federal Circuit expressly disapproved of that reasoning: "When the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of each patent with which the article is marked."[45]  This holding is not *dicta*, as Graphic Packaging suggests, because it was central to the Federal Circuit's holding, and the Federal Circuit discussed its reasoning for that holding for three pages in its opinion.[46]

### B. Marking with an expired patent is false, not informative

Graphic Packaging argues that marking with an expired patent should be permitted because the informative value of the marking outweighs the harm from its falsity.[47]  Courts have been rejecting this argument for over 120 years.  As recently as 2008, this argument was rejected in *Pequignot 1*.[48]  This argument was first addressed in 1889, in *Schwebel v. Bothe*.[49]  The *Schwebel* court concluded that marking with an expired patent is informative only if the text expressly states that the patent has expired — otherwise, the marking is simply false:[50]

> The inhibition against the use of the word "patent" is, in my judgment, aimed at the use of the word in such manner as to import that an article is then and there protected by letters patent.  If not so used as to convey to the public that idea, no offense is committed.  Suppose a manufacturer should brand or stencil on an article the words following: "A patent was heretofore obtained on this machine, but it has expired."  Would it be pretended that the use of the word "patent" in that connection was an offense for which a penalty might be imposed?  I think not.

None of the accused products in this case were marked with text indicating that any of the listed patents were expired.

---

[44] Graphic Packaging's motion (Docket No. 116) at 17–20
[45] *Clontech*, 406 F.3d at 1352
[46] *Clontech*, 406 F.3d at 1355–57 (Section V of the opinion)
[47] Graphic Packaging's motion (Docket No. 116) at page 20, footnote 51
[48] *Pequignot 1*, 540 F. Supp. 2d at 653–54
[49] *Schwebel v. Bothe*, 40 F. 478 (E.D. Mo. 1889)
[50] *Schwebel*, 40 F. at 479

**C. Magnum's false marking is "advertising" under § 292**

The false marking statute applies to:[51]

> Whoever marks upon, or affixes to, or *uses in advertising in connection with any unpatented article*, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public

The complaint alleges against defendant Magnum Research Inc.:[52]

> Magnum advertises its firearm products on its web site, www.magnumresearch.com. Magnum's advertising on its web site includes patent markings. For example, the advertisements for Magnum's Desert Eagle ".357/.41/.44 Magnum" products, ".50 Action Express" products, ".440 Cor®Bon" products, and "Desert Eagle Gas Operated Semi-Automatic Pistol" are marked "The Desert Eagle Pistol — U.S. Patent — 4,563,937 Magnum Research, Inc. 1986".

(1) Magnum's declaration is provably mistaken, and therefore unreliable

Magnum seeks to avoid the conclusion that its advertisements constitute false marking based on a contention that it did not intend them to be advertisements. It relies on the testimony of Todd Seyfert, whose factual assertions are provably mistaken. Mr. Seyfert attaches a document to his declaration and testifies that it "is the only print or online document ... has ever used the '937 patent number."[53] However, SF Tech has found *multiple* documents on Magnum's web site that mark Magnum's products with U.S. Patent No. 4,563,937. Those documents have different contents, different revision dates, and different publication dates.[54] Thus, the factual assertions in Mr. Seyfert's declaration are unreliable.

(2) Magnum's advertisements received widespread attention

Magnum argues that its advertisements do not come within § 292 because it had a subjective intent to limit their distribution to prior customers. This argument raises facts outside the scope of the complaint and cannot be resolved at the pleading stage.

Even if Magnum's argument is considered at the pleading stage, it must be denied. Even if Magnum had a subjective intent to limit the distribution of its advertisements, it failed entirely to do

---

[51] 35 U.S.C. § 292 ¶ 2 (emphasis added)
[52] Complaint at ¶¶ 79–80
[53] Seyfert Declaration at ¶ 9
[54] Fingerman Declaration Exhibits 1–2

Mount & Stoehler, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

so. Whatever Magnum's subjective intent may have been, its conduct caused its advertisements to receive widespread distribution and attention on the Internet. According to Mr. Seyfert's declaration, these documents were the sole written source of information from Magnum available to the public that linked Magnum's expired patent to its accused products. A search in the Google search engine for the keywords "patent Magnum Desert Eagle" on February 1, 2010 yielded over 9,700 results.[55] One of Magnum's advertisements is the #2 search result. Google's search page displays excerpts of each page matching the search, which show that nearly all of the first 99 results discuss Magnum's expired patent and suggest that it covers Magnum's product. Thus, Magnum's false marking in its advertisements has spread far and wide.

