Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Attorneys for San Francisco Technology Inc.

United States District Court
Northern District of California, San Francisco Division

| | |
|---|---|
| San Francisco Technology Inc. | Case No. 5:09-cv-06083-RS |
| Plaintiff | **Plaintiff's Opposition to Motions to Sever and Transfer Venue** |
| vs. | Date:     April 8, 2010 |
| Adobe Systems Incorporated, The Brita Products Company, Delta Faucet Company, Evans Manufacturing Inc., The Evercare Company, Graphic Packaging International Inc., Magnum Research Inc., Pavestone Company LP, The Procter & Gamble Company, S.C. Johnson & Son Inc., Spectrum Brands Inc., Super Swim Corp., Unilock Inc., West Coast Chain Mfg. Co. | Time:    1:30 pm<br>Room:  Courtroom 3, 17th Floor<br>Judge:   Richard Seeborg |
| Defendants | |

# Introduction

Plaintiff San Francisco Technology Inc. ("SF Tech") submits this consolidated opposition to the motions filed by several defendants which seek to sever themselves from this action and to transfer venue.[1]

SF Tech appropriately filed this consolidated action against 14 defendants because, consistent with Rule 20(a)(2)(B), "any question of law or fact common to all defendants will arise in the action." Only four defendants have moved to sever, and three have moved to transfer venue. Thus, the remaining ten defendants recognize that it is appropriate and desirable for this case to remain whole. SF Tech and ten defendants reached this conclusion because the common questions predominate over the individual questions in this case. This point is proved by the 27 nearly identical motions (not including these motions to sever) filed by the defendants. Many of the common questions apply to all 14 defendants equally, and a few apply to various subsets of the defendants. Notably, these subsets include all the defendants that seek a transfer of venue — which makes their severance the *least* appropriate of all the defendants. Finally, remedies less drastic than severance exist which can preserve the defendants' interests identified in their motions.

# Argument

## I. Many common questions of law and fact arise in this case

Not including these motions to sever, the defendants have already filed 27 motions. For the most part, those 27 motions raise the same issues of law and fact, use identical arguments, and rely on the same statutory and case law. As set forth in SF Tech's oppositions to those motions, many of those questions have a great weight of authorities giving a persuasive answer, but there is not yet an express, definitive decision by the Federal Circuit or Supreme Court on some of them. Thus, they are "questions" for Rule 20 purposes.

In this case, this court will be called upon the resolve at least the following questions of law and fact:

(1) Whether marking a product with an expired patent is a false marking under 35 U.S.C. § 292

---

[1] Docket Nos. 51, 99, 110, 117 (seeking severance only)

Case No. 5:09-cv-06083-RS                                                                                  Page 1
Plaintiff's Opposition to Motions to Sever and Transfer Venue

(2) Whether a *qui tam* relator who does not compete in the market has standing to bring an action under 35 U.S.C. § 292

(3) Whether false marking is a species of fraud for pleading purposes

(4) Whether 35 U.S.C. § 292 violates the "take care" clause of Article II, § 3 of the U.S. Constitution

(5) Whether it is a false marking to mark a product with multiple patents, some of which protect the product while others do not

(6) Whether a user manual posted on a web site is "advertising" under 35 U.S.C. § 292

(7) Whether the Seventh Amendment guarantees a right to a jury trial to determine the penalty for false marking, or whether the penalty may be assessed by the court

(8) How the penalty for false marking is measured and what factors must be considered to determine the appropriate fine per unit

Six of these common questions apply equally to all the defendants in this case. Question 5 (marking with some expired patents and some unexpired patents) applies to at least five defendants: Adobe, Graphic Packaging, Procter & Gamble, S.C. Johnson, and Spectrum. Graphic Packaging filed one of the motions to sever — yet it has all of the common issues that apply to everyone as well as this common question applying to this subset. This makes Graphic Packaging a particularly inappropriate defendant to sever from this case.

Similarly, Question 6 (advertising) applies to at least two defendants who seek severance, Magnum and Delta — which also makes them particularly inappropriate defendants to sever from this case. In Magnum's motion to dismiss,[2] it argues (incorrectly) that its false marking is not an "advertisement" under 35 U.S.C. § 292 because it is a user manual posted on its web site.[3] Similarly, Delta's advertisements that are identified in the complaint are also user manuals posted on Delta's web site.[4] For the court's convenience, copies of these advertisements are provided as Exhibits 1–2 and 4–8 to the Declaration of Dan Fingerman, filed concurrently with this brief. Accordingly, this common question applies equally to Magnum and to Delta, and it would be particularly inappropriate

---

[2] Docket No. 50
[3] *See* Magnum's motion to dismiss (Docket No. 50) and Complaint at ¶¶ 79–80
[4] *See* Complaint at ¶¶ 56–57

Case No. 5:09-cv-06083-RS Page 2
Plaintiff's Opposition to Motions to Sever and Transfer Venue

to sever these defendants from this case.

