Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount & Stoelker, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: kspelman@mount.com, dfingerman@mount.com

Attorneys for San Francisco Technology Inc.

United States District Court
Northern District of California, San Francisco Division

| | |
|---|---|
| San Francisco Technology Inc.<br><br>Plaintiff<br><br>vs.<br><br>Adobe Systems Incorporated, The Brita Products Company, Delta Faucet Company, Evans Manufacturing Inc., The Evercare Company, Graphic Packaging International Inc., Magnum Research Inc., Pavestone Company LP, The Procter & Gamble Company, S.C. Johnson & Son Inc., Spectrum Brands Inc., Super Swim Corp., Unilock Inc., West Coast Chain Mfg. Co.<br><br>Defendants | Case No. 5:09-cv-06083-RS<br><br>**Plaintiff's Opposition to Motions To Stay**<br><br>Date:     April 8, 2010<br>Time:    1:30 pm<br>Room:   Courtroom 3, 17th Floor<br>Judge:   Richard Seeborg |

1  Plaintiff San Francisco Technology Inc. ("SF Tech") submits this consolidated opposition to
2  the motions filed by several defendants which seek a stay of this case.[1] These motions are opposed in
3  a single brief because they raise identical issues.

4  Most of the defendants have already moved to dismiss this case by challenging SF Tech's
5  standing. For the reasons explained in SF Tech's consolidated opposition to those motions, they are
6  doomed to be denied under the great weight of authority. Although it is true that the Federal Circuit
7  will squarely address the standing question for the first time in the appeal of *Stauffer v. Brooks
8  Brothers*, the Federal Circuit has already implicitly blessed *qui tam* standing under the false marking
9  statute in *dicta*.[2] The great weight of authority supports the holdings by the District Courts in
10 *Pequignot v. Solo Cup* and *Harrington v. CIBA Vision Corp.* that *qui tam* plaintiffs do have standing
11 to bring claims for false marking.[3]

12 There is always an appeal pending in one or another Circuit Court that may affect many cases
13 in the District Courts. However, the District Courts do not routinely stop their business of hearing
14 cases. If stays were granted each time such an appeal is pending, no case could ever be tried. When
15 the Federal Circuit announced its decision to rehear *en banc* the appeal in *Egyptian Goddess v.
16 Swisa*,[4] it was widely expected that the court would fundamentally rewrite the law pertaining to
17 design patents. Although some parties requested stays in pending suits for design patent
18 infringement, SF Tech is unaware that any such stay was granted. Similarly, when the Supreme
19 Court granted *certiorari* in *KSR v. Teleflex*,[5] it was widely expected that the court would
20 fundamentally rewrite the law of patent obviousness. In both instances, the District Courts and
21 parties were aware that their work might, at the very least, have to be duplicated at considerable
22 expense after the higher court's ruling. Still, the District Courts continued their business of hearing
23 patent cases.

24 This court should not stay this case while the *Stauffer* and *Pequignot* appeals are pending, in
25 the faint hope that the Federal Circuit will set aside a large body of good law. SF Tech is entitled to

---

[1] Docket Nos. 114 (lead motion) and 100, 104, 106, 118, 124, 134, 135, 142
[2] *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1303–1304 (Fed. Cir. 2009)
[3] *Pequignot v. Solo Cup Co.*, 2009 U.S. Dist. Lexis 26020 (E.D. Va. 2009) ("*Pequignot 2*"); *Harrington v. CIBA Vision Corp.*, Western District of North Carolina, Case 3:08-cv-251-FDW (Request For Judicial Notice Exhibit K at page 8)
[4] *Egyptian Goddess Inc. v. Swisa Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (*en banc*)
[5] *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007)

MOUNT & STOELKER, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

timely relief, without undue delay.  Accordingly, the defendants' motions to stay should be denied.

Date: March 18, 2010                                        Mount & Stoelker, P.C.,

                                                        /s/ Dan Fingerman
                                         Attorneys for San Francisco Technology Inc.

### Certificate of Service

The undersigned certifies that on March 18, 2010, the foregoing document was filed with the Clerk of the U.S. District Court for the Northern District of California, using the court's electronic filing system (ECF), in compliance with Civil L.R. 5-4 and General Order 45.  The ECF system serves a "Notice of Electronic Filing" to all parties and counsel who have appeared in this action, who have consented under Civil L.R. 5-5 and General Order 45 to accept that Notice as service of this document.

Date: March 18, 2010                                        Mount & Stoelker, P.C.,

                                                        /s/ Dan Fingerman
                                         Attorneys for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\FALSE001\Attorney_Notes\Drafts\Opposition to stay motions.doc