ANDREW P. VALENTINE (Bar. No. 162094)
andrew.valentine@dlapiper.com
ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| San Francisco Technology Inc., | Case No. 5:09-cv-06083-RS-HRL |
| Plaintiff, | DEFENDANT ADOBE SYSTEMS INCORPORATED'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 8(A), 9(B) AND 12(B)(6) |
| v. | |
| Adobe Systems Incorporated, | |
| Defendant. | Date: May 26, 2011<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT .................................................................................................................. 2
    A. Legal Standard ................................................................................................... 2
    B. SFTI's Complaint Fails To Meet The Default Plausibility Standard Of Rule 8 ................................................................................................................... 2
    C. SFTI Fails To Satisfy The Particularity Required By Rule 9(b) ............................ 5
        1. SFTI Fails To Plead The Alleged Acts Of Fraud With Sufficient Particularity ..................................................................................... 11
        2. SFTI Fails To Plead Facts To Support His Allegations Of Fraudulent Patent Marking Intent With Sufficient Particularity ............... 11
    D. The Court Should Not Permit SFTI To Amend Again Because It Would Be Futile ................................................................................................................. 13
III. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*,
  No. 8:10-cv-00486-SDM-TGW, 2010 WL 2640137 (M.D. Fla. June 30, 2010) ............... 6, 12

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................................ 2

*Astec Am., Inc. v. Power-One, Inc.*,
  No. 6:07-cv-00464-JDL, 2008 WL 1734833 (E.D. Tex. Apr. 11, 2008) ................................ 6

*Baker v. Bayer*,
  No. 2:10-cv-02271-JPM-tmp, slip op. (W.D. Tenn. Jan. 20, 2011) ........................................ 9

*Baker v. ISTA Pharms., Inc.*,
  No. 2:10-cv-02273-JPM-dkv, slip op. (W.D. Tenn. Nov. 17, 2010) ................................ 10, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... passim

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................................ 7, 8

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ................................................................................................. 13

*Brinkmeier v. BIC Corp.*,
  Nos. 1:09-cv-00860-SLR, 1:10-cv-00001-SLR, 2010 WL 3360568 (D. Del. Aug. 25,
  2010) ...................................................................................................................... 6, 8, 9, 12

*Brinkmeier v. Graco Children's Prods. Inc.*,
  684 F. Supp. 2d 548 (D. Del. 2010) ("*Graco*") ................................................................. 3, 5

*Brown v. Georgia-Pacific Consumer Prods., L.P.*,
  No. 4:10-cv-01005-RWS, 2010 WL 4609393 (E.D. Mo. Nov. 5, 2010) .............................. 10

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
  590 F.3d 806 (9th Cir. 2010) ................................................................................................. 4

*Forest Grp., Inc. v. Bon Tool Co.*,
  590 F.3d 1295 (Fed. Cir. 2009) ............................................................................................. 2

*Heathcote Holdings Corp. v. Crayola LLC*,
  No. 1:10-cv-00342, 2010 WL 5149343 (N.D. Ill. Dec. 10, 2010) ........................................ 10

WEST\223288882.1
- ii -
DEF.'S MOT. TO DISMISS PURSUANT TO RULES
8(A), 9(B) & 12(B)(6)
Case No. 5:09-cv-06083-RS-HRL

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Herengracht Group LLC v. Wm. Wrigley Jr. Co.*,
   No. 1:10-cv-21784-ASG, slip op. (S.D. Fla. Sept. 17, 2010) .................................................. 12

*Herengracht Grp. LLC v. American Tombow, Inc.*,
   No. 2:10-cv-00362-JES-SPC, 2010 WL 5477495 (M.D. Fla. Dec. 30, 2010) ........................ 9

*Hollander v. Etymotic Research, Inc.*,
   No. 2:10-cv-00526-PBT, 2010 WL 2813015 (E.D. Pa. July 14, 2010) .............................. 6, 12

*Hollander v. Ortho-McNeill-Janssen Pharms., Inc.*,
   No. 2:10-cv-00836-RB, 2010 WL 4159265 (E.D. Pa. Oct. 21, 2010) .................................. 10

*In re BP Lubricants USA Inc.*,
   No. 2010-M960 (Fed. Cir.) .............................................................................................. 6, 10

*Inventorprise, Inc. v. Target Corp.*,
   No. 3:09-cv-00380-TJM-DEP, 2009 WL 3644076 (N.D.N.Y. Nov. 2, 2009) ....................... 12

*Josephs v. Federal-Mogul Corp.*,
   No. 2:10-cv-10617-SFC-MJH, 2010 WL 3803779 (E.D. Mich. Sept. 23, 2010) .................... 6

*Juniper Networks v. Shipley,*
   No. 2010-1327 (Fed. Cir. Oral Argument on Feb. 10, 2011) ................................................... 6

*Juniper Networks v. Shipley*,
   No. C 09-0696 SBA, 2009 WL 1381873 (N.D. Cal. May 14, 2009) .............................. 5, 6, 8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .................................................................................................. 7