Even if Magnum had successfully limited distribution of those documents to prior purchasers, they would still be "advertising" under § 292. The defendants in *Accent Designs v. Jan Jewelry Designs* placed patent markings on their invoices.[56] Those invoices were never posted publicly; rather, the defendants mailed each invoice to individual prior customers. They presented evidence that the invoices were "designed to provide an accounting of costs, *not* to promote a product" and argued that they were therefore not "advertisements" under the statute.[57] The court concluded that this was irrelevant to the false marking question:[58]

> The Defendants' reading of the statute, however, gives a meaning to the phrase "use in advertising" that is arbitrarily narrow, even within the bounds of a strict construction. The act of advertising informs or gives notice to the public. In this case, the public was a specifically targeted class, to wit, the Defendants' customers who were also the Plaintiffs' potential or actual customers. […]
>
> Similarly, the Defendants' invoices bearing the Legend constitute a "use in advertising" within the meaning of § 292. When competing manufacturers share customers, invoices serve the function of advertising by targeting a specific market, trade, or class of customers. This reading of § 292 is consistent with its purpose of protecting not only patentees but also other members of the public who trade in unpatented goods from false representations regarding the status of a product and to prevent false markings from improperly discouraging competition in the marketplace. See 5 D. Chisum, Patents § 20.03[7](1992).

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

---

[55] Fingerman Declaration Exhibit 3
[56] *Accent Designs Inc. v. Jan Jewelry Designs Inc.*, 827 F. Supp. 957 (S.D.N.Y. 1993)
[57] *Accent Designs*, 827 F. Supp. at 969 (emphasis in the original)
[58] *Accent Designs*, 827 F. Supp. at 969

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

1    Similarly, each of Magnum's user manuals "informs or gives notice to the public" about its

2  expired patent even if Magnum had successfully limited their distribution to prior purchasers.[59]

3    Magnum's reliance on the unreported decision *Inventorprise v. Target* is misplaced.[60]  Target

4  was accused of falsely marking a product that it merely purchased and resold through its chain of

5  retail stores.  Target did not manufacture the product, did not place markings on the product, and did

6  not direct anyone to mark the product.  The manufacturer did all those things — not Target.  The

7  manufacturer designed the product's package to hang on a retail rack, with its *front* side facing out, to

8  be seen by prospective purchasers in a retail aisle.  The manufacturer placed the allegedly false

9  marking on the *back* side of the package, which faced the wall of the retail rack and could not be seen

10  by prospective purchasers in a retail aisle.  With these facts, the court held that Target did not

11  "advertise" the product with a marking within the meaning of the false marking statute.

12    There is no valid parallel between Magnum and Target.  Magnum's conduct in this case is far

13  more like traditional advertising activity than even the defendants in *Accent Designs*.  Target merely

14  purchase and resold products that were marked by another, while Magnum posted documents on its

15  web site where any member of the public could view them.  Despite Magnum's self-serving assertion

16  that it intended its user manuals for only a limited audience, it took no steps to limit their distribution.

17  According to Google, at least 9,700 members of the public did view them and wrote about them.

18  Thus, Magnum's motion to dismiss must be denied.

19                                **Conclusion**

20    For the reasons discussed above, the defendants' motions challenging the sufficiency of the

21  complaint must be denied.  In the alternative, if the court finds that the complaint is not sufficiently

22  pled, the court must grant leave to amend.

23  Date: March 18, 2010                    Mount & Stoelker, P.C.,

24                                              /s/ Dan Fingerman
                                            Attorneys for San Francisco Technology Inc.

25

26

27

28  [59] *Accent Designs*, 827 F. Supp. at 969
    [60] *Inventorprise Inc. v. Target Corp.*, 2009 U.S. Dist. Lexis 102852, 2009 WL 3644076 (S.D.N.Y. 2009)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

## Certificate of Service

The undersigned certifies that on March 18, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45.  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

Date: March 18, 2010                    Mount & Stoelker, P.C.,

                                   _____/s/ Dan Fingerman_____
                                   Attorneys for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\FALSE001\Attorney_Notes\Drafts\Opposition to pleading sufficiency motions.doc