**II. The common questions predominate over individual questions**

Rule 20 does not require that the common questions of law and fact predominate over all defendants to the same extent required for class actions, which are covered by a different rule. Rule 20 expressly provides for the situation in this case, where there are some common questions and some individual questions mixed in the same case:[5]

> Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

Thus, the common questions identified above, without more, are sufficient for joinder under Rule 20. Still, these common questions predominate to a significant extent over the individual questions in this case. This predominance of the common questions counsel in favor of keeping this case whole.

At least three of the common questions are threshold questions that must be determined before liability can be addressed — e.g., *qui tam* standing, if false marking is a species of fraud, and if § 292 violates the "take care" clause of the constitution. Then, at least two of the common questions may determine the liability of all or many the defendants — e.g., if marking with expired patents is false, and if a partially false marking triggers § 292. These questions must be determined before any defendant's accused markings can be determined to be false under 35 U.S.C. § 292. Only after those common questions of liability are determined do the individual questions of liability become relevant, such as the individual defendants' intent to deceive. Finally, the remaining common questions must be determined before any individual fines can be addressed — e.g., if the Seventh Amendment guarantees a jury trial on the fine, and what factors must be considered when assessing the fine. Only then do the individual questions concerning the penalty become relevant, such as the number of units sold, the length of time of the false marking, and the marker's sophistication. Most of the individual questions identified by the defendants are in this last category: individual questions that are determined as a last step in assessing a fine, and only after all other common and individual

---

[5] Rule 20(a)(3)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

questions are assessed.

### III. Less drastic remedies exist to preserve the defendants' rights

The moving defendants argue that a jury is likely to be confused by the number of defendants and by the allegations of intent to deceive. However, severance and transfer of venue is a drastic remedy to address that concern. If the defendants truly have that concern, their remedy is to move for a phased trial or bifurcated trials at the appropriate time. Even that may be unnecessary, however, since some defendants may never require a trial — for example, if they are terminated by summary judgment or by settlement. At this stage, the concern for jury confusion is purely hypothetical. Accordingly, the drastic remedy of severance is not appropriate.

### IV. Transfer of venue is inappropriate

It is well settled that "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."[6] "The Supreme Court of the United States has noted that Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[7]

Given the common issues that apply to all the defendants, severing just one, two, or three defendants to transfer them to other Districts is inappropriate under 28 U.S.C. § 1404(a). The Eastern District of Texas has recently decided a motion to sever and transfer venue similar the motions in this case. In *IP Co. v. Oncor Electric Delivery*, one defendant moved to transfer venue while the others did not. That court concluded:[8]

> The recent *In re Volkswagen* decision of the Court of Appeals for the Federal Circuit found that "the existence of multiple suits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice" and that "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent." [*In re Volkswagen of America Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*")

---

[6] *In re Volkswagen of America Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*)
[7] *IP Co. LLC v. Oncor Electric Delivery Co. LLC*, Eastern District of Texas, Case 2:09-cv-00037-DF, at page 1 (quoting and citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). A copy of this decision is provided as Exhibit L to Plaintiff's Request For Judicial Notice.
[8] *IP Co.*, Eastern District of Texas, Case 2:09-cv-00037-DF, at page 8

(citation omitted)]; *see also SIPCO LLC v. Amazon.com, Inc., et al.*, Civil Action No. 2:08-cv-359, Dkt. No. 232 (E.D. Tex. June 4, 2009). Here, only Trilliant moves to transfer. None of the remaining four defendants, Datamatic, Ltd., EKA Systems, Inc., Sensus USA Inc., and Tantalus Systems Corp., have joined in Trilliant's motion to sever and transfer. Trilliant's request to sever and transfer Plaintiff's case against Trilliant would thus generate an additional suit in another district (involving the same patent and thus likely involving many of the same issues), which *In re Volkswagen* indicates would be directly contrary to the purposes of § 1404(a). This factor therefore weighs heavily against transfer.

In this case, the considerations weighing against transferring one or two or three defendants are even greater. The common questions as to all 14 defendants predominate over any individual questions. The particular defendants who have moved to transfer venue have even more questions in common with one another and with subsets of the remaining defendants. The result of transfer would be an excessive waste of public and private judicial resources and a substantial risk of inconsistent judgments on these common questions. Accordingly, the motions to transfer venue should be denied.

### Conclusion

For the foregoing reasons, the defendants' motions to sever and to transfer venue should be denied.

Date: March 18, 2010                    Mount & Stoelker, P.C.,

                                                                   /s/ Dan Fingerman
Attorneys for San Francisco Technology Inc.

Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

**Certificate of Service**

The undersigned certifies that on March 18, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45. The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

Date: March 18, 2010　　　　　　　　　　　Mount & Stoelker, P.C.,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Dan Fingerman
　　　　　　　　　　　　　　　　　　　　Attorneys for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\FALSE001\Attorney_Notes\Drafts\Opposition to sever & venue motions.doc

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

Case No. 5:09-cv-06083-RS　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1
Certificate of Service