*McNamara v. Natural Organics, Inc.*,
   No. 1:10-cv-03544, 2010 WL 3521850 (N.D. Ill. Sept. 1, 2010) ........................................... 6

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ............................................................................................. 7, 11

*N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.,*
   No. 1:08-cv-00409-TDS-PTS, 2010 WL 3817349 (M.D.N.C. Sept. 27, 2010) ..................... 10

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) .................................................................................................. 7, 12

*Outdoor Systems, Inc. v. City of Mesa*,
   997 F.2d 604 (9th Cir. 1993) .................................................................................................. 13

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Patent Compliance Grp., Inc. v. Wright Med. Tech., Inc.*,
  No. 3:10-cv-00289-K, 2010 WL 3766724 (N.D. Tex. Sept. 27, 2010) .............................. 3, 5

*Patent Compliance Grp., Inc. v. Wright Med. Tech., Inc.*,
  No. 3:10-cv-00298-K, 2010 WL 5184344 (N.D. Tex. Dec. 16, 2010)..................................... 9

*Patents, LLC v. Superfeet Worldwide, Inc.*,
  No. 1:10-cv-00862-TCB, 2010 WL 4236794 (N.D. Ga. Oct. 19, 2010) ............................. 3, 5

*Pequignot v. Solo Cup Co.*,
  608 F.3d 1356 (Fed. Cir. 2010)............................................................................................... 2

*San Francisco Technology, Inc. v. The Procter & Gamble Co.*,
  Case no. 10-CV-01652.............................................................................................................5

*Shizzle Pop, LLC v. Aviva Sports, Inc.*,
  No. 2:10-cv-02574-RGK-SS, slip op. (C.D. Cal. Aug. 5, 2010) ................................... 3, 6, 10

*Shizzle Pop, LLC. v. Wham-O, Inc.*,
  No. 2:10-cv-03491-PA-FFM, 2010 WL 3063066 (C.D. Cal. Aug. 2, 2010)........................... 6

*Simonian v. Cisco Sys., Inc.*,
  No. 1:10-cv-01306, 2010 WL 2523211 (N.D. Ill. June 17, 2010)........................................... 6

*Simonian v. Edgecraft Corp.*,
  No. 1:10-cv-01263, 2010 WL 3781262 (N.D. Ill. Sept. 20, 2010) ........................... 3, 5, 8, 12

*Simonian v. Global Instruments, Ltd.*, 1:10-cv-01293, slip op. (N.D. Ill. Aug. 26, 2010) ............. 6

*Stauffer v. Brooks Bros., Inc.*,
  619 F.3d 1321 (Fed. Cir. 2010)............................................................................................... 6

*Stewart v. Wachowski*,
  No. CV 03-2873 MMM (VBKx), 2005 WL 6184235, at *10 n.48 (C.D. Cal. June 14,
  2005) ..................................................................................................................................... 13

*Third Party Verification, Inc. v. Signaturelink, Inc.*,
  492 F. Supp. 2d 1314 (M.D. Fla. 2007) ................................................................................. 6

*United States ex rel. Carver v. Factor Nutrition Labs., LLC*,
  No. 4:10-cv-02529, 2010 WL 5071696 (N.D. Cal. Dec. 7, 2010).......................................... 10

*United States ex rel. FLFMC, LLC v. Wm. Bounds, Ltd.*,
  No. 2:10-cv-00420-GLL, 2010 WL 4788554 (W.D. Pa. Nov. 17, 2010).............................. 10

# TABLE OF AUTHORITIES
### (continued)

**Page**

*United States ex rel. Lee v. SmithKline Beecham, Inc.*,
 245 F.3d 1048 (9th Cir. 2001) ............................................................................................ 7, 11

*Western Shoshone Nat'l Council v. Molini*,
 951 F.2d 200 (9th Cir. 1991) .................................................................................................. 13

*Zucco Partners, LLC v. Digimarc Corp.*,
 552 F.3d 981 (9th Cir. 2009) .................................................................................................... 7

**STATUTES**

35 U.S.C. § 292 ............................................................................................................... passim

35 U.S.C. § 292(a) ............................................................................................... 2, 5, 11, 13

35 U.S.C. § 292(b) ...................................................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ................................................................................................................ 2, 3, 4, 5

Fed. R. Civ. P. 8(a) ................................................................................................................ 1, 2, 11

Fed. R. Civ. P. 9(b) ................................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 3, 7

Fed. R. Civ. P. 15(a) .................................................................................................................. 13

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on May 26, 2011 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Judge Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom 3, 17th Floor, Defendant Adobe Systems Incorporated ("Adobe"), by and through its counsel of record, will move the Court pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6) for an Order dismissing Plaintiff San Francisco Technology Inc.'s ("SFTI's") Complaint against Adobe. This Motion is based on the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, such matters as the Court may take judicial notice, and argument and evidence to be presented at the hearing on this Motion. **NOTE: Adobe has coordinated the content and briefing schedule for this motion with The Procter & Gamble Company, defendant in an action also pending before Judge Seeborg, case no. 10-CV-01652, and other defendants severed from this action.**

## RELIEF REQUESTED

Adobe seeks dismissal with prejudice of SFTI's claims pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6). The Court should dismiss SFTI's Complaint (Dkt. No. 1) with prejudice because SFTI fails to plead any actionable false patent marking, nor could it. Even assuming that Adobe actually mismarked the accused products, which Adobe disputes, SFTI failed to plead sufficient facts to support its claims of false patent marking, both under the default standard of Rule 8(a), and under the particularity required by Rule 9(b), which applies to claims of false marking under 35 U.S.C. § 292.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

SFTI brings this *qui tam* action against Adobe for alleged violations of the federal False Marking Statute. *See* 35 U.S.C. § 292 ("Section 292"). SFTI claims that Adobe falsely marked certain software application products and that Adobe's website contains notices for certain Adobe font products contain the numbers of now-expired patents with intent to deceive the public.

The sparse and conclusory allegations in SFTI's Complaint do not pass muster under

either the default pleading standards of Federal Rule of Civil Procedure 8 ("Rule 8"), which require a baseline level of plausibility to survive a motion to dismiss, or the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), which require pleading with particularity and which standard applies in this case because false marking is a fraud-based offense.

## II.  ARGUMENT

### A.  Legal Standard

The two elements of a false marking claim under Section 292 are: (1) marking an "unpatented article" with a mark implying that it is "patented"; and (2) intent to deceive the public. *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). Inaccurate patent markings alone are not sufficient to support a false marking claim; rather, a purpose of deceit is required. 35 U.S.C. § 292(a). It is not enough to show "simply knowledge that a statement is false." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010); *see* 35 U.S.C. § 292(a) (defining requisite intent as "for the purpose of deceiving the public"). Instead, SFTI must show that Adobe consciously desired to bring about the result that the public would be deceived. *Pequignot*, 608 F.3d at 1363 (noting that Supreme Court has explained that a person who causes a particular result is said to act purposefully if he consciously desires that result).

### B.  SFTI's Complaint Fails To Meet The Default Plausibility Standard Of Rule 8.

SFTI's Complaint should be dismissed because it fails to plead a proper complaint under Rule 8. Under the default pleading standards of Rule 8, a false marking claim must set forth more than bare assertions of culpable acts and intent in order to state a claim. FED. R. CIV. P. 8(a); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (where a complaint pleads facts that are merely consistent with a defendant's liability, "it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'") (citation omitted). False marking claims under Section 292 that merely recite the elements without asserting relevant and probative factual

support fail to satisfy Rule 8, and must be dismissed under Rule 12(b)(6) for failure to state a claim. *Brinkmeier v. Graco Children's Prods. Inc.*, 684 F. Supp. 2d 548, 553-54 (D. Del. 2010) ("*Graco*").[1]

In *Graco*, for example, a relator tried to parlay the appearance of expired patent numbers on a defendant's products into an inference of deceptive intent by alleging that:

- the defendant had an Intellectual Property Manager responsible for patent markings;

- because certain patents had expired, the defendant "cannot have any reasonable belief that such products are protected by such patents;"

- the defendant "'knows, or should know' that the products have been falsely marked;" and

- "[u]pon information and belief, [the defendant] marked products . . . with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s]."

*Graco*, 684 F. Supp. 2d at 553 (citations omitted). The court found these allegations insufficient: "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Twombly*." *Id.*

SFTI's allegations are similarly flawed. SFTI alleges, without pleading any facts in support, that Adobe:

- "each time Adobe changes the "About" screen markings, those changes reflect new decisions made by Adobe about how to mark its product, including the false markings." Compl. ¶ 40;

- "Adobe has made many decisions to falsely mark its products after the expirations of U.S. Patents Nos. 4,837,613; 5,050,103; D337,604; and D338,907" *Id.* ¶ 40;

---

[1] *See also Accord Patents, LLC v. Superfeet Worldwide, Inc.*, No. 1:10-cv-00862-TCB, 2010 WL 4236794, at *2 (N.D. Ga. Oct. 19, 2010) (dismissing plaintiff's false marking allegations because they were "wholly conclusory and based upon nothing more than speculation") (Appx.); *Patent Compliance Grp., Inc. v. Wright Med. Tech., Inc.*, No. 3:10-cv-00289-K, 2010 WL 3766724, at *3 (N.D. Tex. Sept. 27, 2010) (dismissing complaint that pled no facts beyond the allegation that expired patent number appeared on defendant's products) (Appx.); *Simonian v. Edgecraft Corp.*, No. 1:10-cv-01263, 2010 WL 3781262, at *3 (N.D. Ill. Sept. 20, 2010) ("It is not reasonable to infer this intent [to deceive the public] from the bare allegation that defendant is a 'sophisticated company,' and the remaining allegations amount to mere 'labels and conclusions' that are insufficient under *Twombly*.") (Appx.); *Shizzle Pop, LLC v. Aviva Sports, Inc.*, No. 2:10-cv-02574-RGK-SS, slip op. (C.D. Cal. Aug. 5, 2010) (dismissing complaint that merely recited elements of false marking under both Rule 8 and Rule 9(b)) (Appx.).

- "Adobe changes the "About" screen markings each time it releases upgrades of the Reader application." *Id.* ¶ 41;

- "each such decision was made on or about the release date of each new version of Acrobat Reader. Adobe changed the "About" screen marking to indicate that it had released a new product (version 9.2.0) on a date between October 2 and October 13, 2009, long after the expirations of U.S. Patents Nos. 4,837,613; 5,050,103; D337,604; and D338,907." *Id.* ¶ 41;

- "Adobe decided to change its patent marking in its Adobe Reader products multiple times on or after the dates that new patents issued. Thus, Adobe decided to change its markings many times after the expirations of U.S. Patents Nos. D337.604 and D338,907; and, each time, Adobe decided to falsely mark its products. Thus, Adobe decided to change its markings many times after the expirations of U.S. Patents Nos. D337.604 and D338,907; and, each time, Adobe decided to falsely mark its products." *Id.* ¶ 42;

- "Adobe made decisions on at least each of the above dates, including in 2002, 2007, and 2009, about the patent marking for its Lucida font products" *Id.* ¶ 44;

- "Adobe made decisions on at least the above dates about the patent marking for its Lucida Math font products." *Id.* ¶ 45;

- "Adobe made decisions on at least the above dates about the patent marking for its Garamond font products." *Id.* ¶ 46;

- "Adobe made decisions on at least the above dates about the patent marking for its Minion Pro font products." *Id.* ¶ 47;

- "Adobe made decisions on at least the above dates about the patent marking for its Utopia font products." *Id.* ¶ 48; and

- "Adobe marks its products with patents to induce the public to believe that each such product is "Protected by" each patent listed and with knowledge that nothing is "Protected by" an expired patent." *Id.* ¶ 49.

Even accepting SFTI's allegations as true—which they obviously are not—they are nonetheless insufficient to state a claim for false marking. SFTI seems to claim that any software products displaying notices or web sites displaying recently-expired patents are falsely marked. *See* Compl. ¶¶ 37-39. SFTI alleges, without any support, that the numbers of expired patents were on Adobe product screen displays in 2009 and that such products were ***marked*** post-expiration. The inference SFTI posits is an impermissible inference that does not pass muster under default pleading standards of Rule 8. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("[C]onclusory allegations of law and unwarranted inferences are

insufficient to defeat a motion to dismiss for failure to state a claim.").

Further, SFTI pleads no specific factual basis to support an assertion that the products in question were falsely marked *when marked*. Indeed, SFTI fails to plead any facts to suggest that the version numbers of certain documents and copyright date bear any relation to Adobe's marking decisions or the patents marked on the products. SFTI pleads no specific factual basis to support its assertion that the products in question were falsely marked *when originally marked*.

With respect to the requisite intent to deceive, SFTI's sole allegation is, in its entirety:

> Upon information and belief, Adobe marks its products with patents to induce the public to believe that each such product is "Protected by" each patent listed and with knowledge that nothing is "Protected by" an expired patent. Accordingly, Adobe falsely marks its products with intent to deceive the public.

Compl. ¶ 49.

Stripped of speculation, legal conclusions, and hyperbole, SFTI's claims are nothing more than the "mere labels and conclusions" that are prohibited by *Twombly* and, as such, fall short of the default pleading requirements of Rule 8. *See Graco*, 684 F. Supp. 2d at 553; *Accord Patents*, 2010 WL 4236794, at *2; *Patent Compliance Grp.*, 2010 WL 3766724, at *3; *Edgecraft*, 2010 WL 3781262, at *3.

### C. SFTI Fails To Satisfy The Particularity Required By Rule 9(b).

SFTI must show not only the act of marking an "unpatented article" as "patented," but that such marking was done with the intent to deceive the public. 35 U.S.C. § 292(a) ("for the purpose of deceiving the public"). As this Court recognized, "[t]he false marking statute [*i.e.*, 35 U.S.C. § 292] is a fraud-based claim, which is subject to the pleading requirements of [Rule] 9(b)." *Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (Appx.[2]).

A large and growing number of courts agree with this Court, and hold that Section 292 claims constitute fraud-based claims that are subject to the heightened pleading requirements of

---

[2] A copy of the unpublished authorities cited herein are included in the Appendix of Authorities filed by The Procter & Gamble Co. in the action titled *San Francisco Technology, Inc. v. The Procter & Gamble Co.*, Case no. 10-CV-01652.

Rule 9(b).[3] FED. R. CIV. P. 9(B); *see Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (remanding to address merits of false marking claims, including consideration of motion to dismiss based on failure to plead with sufficient specificity under Rule 9(b)); *see, e.g.*, *Josephs v. Federal-Mogul Corp.*, No. 2:10-cv-10617-SFC-MJH, 2010 WL 3803779, at *2 (E.D. Mich. Sept. 23, 2010) ("[T]he Federal Circuit indicated that the heightened pleading standard of Rule 9(b) applies to the 'intent to deceive' element of a claim under § 292.") (Appx.); *McNamara v. Natural Organics, Inc.*, No. 1:10-cv-03544, 2010 WL 3521850, at *1 (N.D. Ill. Sept. 1, 2010) (finding Section 292 "a quintessential claim of fraud, with its tightened standard of pleading") (Appx.); *Brinkmeier v. BIC Corp.*, Nos. 1:09-cv-00860-SLR, 1:10-cv-00001-SLR, 2010 WL 3360568, at *8 (D. Del. Aug. 25, 2010) ("*BIC*") (Appx.).

At the recent oral argument in the *Juniper Networks* appeal, Judge Rader confirmed that Rule 9(b) is the proper standard for assessing the sufficiency of false marking pleadings: "We said in the *Stauffer* opinion that this is like fraud and follows Federal Rule of Civil Procedure 9(b) and that requires **great** particularity in your pleadings" *Juniper Networks v. Shipley,* No. 2010-1327 (Fed. Cir. Oral Argument on Feb. 10, 2011) (emphasis in original) (available at http://www.cac .uscourts.govoral-argument-recordings/2010-1327/all at 1:35). The Government agrees. In a mandamus petition brought by BP Lubricants USA Inc. on September 14, 2010 before the Federal Circuit, the United States filed an amicus brief (hereinafter "Brief") supporting *petitioner*, BP Lubricants in that case. *See In re BP Lubricants USA Inc.*, No. 2010-M960 (Fed. Cir.)(Appx.). In the Brief, the United States argued, against its own apparent interest, that Rule

---

[3] Some district courts have held that Rule 9(b) standards do not apply to false marking claims. *See, e.g.*, *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007); *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-00464-JDL, 2008 WL 1734833, at *12 (E.D. Tex. Apr. 11, 2008) (Appx.). These decisions are contrary to the growing trend toward requiring particularity in pleading such claims, as reflected in the above-cited cases and numerous others: *Shizzle Pop v. Aviva Sports, Inc.,* 2:10-cv-02574-RGK-SS, slip op. (C.D. Cal. Nov. 3, 2010) (Appx.); *Simonian v. Global Instruments, Ltd.*, 1:10-cv-01293, slip op. (N.D. Ill. Aug. 26, 2010) (Appx.); *Shizzle Pop, LLC. v. Wham-O, Inc.*, No. 2:10-cv-03491-PA-FFM, 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010) (Appx.); *Hollander v. Etymotic Research, Inc.*, No. 2:10-cv-00526-PBT, 2010 WL 2813015, at *5 (E.D. Pa. July 14, 2010) (Appx.); *Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, No. 8:10-cv-00486-SDM-TGW, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010) (Appx.); *Simonian v. Cisco Sys., Inc.*, No. 1:10-cv-01306, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010) (Appx.).

9(b) should be applied in false marking cases: "The position of the United States is that, consistent with other cases 'sounding in fraud,' False Marking cases should be subject to the pleading requirements of Rule 9(b)." Brief at 2.[4]

A dismissal for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim. FED. R. CIV. P. 9(b), 12(b)(6); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1008 (9th Cir. 2009). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b) requires that a plaintiff set forth the activities underlying alleged frauds, the identity of those involved, and their dates, times, and places. *See United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052-53 (9th Cir. 2001); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[M]ere conclusory allegations of fraud are insufficient."). Essentially, allegations must state "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted). And a party "who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Mere allegations of "suspicious circumstances" do not constitute a sufficient factual basis under Rule 9(b). *Id.*

The Ninth Circuit recognizes that Rule 9(b) serves several important purposes:

> to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (citation omitted).

In *Exergen Corp. v. Wal-Mart Stores, Inc.*, the Federal Circuit provided the standard for properly alleging bad intent in a fraud-based claim in a patent case:

> Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." . . . As the

---

[4] The United States has a significant interest in the interpretation of 35 U.S.C. § 292. *Id.* at 2-3. The United States is itself authorized to bring actions to enforce the provisions of the statute, *id*. at 3, and, in any event, it will receive one half of any recovery received from all false marking claims that are settled or adjudicated under that statute, 35 U.S.C. § 292(b). Yet, the United States has taken the position that the proper standard for pleading should be the standard articulated in Rule 9(b).

> Seventh Circuit has held, the "circumstances" in Rule 9(b) must be set forth with "particularity," *i.e.*, they "must be pleaded in detail"—"[t]his means the who, what, when, where, and how" of the alleged fraud . . . . Based on the foregoing, and following the lead of the Seventh Circuit in fraud cases, we hold that in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.

575 F.3d 1312, 1326-27 (Fed. Cir. 2009) (internal citations omitted). The Federal Circuit elaborated that, "[a]lthough 'knowledge' and 'intent' may be averred generally, [Federal Circuit] precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327 (collecting cases); *see also Edgecraft,* 2010 WL 3781262, at *3 (applying *Exergen* in a false marking case and noting that while intent may be alleged generally, the plaintiff must nonetheless allege sufficient facts to support an inference that defendant acted with requisite intent to deceive). Alleging only that the defendant had "knowledge" does not pass muster under Rule 9(b). *Exergen*, 575 F.3d at 1327-28. To satisfy that rule, pleadings must contain "explicit rather than implied expression of the circumstances constituting fraud;" an allegation of "knowledge," standing alone, is not enough to infer what the accused party subjectively believed. *Id*. Applying this standard, a complaint alleging false patent marking must plead facts sufficient to conclude that "the *single most reasonable* inference able to be drawn from the evidence" is that the accused party acted with the requisite bad intent. *Id.* at 1329 n.5 (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)).

A number of district courts have followed this Court's lead in *Juniper Networks* and dismissed cases for failing to plead false marking with sufficient particularity. The district court's analysis in *BIC*, for example, is particularly instructive. There, the district court dismissed false marking claims under Rule 9(b), without granting leave to amend, because the alleged "purpose of deceiving the public" was not the single most reasonable inference arising from a set of thinly-pled facts. *BIC*, 2010 WL 3360568, at *10. There, much like SFTI in this case, the false marking claimant alleged:

- "upon information and belief, [the accused party] has marked and continues to mark products with expired patents for the purpose of deceiving the public into believing that the products are covered by the patent[,]" (*id*. at *9);

- "[the accused party] knows, or at least should know (by itself or by its representatives): (1) that patents expire; (2) that one or more of the patents marked on the identified products have expired; and (3) that the products identified are not covered by the expired patents[,]" (*id*.);

- "[the accused party] is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents[,]" (*id*. at *10); and

- "[the accused party] knows, or reasonably should know, of the requirements of 35 U.S.C. § 292." (*id*.).

The court held that the plaintiff's broad allegations that the defendant intentionally included expired patents in the patent markings with the intent to deceive the public did not meet the heightened pleading standard of Rule 9(b). *Id.* at *9. In particular, the court found that "it [wa]s not clear from the complaint: (1) which product(s) were allegedly mismarked; (2) for what time; and (3) why any of the cited changes [to the markings] were made." *Id.* It further found that "allegations that [the accused party] is sophisticated and employs experienced counsel do not suggest intent to deceive." *Id.* at *10. Instead, the court concluded that "it appears just as likely on the facts pled that [the accused party] made a marking error. Inconsistency (to the extent the complaint implies such) does not amount to intent to deceive." *Id.*; *see also id.* at *11 (holding that, as to similar allegations against another accused party, "the presence of expired patents on [the other accused party's] products could be a simple oversight").[5]

---

[5] *See also Baker v. Bayer,* No. 2:10-cv-02271-JPM-tmp, slip op. (W.D. Tenn. Jan. 20, 2011) (alleging only that expired numbers appeared on packaging and that defendant was sophisticated was insufficient) (Appx.); *Herengracht Grp. LLC v. American Tombow, Inc.*, No. 2:10-cv-00362-JES-SPC, 2010 WL 5477495 (M.D. Fla. Dec. 30, 2010) ("[T]he Complaint fails to allege that the Tombow Mono Correction Tape Products were marked after the expiration of the patent. The conclusory, generic allegation in Paragraph 10 is insufficient. The Complaint also fails to allege that Tombow knew of the expiration of the patent at the time any of the Tombow Mono Correction Tape Products were marked. Knowing generally that patents expire is not sufficient, … . Without more specific factual allegations of knowledge, there is no good faith basis for plaintiff to allege an intent to deceive the public. The factual allegations in the Complaint about the Tombow Mono Correction Tape Products do not provide a basis for the Court to find a plausible cause of action.") (Appx.); *Patent Compliance Grp., Inc. v. Wright Med. Tech., Inc.*, No. 3:10-cv-00298-K, 2010 WL 5184344 (N.D. Tex. Dec. 16, 2010) ("Every one of the facts pleaded by Patent Compliance Group is evidence that Wright Medical did know or

The United States agrees with these courts. In its brief before the Federal Circuit in *BP Lubricants*, the United States stated, "[t]he conclusory allegations pled in this case, *i.e.*, that a defendant is a 'sophisticated company' which 'knows, or should know' that the patent at issue had expired, are insufficient to satisfy Rule 9(b)'s pleading standard, even under its relaxed standard for pleading intent." Brief at 2; *see also id.* at 16 ("Bare bones allegations that a defendant is a 'sophisticated company' which 'knows, or should know' that the patent at issue had expired . . . are insufficient to satisfy Rule 9(b)'s pleading standard, even under its relaxed standard for pleading intent.").

---

(continued…)

should have known that some of its patents were expired, not that Wright Medical intended to deceive the public by mismarking several of its products. Coupled with the fact that all of Patent Compliance Group's false marking claims are for previously valid, expired patents, these are the types of allegations that are 'merely consistent with' a defendant's liability, stopping short of the line between possibility and plausibility of entitlement to relief.") (Appx.); *Heathcote Holdings Corp. v. Crayola LLC*, No. 1:10-cv-00342, 2010 WL 5149343, at *2 (N.D. Ill. Dec. 10, 2010) ("While plaintiff conclusorily alleges an intent to deceive, the minimal factual support alleged is an insufficient basis for reasonably inferring an intent to deceive and establishing a plausible claim that including the expired patent was for the purpose of deceiving the public.") (Appx.); *United States ex rel. Carver v. Factor Nutrition Labs., LLC*, No. 4:10-cv-02529, 2010 WL 5071696 (N.D. Cal. Dec. 7, 2010) ("[Plaintiff] has failed to plead sufficient facts to support it as required under Rule 9(b). … Plaintiff must offer specific factual allegations to support his claim, not speculation based on argument.") (Appx.); *United States ex rel. FLFMC, LLC v. Wm. Bounds, Ltd.*, No. 2:10-cv-00420-GLL, 2010 WL 4788554, at *5 (W.D. Pa. Nov. 17, 2010) (rejecting conclusory allegations as insufficient and noting that "[t]he length of Bounds's [sic] alleged conduct alone does not show that Bounds intended to deceive the public") (Appx.); *Baker v. ISTA Pharms., Inc.*, No. 2:10-cv-02273-JPM-dkv, slip op. at 6-7 (W.D. Tenn. Nov. 17, 2010) ("While intent and knowledge may be alleged generally, it is Plaintiff's burden to 'supply enough factual matter to suggest an intent to deceive.'") (Appx.); *Brown v. Georgia-Pacific Consumer Prods., L.P.*, No. 4:10-cv-01005-RWS, 2010 WL 4609393, at *3 (E.D. Mo. Nov. 5, 2010) (granting motion to dismiss because "[w]hile a plaintiff may allege upon information and belief, Brown has not 'set forth specific facts upon which the belief is reasonably based.'") (citation omitted) (Appx.); *Shizzle Pop, LLC v. Aviva Sports, Inc.*, No. 2:10-cv-02574-RGK-SS, slip op. at 4 (C.D. Cal. Nov. 3, 2010) ("Here, Plaintiff has lengthened its conclusory statements, but still fails to allege any facts or information that support its 'beliefs'.") (Appx.); *Hollander v. Ortho-McNeill-Janssen Pharms., Inc.*, No. 2:10-cv-00836-RB, 2010 WL 4159265, at *6 (E.D. Pa. Oct. 21, 2010) (finding complaint failed to state a claim with particularity required by Rule 9(b)) (Appx.); *N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*, No. 1:08-cv-00409-TDS-PTS, 2010 WL 3817349, at *10 (M.D.N.C. Sept. 27, 2010) ("The complaint fails to allege any facts demonstrating how it is plausible that such licensees, who are bound by contract, would have marked their product with an intent to deceive.") (Appx.).

SFTI's Complaint should be dismissed because it fails to satisfy Rule 9(b) in two respects: SFTI fails to allege Adobe's allegedly fraudulent *acts* with particularity. SFTI also fails to allege Adobe's allegedly fraudulent *intent* with particularity, *i.e.*, whether the markings were done "for the purpose of deceiving the public." 35 U.S.C. § 292(a).

### 1. SFTI Fails To Plead The Alleged Acts Of Fraud With Sufficient Particularity.

SFTI alleges that the Adobe falsely marked its software application and font products by listing only a few now-expired patents among numerous listed patents, respectively. *See* Compl. ¶¶ 38-42. SFTI's pleadings do not meet the heightened pleading requirements of under Rule 9(b).

The entire basis for SFTI's allegations of false marking is the alleged presence of patents on Adobe's software products displaying notices or web sites "in 2009." *Id.* ¶¶ 37, 45, 48. SFTI's inference that such products initially were *marked* post-expiration is devoid of any facts to support the allegation; SFTI does not allege any facts relating to when such products might have been marked, which could be months, even years, before SFTI allegedly saw them on the notices or web sites.

Just as with Rule 8(a), the inference SFTI alleges is an impermissible inference that does not pass muster under the heightened pleading standards under Rule 9(b). *Lee*, 245 F.3d at 1052-53; *Moore*, 885 F.2d at 540.

### 2. SFTI Fails To Plead Facts To Support His Allegations Of Fraudulent Patent Marking Intent With Sufficient Particularity.

Even if SFTI sufficiently supported its allegations of the *acts* of alleged fraud (and it does not), Rule 9(b) requires SFTI to plead facts sufficient to support its allegations of fraudulent *intent*, *i.e.*, that Adobe acted "for the purpose of deceiving the public." 35 U.S.C. § 292(a). This SFTI has failed to do.

SFTI's false marking claims depend solely on the allegation that Adobe has software products displaying notices or web sites displaying recently-expired patents are falsely marked. Critically absent from SFTI's Complaint are *any* facts from which the Court could infer that Adobe marked those products with the intent to deceive the public.

The entirety of SFTI's intent to deceive allegation is a single paragraph that merely states the conclusion. Compl. ¶ 49. SFTI does not, however, cite a single fact to support the allegation that Adobe had *actual* knowledge that the specific patents-in-suit had expired when the software products displaying notices or web sites were marked. Instead, SFTI merely pleads, with no factual support, that Adobe marked the products after expiration.

Many courts dismiss claims like these, based on such inferences piled on inferences. *BIC*, 2010 WL 3360568, at *10 ("[A]llegations that BIC is sophisticated and employs experienced counsel do not suggest intent to deceive . . . . Here it appears just as likely on the facts pled that BIC made a marking error."); *Hollander*, 2010 WL 2813015, at *6 ("Those allegations do not sufficiently articulate knowledge of falsity or intent to deceive because Defendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that Defendant knew that the patents at issue actually expired.").[6]

Rule 9(b) also does not permit parties to pile improper inferences of intent on top of "suspicious circumstances." *Neubronner*, 6 F.3d at 672. In *Neubronner*, the Ninth Circuit affirmed dismissal of the plaintiff's allegations on "information and belief" under Rule 9(b), where, *inter alia*, the plaintiff alleged only "suspicious circumstances," namely, that the defendant was an investment banker, and that the bank he worked for eventually sank into

---

[6] *See also Inventorprise, Inc. v. Target Corp.*, No. 3:09-cv-00380-TJM-DEP, 2009 WL 3644076, at *6 (N.D.N.Y. Nov. 2, 2009) ("It is mere supposition to conclude that, because Target is a sophisticated corporation, it knew that the Product was not patented and that the patent number printed on back of the package belonged to another item. It is even more speculative to conclude that, because Target supposedly had this knowledge, it offered the Product for sale in the packaging provided by Cedar Fresh with the specific intent to deceive the public.") (footnote omitted) (Appx.); *Advanced Cartridge,* 2010 WL 2640137, at *1 (finding that complaint relying on the allegation that defendant knew or should have known that the patents did not cover the products at issue "utterly fails to 'state with particularity the circumstances constituting the fraud.'") (Appx.); *Herengracht Group LLC v. Wm. Wrigley Jr. Co.*, No. 1:10-cv-21784-ASG, slip op. at 9 (S.D. Fla. Sept. 17, 2010) ("By failing to allege more than simply Wrigley's sophistication and experience and knowledge regarding patents, Herengracht has failed to plead an actual intent to deceive.") (Appx.); *Edgecraft Corp.*, 2010 WL 3781262, at *3 ("It is not reasonable to infer this intent [to deceive the public] from the bare allegation that defendant is a 'sophisticated company,' and the remaining allegations amount to mere 'labels and conclusions' that are insufficient under *Twombly*.") (Appx.); *Baker,* No. 2:10-cv-02273-JPM-dkv, slip op. at 6 ("Plaintiff's conclusory allegations regarding ISTA's sophistication do not meet Rule 9(b)'s heightened pleading standard.") (Appx.).

1 financial trouble. *Id.* The Ninth Circuit held that such "suspicious circumstances" "d[id] not constitute a sufficient factual basis" for the allegations of insider trading at issue in that case. *Id.; see also, e.g.*, *Stewart v. Wachowski*, No. CV 03-2873 MMM (VBKx), 2005 WL 6184235, at *10 n.48 (C.D. Cal. June 14, 2005) ("Allegations based on . . . weak factual inferences do not satisfy Rule 9(b) pleading requirements."). (Appx.)

Here, SFTI's allegations that expired patent numbers appear on products in stores is meaningless with respect to any intent associated with the act of marking. At most, SFTI's complaint amounts to allegations of suspicious circumstances that are insufficient to satisfy its obligation to plead fraudulent intent with particularity. After appropriately discounting the facts that SFTI admits it does not know, SFTI's complaint lacks any facts to support a conclusion that the products in question were marked with any intent, much less "for the purpose of deceiving the public" under 35 U.S.C. § 292(a).

### D. The Court Should Not Permit SFTI To Amend Again Because It Would Be Futile

This Court is not obligated to give SFTI another opportunity to amend. Generally speaking, a party may be permitted to amend his complaint and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed for abuse of discretion. *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).

On appeal, the Ninth Circuit has explained that it often considers bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings in determining whether leave to amend should have been granted. *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). Each of these factors is not given equal weight, however, and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Here, SFTI has taken one opportunity, but has had many months to plead an adequate claim against Adobe, but it has failed to do so. SFTI's Complaint should be dismissed with prejudice.

## III. CONCLUSION

The Court should dismiss SFTI's Complaint with prejudice because SFTI failed to meet its burden of pleading facts that would tend to show that Adobe intended to deceive the public when it marked its Adobe Reader and font products.

Dated: March 14, 2011

DLA PIPER LLP (US)

By /s/ Andrew Valentine
ANDREW P. VALENTINE
ALAN LIMBACH
ERIK R. FUEHRER
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650-833-2001

Attorneys for Defendant,
ADOBE SYSTEMS INCORPORATED